UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CHRISTOPHER A. JONES, | ) | |
| Plaintiff, | ) | 3:10-cv-00162-LRH-VPC |
| vs. | ) | |
| | ) | **ORDER** |
| HOWARD SKOLNIK, *et al.*, | ) | |
| Defendants. | ) | |

This a *pro se* civil rights action filed pursuant to 42 U.S.C. § 1983, by a Nevada state prisoner. By order filed December 28, 2010, the Court dismissed with prejudice several counts of the first amended complaint and allowed other counts to proceed. (ECF No. 15).

On January 20, 2011, the Clerk of Court filed plaintiff's motion for reconsideration, pursuant to Rule 59(e), of the Court's December 28, 2010 order. (ECF No. 20). By order filed February 7, 2011, this Court denied plaintiff's motion for reconsideration on two grounds: (1) untimeliness, and (2) plaintiff's failure to make an adequate showing under 59(e) that this Court's order filed December 28, 2010, should be altered or reversed. (ECF No. 24, at p. 2).

Most recently, on February 16, 2011, plaintiff filed a "motion to challenge errors in order #24." (ECF No. 31). In his motion, plaintiff argues that his Rule 59(e) motion was not untimely. In the order of February 7, 2011, this Court deemed plaintiff's Rule 59(e) motion as filed on January 17, 2011, the date he signed the motion, pursuant to the mailbox rule of *Houston v. Lack*, 487 U.S. 266, 270 (1988). (ECF No. 24, at pp. 1-2). In ruling that the motion was untimely, the Court erred. Under the 2009 amendments to Rule 59(e) of the Federal Rules of Civil Procedure, a "motion to

1 alter or amend a judgment shall be filed no later than 28 days after entry of the judgment."
2 Plaintiff's motion for reconsideration of this Court's December 28, 2010 order, deemed filed on
3 January 17, 2011, was timely, as plaintiff asserts.  However, the alternative basis of denying the
4 motion for reconsideration, plaintiff's failure to make an adequate showing under 59(e), still stands.

5 In his February 16, 2011 motion, plaintiff further argues that this Court's dismissal of Counts
6 2 and 6 of the amended complaint is "inconsistent with Count 2 of 3:07-cv-00474-LRH-VPC."
7 (ECF No. 31, at pp.1-4).  Plaintiff compares the Court's ruling in the instant action to a ruling made
8 in another civil action.  Plaintiff directs this Court to a Report and Recommendation prepared by a
9 Magistrate Judge, filed January 12, 2011, in *Greene v. Neven*, 3:07-cv-00474-LRH-VPC.  (ECF No.
10 89, in *Greene v. Neven*, 3:07-cv-00474-LRH-VPC).  In that Report and Recommendation, the
11 Magistrate Judge made findings that the plaintiff stated a cognizable claim for inadequate conditions
12 of confinement and for supervisory liability.  (*Id.*, at pp. 11-13).  Plaintiff likens the claims in *Greene
13 v. Neven*, 3:07-cv-00474-LRH-VPC to his own Claims 2 and 6 of the amended complaint.  This
14 argument fails.  The order entered in the instant case found that Claims 2 and 6 were not cognizable
15 and not plausible under the United States Supreme Court authority of *Ashcroft v. Iqbal*, 129 S.Ct.
16 1937 (2009); *see* ECF No. 15.  That the Magistrate's Report and Recommendation in another civil
17 action failed to apply *Ashcroft v. Iqbal* to the complaint that was before it is no cause for
18 characterizing this Court's rulings as "inconsistent."  Moreover, the claims asserted in *Greene v.
19 Neven*, 3:07-cv-00474-LRH-VPC are not identical or necessarily similar to the claims asserted in the
20 instant case.  Plaintiff's contention in comparing the two cases and accusing this Court of
21 inconsistent rulings is without merit.  This Court's dismissal of Counts 2 and 6 of the amended
22 complaint is consistent with United States Supreme Court authority, and this Court's decision will
23 stand.  Plaintiff's "motion to challenge errors in order #24" is denied.  *See Ashcroft v. Iqbal*, 129
24 S.Ct. 1937 (2009); *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v.
25 Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999) (a motion under Fed. R. Civ. P. 59(e) "should not be
26 granted, absent highly unusual circumstances, unless the district court is presented with newly
27 discovered evidence, committed clear error, or if there is an intervening change in the controlling
28 law").  This Court will entertain no further motions for reconsideration regarding the dismissal with

prejudice of Claims 2 and 6 of the amended complaint.

Finally, in plaintiff's February 16, 2011 motion, he states that: "The court totally ignored the motion for clarification section of #20." (ECF No. 31, at p. 4). Plaintiff is referring to portion of his January 20, 2011 motion, on page 15, which states: "The plaintiff seeks clarification as to if the exhibits in support of the original complaint (#1) were affixed to the first amended complaint." (ECF No. 20, at p. 15). Plaintiff is advised that, when seeking more than one type of action from the Court, he shall file separate motions for each type of action sought, rather than attaching a request to an unrelated motion, as he did in his January 20, 2011 motion.

On February 18, 2011, plaintiff filed a motion to affix exhibits from original pleading (#1) to amended pleading (#16). (ECF No. 32). This motion appears to duplicate the "request for clarification" plaintiff made in his earlier motion. (ECF No. 20). Plaintiff asks that Exhibits 7-12, 16, 18-21, and 23-26, attached to his original complaint at ECF No. 1, be attached to the amended complaint at ECF No. 16. The record reflects that all exhibits attached to plaintiff's original complaint (ECF No. 1) are attached to the amended complaint (ECF No. 16). In addition, to the extent that plaintiff is requesting that the exhibits attached to his motion at ECF No. 6 be attached to the amended complaint, the Court will so order. To the extent that plaintiff is referring to some other exhibits, he may take up this matter with the Magistrate Judge in further proceedings.

**IT IS THEREFORE ORDERED** that plaintiff's "motion to challenge errors in order #24" (ECF No. 31) is **DENIED. The dismissal with prejudice of Claims 2 and 6 of the amended complaint, as determined in the Court's December 28, 2010 order, remains in effect.**

**IT IS FURTHER ORDERED** that plaintiff's motion to affix exhibits (ECF No. 32) is **GRANTED.** The Clerk of Court **SHALL ATTACH** to the amended complaint (ECF No. 16) the exhibits found at ECF No. 6-2.

Dated this 6th day of April, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE