CHRISTOPHER A. JONES
POB 1989
ELY, NV 89301
PLAINTIFF PRO SE

```
_✓_ FILED        ___ RECEIVED
___ ENTERED      ___ SERVED ON
        COUNSEL/PARTIES OF RECORD

            JUN 29 2011

       CLERK US DISTRICT COURT
         DISTRICT OF NEVADA
BY___                        DEPUTY
```

## U.S. DISTRICT COURT
### DISTRICT OF NEVADA

CHRISTOPHER A. JONES,
    PLAINTIFF, CASE NO. 8:10-CV-00162-LRH-VAC
VS.
HOWARD SKOLNIK, ET AL.,    MOTION TO STRIKE
                            DEFENDANTS

Comes Now, the plaintiff in this matter, proceeding in a pro se capacity, to move this honorable court to strike the defendants' reply to opposition to motion to dismiss at page 6 section D, lines 23 through 29 as new material submitted in a reply, (#53).

This motion is submitted pursuant to LR 7-2(a) and is supported by the following points, authorities and papers on file in this matter.

### Points and Authorities

I. NATURE OF MOTION

A. The defendants presented new material issues and argument to show prejudice as mandated to show a need to sever that they omitted from the initial motion

## II. ARGUMENT

### A. The Defendants presented new material issues and argument to show prejudice as mandated to show a need to sever that they omitted from the initial motion

As argued in opposition to Defendant's Trust and Mason's motion to dismiss arguing in the alternative, misjoinder per FRCP 20 and 21, that severance is necessary, the plaintiff at (#49, pp. 19-20) informs all concerned that the defendants failed to argue or show the prejudice to a substantial right. Citing to Smwnpf Holdings v. Old Colony Ventures, I, Inc., 918 F.Supp. 343 (D. Kan. 1996) for the proposition that a showing of prejudice is a mandatory element.

The plaintiff identifies a deficiency. There is no room allowed under the following binding authorities for the defendants to cure the defect in their reply brief.

Contrary to the defense's creative manipulation at (#53, page 6, LL 20-23) citing in part:

   Plaintiff takes exception with defendants [omitted] discussion addressing the prejudice

-2-

which might occur if the disparate claims ... are permitted to proceed in litigation with the claims pertaining to defendants Trant and Mason. (CO #162 at 18).
Defendants [Answer] Accordingly ...
(Emphasis added)

The Plaintiffs identifying the defect, does not open the door for the defendants to answer accordingly or otherwise according to Ninth Circuit authorities. They failed to make an important showing [and] are stuck with it! The plaintiff simply outlined the dificiency as part of its opposition.

As cited in Ellingson v. Burlington Northern, Inc., 653 F.2d 1327, 1332 (9th Cir. 1981) (an issue advanced only in a reply brief provides the opposing party no opportunity to meet the contention); Von Brimer v. Whirlpool Corp., 536 F.2d 838, 846 (9th Cir. 1976) (new material doesn't belong in a reply brief, and the new material in a reply brief trangresses against the canons of fair forensics); White v. City of Sparks, 341 F. Supp. 2d 1129, 1134 (D. Nev. 2004) (portions of a reply brief on a motion for partial summary judgment are properly stricken where an argument is raised for the first time in a reply brief) and, Department of Educ., State of Hawaii v. Bell, 770 F.2d 1409 (9th Cir. 1985)

(COURT DISREGARDED ARGUMENT RAISED IN REPLY BRIEF FOR THE FIRST TIME, WHICH WAS UNTIMELY)

By the defendants own words, and or acts, they conceed that they omitted the prejudice element from their initial motion arguing for severence / misjoinder.

And, by their own admissions, seek to [ANSWER] to put forth argument to cure said defect.

According to the above authorities, such a belated attempt constitutes [NEW MATERIAL] in a reply brief, and as such, must be stricken pursuant to White, supra.

## III   CONCLUSION

The plaintiffs motion should be granted as supported by the facts, and, the binding authorities cited herein.

Dated this 26th day of June, 2011

CHRISTOPHER A. JONES
POB 1989
ELY, NV. 89301
PLAINTIFF PRO SE

### CERTIFICATE OF SERVICE

A true copy of this motion was mailed 6-26-11 to the following:

RAELENE K. PALMER, DAG
555 E. WASHINGTON AV. #3900
L.V. NV. 89101

-4-