UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER A. JONES ) | |
| ) | |
| Plaintiff, ) | 3:10-cv-00162-LRH-VPC |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF U.S. MAGISTRATE JUDGE** |
| ) | |
| HOWARD SKOLNIK, ET AL. ) | |
| ) | October 20, 2011 |
| Defendants. ) | |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion to dismiss (#39).[1] Plaintiff has opposed (#48) and defendants have replied (#50). The court has thoroughly reviewed the record and the motions and recommends that defendants' motion to dismiss (#39) be denied.

**I. HISTORY & PROCEDURAL BACKGROUND**

Plaintiff Christopher A. Jones ("plaintiff"), a *pro se* inmate, is currently incarcerated at Ely State Prison ("ESP") in the custody of the Nevada Department of Corrections ("NDOC") (#16). Plaintiff filed his original complaint in state court and defendants removed to federal court (#1). Plaintiff brings his amended complaint pursuant to 42 U.S.C. § 1983, alleging a Fourteenth Amendment due process claim, an Eighth Amendment excessive force claim, a First Amendment retaliation claim, and a Fourteenth Amendment due process claim based on false charges (#15). Defendants Yaqub Mustafaa, Taerik Berry, and Kenneth Thackwell ("defendants") bring this motion.

The claims which are the subject of this motion are: (1) Count I - Fourteenth Amendment claim against defendant Mustafaa for refusing plaintiff's request for an inmate witness at plaintiff's disciplinary hearing; (2) Count III - Eighth Amendment excessive force claim against defendant

---

[1] Refers to the court's docket number.

Berry; and (3) Count IV - due process claim against defendants Thackwell and Berry.

In count I, plaintiff alleges that defendant Mustafaa violated his Fourteenth Amendment right to due process when he refused plaintiff's request for an inmate witness at plaintiff's disciplinary hearing (#15, p. 6). In count III, plaintiff alleges that defendant Berry and other officers used excessive force against plaintiff, in violation of the Eighth Amendment. *Id*. at 11-13. In count IV, plaintiff alleges that defendants Thackwell and Berry violated plaintiff's due process rights when they filed false charges against him in order to cover up their own wrongdoing (#16, p. 36).

Defendants move to dismiss and maintain that count I, the excessive force claim in count III and count IV are time-barred by the statute of limitations (#39). Defendants claim that plaintiff exhausted his administrative remedies and had notice of the denials for count I in October 2007, and for counts III and IV in September 2007. *Id*. at 4.

Plaintiff opposes defendants' motion to dismiss and asserts that the statute of limitations "was tolled as to all of the intertwined charges" and "did not accrue until the conviction or sentence [wa]s reversed, expunged, invalidated or impunged by the grant of a writ of habeas corpus" (#48, p. 5) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)).

The court notes that the plaintiff is proceeding *pro se*. "In civil cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

**A.     Discussion**

**1.   Motion to Dismiss**

"A dismissal under Fed.R.Civ.P. 12(b)(6) is essentially a ruling on a question of law.*" North Star Int'l v. Ariz. Corp. Comm.*, 720 F.2d 578, 580 (9th Cir. 1983) (citation omitted). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atlantic Corp.*, 550 U.S. at 556).

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court employs a two-pronged approach. *Id.* First, that the court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 1950. In other words, for the nonmovant to succeed, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Thus, a complaint may be dismissed as a matter of law for "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Smilecare Dental Grp. v. Delta Dental Plan,* 88 F.3d 780, 783 (9th Cir. 1996) (quoting *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir. 1984)).

Under section 1983, a plaintiff must allege that (1) defendants subjected him to the deprivation of a right, privilege, or immunity guaranteed by the U.S. Constitution or federal law, and (2) that the defendants acted under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A *pro se* plaintiff's amended complaint must be construed liberally and can only be dismissed where it appears certain that the plaintiff would not be entitled to relief. *Ortez v. Washington Cnty., State of Or.,* 88 F.3d 804, 807 (9th Cir. 1996). Although allegations of a *pro se* complaint are held to a less stringent standard than formal pleadings drafted by a lawyer, *Haines v. Kerner,* 404 U.S. 519 (1972), sweeping conclusory allegations will not suffice. *Leer v. Murphy,* 844 F.2d 628, 634 (9th Cir.1988).

**2. Exhaustion of Administrative Remedies**

    **a.  Prison Litigation Reform Act**

The Prison Litigation Reform Act of 1996 (the "PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Although once within the discretion of the district court, the exhaustion of administrative remedies is now mandatory. *Booth v. C.O. Churner*, 532 U.S. 731 (2001). Those remedies "need

not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (citing *Booth*, 532 U.S. at 739-40 n.5). Even when the prisoner seeks remedies not available in the administrative proceedings, notably money damages, exhaustion is still required prior to filing suit. *Booth*, 532 U.S. at 741. Recent case law demonstrates that the Supreme Court has strictly construed section 1997e(a). *Id.* at 741 n.6 ("We will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

Plaintiffs must properly exhaust nonjudicial remedies as a precondition to bringing suit. The PLRA requires "proper exhaustion," meaning that the prisoner must use "all steps the agency holds out, and doing so *properly* (so that the agency addresses the merits)." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006); *see, e.g., Jones v. Stewart*, 457 F. Supp. 2d 1131, 1134 (D. Nev. 2006) ("proper exhaustion" consists of fully addressing the grievance on the merits and complying with all critical procedural rules and deadlines). Furthermore, the "language [of section 1997e(a)] clearly contemplates exhaustion prior to the commencement of the action as an indispensable requirement." *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (quoting *Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31 (1st Cir. 2002). Requiring exhaustion prior to filing suit furthers the congressional objectives of the PLRA as set forth in *Porter v. Nussle*, 534 U.S. 516, 524-25. *See id.* at 1200.

Failure to exhaust is treated as a matter in abatement, not going to the merits of the claim, and is properly raised in an unenumerated Rule 12(b) motion. *Wyatt*, 3154 F.3d at 1119. The court may look beyond the pleadings and decide disputed issues of fact without converting the motion into one for summary judgment. *Id.* "[I]f the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Id.* at 1119-20, *as noted in O' Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1059 (9th Cir. 2007).

**b. NDOC Procedures**

A prison's own procedures define the contours of proper exhaustion. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). The NDOC grievance procedure is governed by AR 740 (#39-1, Ex. A-1). Defendants attach to their motion the relevant version of AR 740, which was in effect at the time

4

plaintiff filed his grievance. *Id.* The regulation's listed purpose is "[t]o establish a grievance process that provides an administrative means for the expression of, an prompt and fair resolution of, inmate problems and concerns." *Id.* at 4. In order to exhaust available remedies, AR 740 requires the following: (1) an informal review process; (2) a first level formal grievance appealing the informal grievance decision to the warden; and (3) a second level grievance, which is decided by the Assistant Director of Operations. *Id.* at 13.

Once received, NDOC logs informal grievances into a tracking system. *Id.* at 15. The caseworker assigned to the grievance will provide the inmate with a response within twenty-five days, unless more time is required to conduct further investigation. *Id.* at 16. If the inmate is not satisfied by NDOC's response to his informal grievance, he may appeal the decision within five days by filing a first level grievance. *Id.* at 15-16. NDOC will provide a response within twenty days of receipt of the first level grievance. *Id.* at 15. If the first level grievance does not comply with procedural guidelines, the grievance is returned to the inmate with instructions for proper filing. *Id.* Finally, if the inmate is not satisfied with the first level grievance outcome, he may file a second level grievance, to which the NDOC will respond within twenty days. *Id*. Upon completion of the grievance process, inmates may pursue civil rights litigation in federal court.

**B.      Analysis**

The failure to exhaust administrative remedies as required by § 1997e(a) is an affirmative defense, and defendants bear the burden of raising and proving that the plaintiff has not exhausted. *Jones*, 549 U.S. at 216; *Wyatt v. Terhune*, 315 F.3d 1108, 1117 n. 9 (9th Cir. 2003), *cert denied*, 540 U.S. 810 (2003). Here, defendants submit no authenticated evidence to prove that plaintiff's claims are barred by the statute of limitations. Rather, defendants rely on exhibits attached to plaintiff's complaint and amended complaint in support of their motion to dismiss. These documents are not authenticated (#39). This is the court's fourth case in recent months in which counsel from the Attorney General's office has failed to authenticate evidence submitted in support of a motion for summary judgment or motion to dismiss. *See Sonntag v. Gurries*, No. 3:09-cv-00637-ECR-VPC, 2011 WL 3841044, *1, *3 (D.Nev. Jul 29, 2011). Defendants' failure to abide by the Federal Rules of Evidence and the Federal Rules of Civil Procedure prevents the court from resolving disputes and

5

wastes judicial resources and time. Defendants' counsel is admonished yet again to observe the rules and to authenticate exhibits. Because defendants fail to rely on an authenticated record of plaintiff's grievance history, defendants failed to meet their burden of proving that plaintiff fails to state a claim upon which relief may be granted. The court recommends that the motion to dismiss be denied.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that defendants' motion to dismiss for failure to comply with the statute of limitations (#39) should be **DENIED** without prejudice. The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss (#39) plaintiff's claims be **DENIED** without prejudice.

**DATED**: October 20, 2011.

_____
**UNITED STATES MAGISTRATE JUDGE**