UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHRISTOPHER A. JONES,           )
                                )
            Plaintiff,          )     3:10-cv-00162-LRH-VPC
                                )
       v.                       )     **REPORT AND RECOMMENDATION**
                                )     **OF U.S. MAGISTRATE JUDGE**
HOWARD SKOLNIK, *et al.,*       )
                                )
                                )     November 1, 2011
            Defendants.         )
_____)

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion to dismiss (#44).[1] Plaintiff opposed (#49) and defendants replied (#53). Based on the court's thorough review of the motions and record, it recommends that defendants' motion to dismiss (#44) be granted as to defendant Janet Traut and denied as to defendant Melanie Mason.

### I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Christopher A. Jones ("plaintiff"), a *pro se* inmate, is currently incarcerated at Southern Desert Correctional Center ("SDCC") in the custody of the Nevada Department of Corrections ("NDOC") (#56).[2] Plaintiff filed his original complaint in state court, and defendants removed to federal court (#1). Plaintiff brings his first amended complaint pursuant to 42 U.S.C. § 1983, alleging violations of his First, Fourteenth, and Eighth Amendment rights (#6-1). The court screened the first amended complaint pursuant to 28 U.S.C. § 1915A and allowed certain claims to proceed (#15).[3]

---

[1] Refers to the court's docket number.

[2] Plaintiff was transferred from Ely State Prison to Southern Desert Correctional Center in July 2008 (#56).

[3] The court allowed the following claims to proceed: Count I - Fourteenth Amendment due process claim against defendant Mustafaa; Count III - First Amendment retaliation claim against defendant

1    Defendants Janet Traut and Melanie Mason ("defendants") bring the instant motion to
2 dismiss count V, in which plaintiff alleges that defendants unjustifiably deducted money out of
3 plaintiff's Trust 2 account without due process of law (#44). Defendant Traut is a Deputy Attorney
4 General; therefore, she is not an agent, former officer, employee, or contractor of the NDOC. *Id.* at
5 9. Defendant Mason is an NDOC employee in Inmate Services (#15, p. 10).

6    The facts giving rise to this claim concern the disposition of money plaintiff obtained in
7 *Jones v. Book,* 3:03-cv-00276-HDM-VPC. Plaintiff was awarded costs of $93.33 and nominal
8 damages of $1.00 which were deposited into plaintiff's Trust 2 account (#201 and #251 in
9 3:03-cv-00276-HDM-VPC). Administrative Regulation ("AR") 258.01 governs the "Prisoners'
10 Personal Property Fund" (#44-1, Ex. A-1). Pursuant to the regulation, an inmate's personal property
11 may be divided into any of three accounts: (1) a "Trust Account," (2) a "Trust 2 Account," or (3)
12 a "Savings Account." *Id.* In *Jones v. McDaniel*, this court held that because the legislature did not
13 expressly set forth the placement of monetary settlements and torts claims in a "Trust 2 account,"
14 the placement of such funds in a Trust 2 account is not mandatory. No. 3:08-cv-00537-LRH-VPC,
15 WL 3789276, at *3 (D.Nev. September 22, 2010). However, once funds are deposited in a Trust 2
16 account, AR 258 provides that the funds are not subject to deductions (#44-1, p. 6)*.*

17    Defendant Traut sent a check in the amount of $94.33 to NDOC, in satisfaction of the costs
18 and nominal damages awarded to plaintiff, and ordered defendant Mason to "post the costs against
19 whatever costs have been advanced to the plaintiff for his litigations." (#16, pp. 37-39). Defendant
20 Mason withdrew money from plaintiff's Trust 2 account and posted the funds against costs advanced
21 to plaintiff by the NDOC. *Id.* at 40. Plaintiff objected and asserts AR 258 specifically refers to "[a]ll
22 monies from judgments and tort settlements, including costs" as examples of funds belonging in the
23 Trust 2 account and that funds in the Trust 2 account are exempt from deductions. *Id*. at 38.

---

Schultz; Count III - Eighth Amendment excessive force claim against defendants Berry, Schultz, and Landis; Count IV - Fourteenth Amendment due process claim against Thackwell and Berry; and Count V - Fourteenth Amendment due process claim against defendants Mason and Traut. The court dismissed the following defendants with prejudice: Brian Williams, James G. Cox, Howard Skolnik, E.K. McDaniel, and Shell Zappitini (#15). Plaintiff's amended complaint which was entered after screening is docket number 16 (#16).

1    Plaintiff alleges in his complaint that he first had notice of the alleged taking of his funds
2 when defendant Traut wrote a letter to defendant Mason dated January 11, 2008, directing her to
3 withdraw money from plaintiff's Trust 2 account. *Id*. at pp. 37, 42. Plaintiff wrote letters to
4 defendants Traut and Mason "informing them of the error" on January 15, 2008. *Id.* at 39. Plaintiff
5 concedes that defendant Mason is an NDOC employee and alleges that he exhausted his
6 administrative remedies on March 31, 2008. *Id*. Plaintiff had notice that he exhausted his
7 administrative remedies on April 11, 2008 (#16-1, p. 23). Plaintiff added count V to his civil rights
8 complaint on April 29, 2010 (#6-1).

9    Defendants move to dismiss count V against defendant Traut on the ground that plaintiff's
10 state law property claim is barred by the state statute of limitations (#44, p. 9). Defendants assert
11 that plaintiff had notice of the facts giving rise to count V against defendant Traut on January 15,
12 2008, when he wrote a letter to defendant Traut regarding the deductions from his Trust 2 account.
13 *Id*. Defendants further argue that to the extent a section 1983 due process claim exists, the two-year
14 statute of limitations bars plaintiff's claim against defendant Traut. *Id*. at 8.

15    Defendants move to dismiss count V against defendant Mason on the ground that plaintiff's
16 state law property claim is barred by the state statute of limitations. *Id*. at 9, 10. They argue plaintiff
17 was required to file a state law claim by April 11, 2011, three years after he exhausted his
18 administrative remedies. *Id*. at 10. Defendants further argue that to the extent a section 1983 due
19 process claim exists, the two-year statute of limitations bars plaintiff's claim against defendant
20 Mason. *Id*. at 8.

21    Plaintiff opposes defendants' motion to dismiss and asserts that he was not required to avail
22 himself of state tort claims (#49, p. 4). Plaintiff further claims the statute of limitations for his
23 section 1983 due process claim is tolled pursuant to the "continuing violations doctrine." *Id*. at 8.

24    Defendants maintain that the continuing violations doctrine does not apply to plaintiff
25 because the deduction from his inmate Trust 2 account was one act, and not a series of continuing
26 violations (#53, p. 5).

27 ///

28 ///

## II. DISCUSSION & ANALYSIS

A.  Discussion

### 1. Motion to Dismiss

"A dismissal under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law." *North Star Int'l v. Ariz. Corp. Comm.*, 720 F.2d 578, 580 (9th Cir. 1983) (citation omitted). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain detailed factual allegations, but it must contain more than a "formulaic recitation of the elements of a cause of action." *Id*. at 555. The Rule 8(a) notice pleading standard requires the plaintiff to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Id*. (internal quotations and citation omitted). The "plausibility standard" does not impose a "probability requirement," rather, it requires a complaint to contain "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*.

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court employs a two-pronged approach. *Iqbal*, 129 S.Ct. at 1955. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id*. at 1949. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*. at 1950. In other words, for the nonmovant to succeed, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Thus, a complaint may be dismissed as a matter of law for "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Smilecare Dental Grp. v. Delta Dental Plan*, 88 F.3d 780, 783 (9th Cir. 1996) (quoting *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984)).

Under section 1983, a plaintiff must allege that (1) defendants subjected him to the

1  deprivation of a right, privilege, or immunity guaranteed by the U.S. Constitution or federal law,
2  and (2) that the defendants acted under the color of state law. *West v. Atkins*, 487 U.S. 42, 48
3  (1988); *see also Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).
4        A *pro se* plaintiff's complaint must be construed liberally and can only be dismissed with
5  prejudice where it appears certain that the plaintiff would not be entitled to relief. *Ortez v.*
6  *Washington Cnty., State of Or.*, 88 F.3d 804, 807 (9th Cir. 1996). Although allegations of a *pro*
7  *se* complaint are held to a less stringent standard than formal pleadings drafted by a lawyer,
8  *Haines v. Kerner*, 404 U.S. 519, 596 (1972), sweeping conclusory allegations will not suffice.
9  *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

10  **2. Statute of Limitations**

11        Section 1983 does not provide a statute of limitations. Federal courts apply the forum
12  state's statute of limitations for personal injury claims. *The Comm. Concerning Cmty.*
13  *Improvement v. City of Modesto*, 583 F.3d 690, 701 n. 4 (9th Cir. 2009). In Nevada, the
14  statute of limitations for personal injury claims is two years. Nev. Rev. Stat. § 11.190(4)(e).
15  Under federal law, a cause of action accrues when the plaintiff knows or has reason to know
16  of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir.
17  1996). Pursuant to the Prison Litigation Reform Act ("PLRA"), inmates must exhaust
18  available administrative remedies before filing section 1983 actions in federal court. *See* 42
19  U.S.C. § 1997e.[4]

20  **B. Analysis**

21      **1. Defendant Traut**

22        Plaintiff was not required to first exhaust administrative remedies before filing suit against
23  defendant Traut because defendant Traut is not an "agent, former officer, employee, or contractor
24  of the NDOC" subject to the exhaustion requirements of Nevada Revised Statutes § 41.0322.[5]

---

[4] While an inmate is completing the mandatory exhaustion process, the applicable statute of limitations is tolled. *Wisenbaker v. Farwell*, 341 F.Supp.2d 1160, 1165 (D.Nev. 2004); *see also Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005).

[5] Nevada Revised Statutes § 41.0322 provides that "a person who is or was in the custody of the Department of Corrections may not proceed with any action against the Department, or any of its agents,

1   A claim accrues when the plaintiff knows, or should know, of the injury on which the cause of
2   action is based. *Kimes*, 84 F.3d at 1128. Plaintiff's claim against defendant Traut accrued on
3   January 15, 2008, when plaintiff wrote a letter to defendant Traut regarding the deductions from
4   his inmate Trust 2 account (#44, p. 9). In plaintiff's amended complaint, he alleges that defendant
5   Traut ordered a deduction of money from plaintiff's Trust 2 account in violation of AR 258 (#16,
6   p. 38). To the extent plaintiff asserts a state law personal property claim against defendant Traut,
7   that claim is barred by the three-year state statute of limitations. Pursuant to Nevada Revised
8   Statute § 11.190(3)(c), plaintiff was required to file his state law personal property claim by
9   January 15, 2011, three years after he had notice of the alleged property taking. Nev. Rev. Stat.
10  § 11.190(3)(c); *see also Fodor v. Henderson Police Depr.*, No. 2:10-cv-00127-LDG-PAL, 2010
11  WL 2161810, at *3 (D.Nev. March 30, 2010) (applying a state statute of limitations to a section
12  1983 claim where plaintiff's claim also arose under Nevada law). Plaintiff has not filed a state
13  personal property claim. The court recommends that defendants' motion to dismiss defendant
14  Traut (#44) from count V be granted.

15       To the extent plaintiff alleges a due process claim against defendant Traut, plaintiff is
16  barred by the applicable two-year statute of limitations.[6] Plaintiff was required to bring his
17  section 1983 claim against defendant Traut by January 15, 2010. Plaintiff commenced his claim
18  against defendant Traut on April 29, 2010 (#6-1). Under both the state statute of limitations for
19  personal property claims and under the section 1983 applicable statute of limitations, plaintiff's
20  claim against defendant Traut is barred. Thus, the court recommends defendants' motion to
21  dismiss defendant Traut (#44) be granted on this ground as well.

22       Plaintiff alleges in his opposition that the statute of limitations is tolled pursuant to the
23  continuing violations doctrine (#49, p. 8). Plaintiff further argues that he was not required to file

---

former officers, employees, or contractors to recover compensation for the loss of the person's personal property . . . arising out of a tort pursuant to NRS 41.031 unless the person has exhausted the person's administrative remedies provided by NRS 209.243 and the regulations adopted pursuant thereto." Nev. Rev. Stat. § 41.0322; *see also* 42 U.S.C. § 1997e.

[6] The court must construe plaintiff's complaint liberally. *See Ortez v. Washington Cnty., State of Or.*, 88 F.3d 804, 807 (9th Cir. 1996). Plaintiff alleges in his amended complaint that defendant Traut ordered a deduction from his Trust 2 account without due process of law (#16, p. 37).

6

1  a state law claim because these deductions were instituted by way of a prison policy. *Id*. The
2  "focus of any Rule 12(b)(6) dismissal . . . is the complaint." *Schneider v. California Dept. of*
3  *Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). "In determining the propriety of a Rule
4  12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such
5  as a memorandum in opposition to a defendant's motion to dismiss." *Id*. (emphasis in original).
6  Thus, the court considers only plaintiff's complaint (#16).

**2.  Defendant Mason**

8  Defendants move to dismiss count V against defendant Mason, alleging it is barred by the
9  statute of limitations (#44, pp. 8-9). Defendants maintain that since plaintiff had notice that he
10 exhausted his administrative remedies on April 11, 2008, the statute of limitations began to run
11 on that date. *Id*. at 10. While defendants attach an authenticated version of AR 258 (#44-1, Ex.
12 A-1) to their motion to dismiss, defendants fail to provide the court with authenticated exhibits
13 of plaintiff's grievance history. Rather, defendants rely solely on exhibits attached to plaintiff's
14 amended complaint in support of their motion to dismiss. These documents are not authenticated
15 (#16).

16 This is the court's *sixth* case in recent months in which counsel for the Attorney General's
17 Office has failed to authenticate evidence submitted in support of a motion for summary judgment
18 or motion to dismiss. *See Sonntag v. Gurries*, No. 3:09-cv-00637-ECR-VPC, 2011 WL 3841044,
19 *1, *3 (D.Nev. Jul 29, 2011). Defendants' chronic failure to abide by the Federal Rules of
20 Evidence and the Federal Rules of Civil Procedure prevents the court from resolving disputes and
21 wastes judicial resources and time. This is defendants' counsel's final admonition to observe the
22 rules and to authenticate exhibits upon which they rely. Because defendants fail to rely on an
23 authenticated record of plaintiff's grievance history, defendants failed to meet their burden of
24 proving that plaintiff fails to state a claim upon which relief may be granted. The court
25 recommends that the motion to dismiss defendant Mason (#44) be denied. This is not to say that
26 defendants cannot assert this affirmative defense in connection with a properly supported motion
27 for summary judgment. The court further recommends that the Clerk of Court send this order
28 directly to Attorney General Catherine Cortez Masto.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court recommends that defendants' motion to dismiss count V (#44) against defendant Traut be **GRANTED** and that defendants' motion to dismiss count V (#44) against defendant Mason be **DENIED.** The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss count V (#44) against defendant Traut be **GRANTED** with prejudice**.**

**IT IS FURTHER RECOMMENDED** that count V against defendant Traut be **DISMISSED** with prejudice.

**IT IS FURTHER RECOMMENDED** that defendants' motion to dismiss count V (#44) against defendant Mason be **DENIED** without prejudice.

**IT IS FURTHER RECOMMENDED** that the Clerk of Court send this order directly to Attorney General Catherine Cortez-Masto.

**DATED:** November 1, 2011.

_____
**UNITED STATES MAGISTRATE JUDGE**