UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISTOPHER A. JONES,    ) | |
| ) | |
| Plaintiff,    ) | 3:10-cv-00162-LRH-VPC |
| ) | |
| v.    ) | |
| )   | ORDER |
| HOWARD SKOLNIK, et al.,    ) | |
| ) | |
| Defendants.    ) | |
| ) | |

Before the court is Plaintiff Christopher Jones' ("Jones") objection (#75[1]) to the Magistrate Judge's minute order of October 25, 2011 (#70), denying Plaintiff's motion to strike (#54). Defendants Janet Traut and Melaine Mason filed response to the objection (#82).

Local Rule IB 3-1 authorizes a district judge to reconsider any pretrial matter referred to a magistrate judge pursuant to LR IB 1-3 where it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law. Here, Plaintiff objects to the Magistrate's ruling that his motion to strike material in a reply to a motion to dismiss was procedurally improper because Rule 12(f) authorizes the court to strike material only from "a pleading."

As Plaintiff argues and Defendant concedes, the court's authority to strike documents is not confined to Rule 12(f). The Magistrate Judge's ruling was therefore based on an erroneous

---

[1] Refers to the court's docket entry number.

rationale. Nonetheless, the error is harmless, as the motion to strike is without merit.

Plaintiff moved to strike six lines from Defendants' reply (#54) in support of their motion to dismiss (#44) on the ground that the reply contained new arguments that should have been raised in the motion to dismiss. Defendants argued in their motion that, if Count V against Defendants Traut and Mason were not subject to dismissal on the merits, the court should sever or dismiss the claim and those defendants from the instant suit under Rule 21 due to misjoinder in discordance with Rule 20(a)(2). Misjoinder was present, they argued, because Count V against Traut and Mason did not arise out of the same events and did not involve any question of law or fact common to the other claims against the other defendants. In response, Plaintiff argued that Defendants failed to carry their burden because they failed to put forth any argument to support an avoidance of prejudice, which Plaintiff contended is a mandatory element to support the court's exercise of its discretion to sever a claim or party under Rule 21, citing *Old Colony Ventures I, Inc. v. SMWNPF Holdings, Inc.*, 918 F. Supp. 343 (D. Kan. 1996). In reply, Defendants presented argument to demonstrate prejudice, which Plaintiff moved to strike.

The court finds that Plaintiff's argument is built on the faulty premise that a showing of avoidance of prejudice is a mandatory prerequisite to warrant severance for misjoinder under Rule 21. Where parties are properly subject to permissive joinder under Rule 20(a), a court may nonetheless sever properly joined claims or parties under Rule 21 upon a showing of prejudice. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000). But where joinder is not permitted under Rule 20(a) in the first place, severance under Rule 21 is warranted on the basis of misjoinder alone and without any further showing that severance is necessary to avoid prejudice.

For these reasons, the court rejects Plaintiff's contention that Defendants failed to establish a necessary element in their motion to dismiss and were not permitted to reply to Plaintiff's arguments that Defendants had failed to establish avoidance of prejudice. Plaintiff's motion to strike is therefore without merit and subject to denial, albeit on other grounds than those stated by

the Magistrate Judge.

IT IS THEREFORE ORDERED that Plaintiff's objection (#75) to the Magistrate Judge's order is OVERRULED.

IT IS FURTHER ORDERED that the Magistrate Judge's order (#70) denying Plaintiff's motion to strike is AFFIRMED.

IT IS SO ORDERED.

DATED this 6th day of January, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE