UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER A. JONES, | ) |
| Plaintiff, | ) 3:10-cv-00162-LRH-VPC |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| | ) **OF U.S. MAGISTRATE JUDGE** |
| HOWARD SKOLNIK, *et al.*, | ) |
| Defendants. | ) February 27, 2012 |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion to dismiss (#39).[1] Plaintiff opposed (#48) and defendants replied (#50). Based on the court's thorough review of the motions and record, it recommends that defendants' motion to dismiss (#39) be granted in part and denied in part.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Christopher A. Jones ("plaintiff"), a *pro se* inmate, is currently incarcerated at Southern Desert Correctional Center ("SDCC") in the custody of the Nevada Department of Corrections ("NDOC") (#56). Plaintiff filed his original complaint in state court, and defendants removed to federal court (#1). Plaintiff brings his first amended complaint pursuant to 42 U.S.C. § 1983, alleging a Fourteenth Amendment due process claim, an Eighth Amendment excessive force claim, a First Amendment retaliation claim, and a Fourteenth Amendment due process claim based on false charges (#16). The court screened plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915A and allowed certain claims to proceed (#15).[2] Correctional Sergeant Yaqub Mustafaa, and

---

[1] Refers to the court's docket number.

[2] The court allowed the following claims to proceed: Count I Fourteenth Amendment due process claim against defendant Mustafaa; Count III First Amendment retaliation claim against defendant

Correctional Officers Taerik Berry, and Kenneth Thackwell ("defendants") bring the instant motion (#39).

The claims which are the subject of this motion are: (1) Count I - Fourteenth Amendment claim against defendant Mustafaa for refusing plaintiff's request for an inmate witness at plaintiff's disciplinary hearing; (2) Count III - Eighth Amendment excessive force claim against defendant Berry; and (3) Count IV - due process claim against defendants Thackwell and Berry. *Id*.

In count I, plaintiff alleges that defendant Mustafaa violated his Fourteenth Amendment right to due process when he refused plaintiff's request for an inmate witness at plaintiff's disciplinary hearing (#16, p. 7). NDOC found plaintiff guilty of MJ-2 assault and plaintiff lost three-hundred-and-sixty-five days of statutory good-time credits. *Id*. at 25; 16-3, p. 5. In count III, plaintiff alleges that defendant Berry used excessive force against plaintiff, in violation of the Eighth Amendment (#16, p. 13). In count IV, plaintiff alleges that defendants Thackwell and Berry violated plaintiff's due process rights when they filed false charges against him in order to cover up their own wrongdoing. *Id*. at 36. Plaintiff filed his civil rights complaint on February 4, 2010 (#1-1).

On October 20, 2011, this court issued an order recommending that defendants' motion to dismiss based on the state of limitations be denied on the ground that defendants failed to submit authenticated evidence to prove that plaintiff's claims were time-barred and relied only on exhibits attached to plaintiff's complaint (#67). On October 25, 2011, defendants filed objections to the order (#69).[3] On January 12, 2012, District Judge Larry R. Hicks sustained defendants' partial objections and referred the motion to this court for reconsideration (#97). In its order, the District Court determined that defendants may rely on exhibits attached to plaintiff's amended complaint because "a copy of a written instrument that is an exhibit to a pleading is a part of the pleadings for all

---

Schultz; Count III Eighth Amendment Excessive Force claim against defendants Berry, Schultz, and Landis; Count IV Fourteenth Amendment due process claim against defendants Thackwell and Berry; and Count V Fourteenth Amendment due process claim against defendants Mason and Traut. The court dismissed the following defendants with prejudice: Brian Williams, James G. Cox, Howard Skolnik, E.K. McDaniel, and Shell Zappitini (#15). Plaintiff's amended complaint which was entered after screening is docket number 16 (#16).

[3] Plaintiff filed a response to defendants' objections (#78).

purposes." *Id.*; Fed.R.Civ.P. 10(c). In light of the District Court's order, the court reconsiders whether defendants' motion to dismiss should be granted based on the statute of limitations.

Defendants move to dismiss and maintain that count I, the excessive force claim in count III against defendant Berry, and count IV are time-barred by the statute of limitations (#39). Defendants claim that plaintiff exhausted his administrative remedies and had notice of the denial of his grievance for count I in October 2007, and for counts III and IV in September 2007. *Id.* at 4.[4]

Plaintiff opposes and asserts that the statute of limitations "was tolled as to all of the intertwined charges" and "did not accrue until the conviction or sentence [wa]s reversed, expunged, invalidated or impunged by the grant of a writ of habeas corpus" (#48, p. 5) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). The Seventh Judicial District Court of the State of Nevada granted plaintiff's habeas petition on September 3, 2009, and restored the good-time credits forfeited in plaintiff's prison disciplinary proceeding (#16-5, p. 7).

Defendants reply that plaintiff's three claims are not intertwined and that plaintiff's claims in count III alleging excessive force are independent of his due process claims in counts I and IV (#50, p. 2). Defendants argue that *Heck v. Humphrey* does not apply to toll the statute of limitations in count I because a favorable finding that defendant Mustafaa denied plaintiff's request for a witness would not necessarily imply the invalidity of the judgement obtained at the disciplinary hearing. *Id.* at 4. Defendants state that *Heck* does not apply to toll the statute of limitations in count III because a favorable finding in plaintiff's Eight Amendment claim would not imply the invalidity of the fact or length of his confinement. *Id.* at 3. Lastly, defendants assert that *Heck* does not apply to toll the statute of limitations in count IV because the habeas order did not discuss any alleged due process violations against defendants Berry or Thackwell. *Id.* at 2.

---

[4] Defendants cite to the exhibits to plaintiff's original complaint (#1-1). The court affixed these exhibits to plaintiff's amended complaint in docket 16. The court cites to the exhibits affixed to plaintiff's amended complaint (#16).

3

## II. DISCUSSION & ANALYSIS

**A.   Discussion**

**1.  Motion to Dismiss**

"A dismissal under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law." *North Star Int'l v. Ariz. Corp. Comm.*, 720 F.2d 578, 580 (9th Cir. 1983) (citation omitted). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain detailed factual allegations, but it must contain more than a "formulaic recitation of the elements of a cause of action." *Id*. at 555. The Rule 8(a) notice pleading standard requires the plaintiff to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Id*. (internal quotations and citation omitted). The "plausibility standard" does not impose a "probability requirement," rather, it requires a complaint to contain "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*.

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court employs a two-pronged approach. *Iqbal*, 129 S.Ct. at 1955. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id*. at 1949. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*. at 1950. In other words, for the nonmovant to succeed, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Thus, a complaint may be dismissed as a matter of law for "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Smilecare Dental Grp. v. Delta Dental Plan*, 88 F.3d 780, 783 (9th Cir. 1996) (quoting *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984)).

4

Under section 1983, a plaintiff must allege that (1) defendants subjected him to the deprivation of a right, privilege, or immunity guaranteed by the U.S. Constitution or federal law, and (2) that the defendants acted under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

A *pro se* plaintiff's complaint must be construed liberally and can only be dismissed with prejudice where it appears certain that the plaintiff would not be entitled to relief. *Ortez v. Washington Cnty., State of Or.*, 88 F.3d 804, 807 (9th Cir. 1996). Although allegations of a *pro se* complaint are held to a less stringent standard than formal pleadings drafted by a lawyer, *Haines v. Kerner*, 404 U.S. 519, 596 (1972), sweeping conclusory allegations will not suffice. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

**2. Statute of Limitations**

Section 1983 does not provide a statute of limitations. Federal courts apply the forum state's statute of limitations for personal injury claims. *The Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 701 n. 4 (9th Cir. 2009). In Nevada, the statute of limitations for personal injury claims is two years. Nev. Rev. Stat. § 11.190(4)(e). On the other hand, federal law determines when a cause of action accrues and the statute of limitations begins to run for a section 1983 claim. *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991). Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). Pursuant to the Prison Litigation Reform Act ("PLRA"), inmates must exhaust available administrative remedies before filing section 1983 actions in federal court. *See* 42 U.S.C. § 1997e. While an inmate completes the mandatory exhaustion process, the applicable statute of limitations is tolled. *See Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005); *see also Wisenbaker v. Farwell*, 341 F.Supp.2d 1160, 1165 (D.Nev., 2004).

**B.    Analysis**

1. Count I - Due Process Claim Against Defendant Mustafaa

In count I, plaintiff alleges that defendant Mustafaa violated his due process rights when he

5

refused to call a witness at plaintiff's disciplinary hearing (#16, p. 7). Defendants move to dismiss count I and argue that plaintiff's claim is barred by the state of limitations.

On August 14, 2007, plaintiff submitted grievance 2006-26-41251 regarding the denial of his request to call a witness at his disciplinary hearing (#16-3, p. 28). NDOC denied this grievance and plaintiff submitted a first level grievance on August 1, 2007 (#16-4, pp. 1-7). Plaintiff appealed to the second level on September 24, 2007, and NDOC denied his grievance. *Id.* at 11. Plaintiff received notice of the denial of his second level grievance on October 30, 2007. *Id.* Pursuant to Nevada's two-year statute of limitations, plaintiff was required to bring his claim in count I by October 30, 2009.

Plaintiff argues that the statute of limitations "was tolled as to all of the intertwined charges as a claim challenging the procedural aspects of a prison disciplinary hearing does not exists, is not cognizable under section 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the fact or length of plaintiff's confinement" (#48, p. 4). Accordingly, plaintiff asserts that he was required to file his claim two years from the date his habeas petition was granted on September 3, 2009. *Id.* at 5. The court agrees.

In *Edwards,* the Supreme Court held that prisoner procedural due process claims that necessarily implicate the validity of a prison disciplinary sanction are barred unless and until the disciplinary proceeding is invalidated. *Edwards v. Balisok*, 520 U.S. 641, 646 (1997). In its order, the Seventh Judicial District Court of the State of Nevada found that plaintiff was not afforded due process at his disciplinary hearing "when his request for a witness was denied" (#16-5, p. 8). As a result of this finding, the court restored the statutory good-time credits forfeited as a result of the disciplinary hearing. *Id.* at 9.

If plaintiff were successful in a section 1983 claim challenging his disciplinary proceeding based on due process violations, expungement of the disciplinary sanction would necessarily affect the duration of his confinement through reinstatement of his good-time credits. In *Heck*, the court gave a concrete example of "a § 1983 action that does not seek damages directly attributable to conviction or confinement but whose successful prosecution would necessarily imply that the

6

plaintiff's criminal conviction was wrongful." *Heck*, 512 U.S. at 486, n.6.  Accordingly, a claim seeking damages for using the wrong procedure during a disciplinary hearing could still be subject to the limitation announced in *Heck*.  Here, plaintiff alleges that defendant Mustafaa denied him the opportunity to call an identified witness at a hearing which resulted in a loss of plaintiff's good-time credits.  As the court held in *Edwards*, "this is an obvious procedural defect, and state and federal courts have reinstated good-time credits (absent a new hearing) when it is established. *Edwards*, 520 U.S. at 647.

Thus, the claim at issue did not accrue, and the statute of limitations did not start running, until the court entered judgment in plaintiff's habeas petition on September 3, 2009 (#16-5, p. 7). Pursuant to Nevada's two-year statute of limitations, plaintiff was required to file his civil rights lawsuit based on an alleged due process violation by September 3, 2011.  Plaintiff filed his lawsuit on February 4, 2010, well within the two-year statute of limitations (#1-2).  The court therefore concludes that count I is not barred by the statute of limitations and defendants' motion to dismiss this claim should be denied.

2. Count III - Excessive Force Claim Against Defendant Berry

In count III, plaintiff claims that defendant Berry violated his Eighth Amendment right when he used excessive force against plaintiff (#16, p. 33).  Defendants move to dismiss count III and argue it is barred by the statute of limitations (#39).  Plaintiff argues that the statute of limitations was tolled pursuant to *Heck v. Humphrey* (#48, p. 4).  Defendants reply that plaintiff should have filed his complaint in count III by September 2009 and that "a favorable finding for plaintiff that unnecessary force was used against him . . . would not imply the invalidity of the fact or length of plaintiff's confinement" (#50, p. 3).  The court agrees with defendants.

On June 11, 2007, plaintiff filed informal grievance 2006-26-22347 and grieved an incident of "excessive use of force" (#16-1, p. 2).[5]  NDOC denied plaintiff's informal level grievance on July 10, 2007.  *Id*.  On July 17, 2007, plaintiff filed first level grievance 2006-26-22347, which NDOC

---

[5] Plaintiff also filed grievance 2006-26-41215 regarding his claim of excessive force; however, he first exhausted his administrative remedies in grievance 2006-26-22347.

7

denied on July 27, 2007. *Id.* at 4. On August 2, 2007, plaintiff filed second level grievance 2006-26-22347, which NDOC denied on September 11, 2007. Plaintiff received notice of the denial of his second level grievance on September 24, 2007. *Id.* at 7. Pursuant to Nevada's two-year statute of limitations, plaintiff was required to file his claim regarding count III by September 24, 2009.[6]

NDOC found plaintiff guilty of MJ-2 assault at his disciplinary hearing (#16-3, p. 6). The *Heck* doctrine did not preclude plaintiff's § 1983 action based on excessive force because a successful excessive force claim would not necessarily call into question plaintiff's disciplinary finding of guilty and his resulting loss of good-time credits. As the court held in *Sanford v. Motts*, it is possible to find that an officer used excessive force, and not call into question the validity of a guilty finding. *See Sanford v. Motts*, 258 F.3d 1117, 1119-20 (9th Cir. 2001). Plaintiff's loss of statutory good-time credits is not automatically invalidated by a showing that defendants used excessive force against plaintiff.[7]

Plaintiff's claim accrued when he exhausted his administrative remedies on September 24, 2007, and plaintiff was required to file his civil rights claim by September 24, 2009. Accordingly, the court recommends defendants' motion to dismiss count III based on the statute of limitations be granted and that count III be dismissed with prejudice.

### 3. Count IV - Due Process Claim Against Defendants Thackwell and Berry

In count IV, plaintiff alleges that defendants Berry and Thackwell violated his due process rights when they brought fraudulent charges against him (#16, p. 36). On June 11, 2007, plaintiff filed informal grievance 2006-26-22347 and claimed that SDCC staff filed false disciplinary charges against him (#16-1, p. 2). NDOC denied plaintiff's informal level grievance on July 10, 2007. *Id*. On July 17, 2007, plaintiff filed first level grievance 2006-26-22347, which NDOC

---

[6] Both parties refer to February 4, 2010 as the date plaintiff filed his action. Pursuant to the "prison mailbox rule," federal courts deem the filing date of a document as the date that it was given to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988). Plaintiff filed his complaint on December 1, 2009. However, even if the date of filing his complaint was December 1, 2009, plaintiff would still be barred by the statute of limitations.

[7] For example, it is possible that defendants used excessive force and that plaintiff assaulted them. Thus, a finding of excessive force would not necessarily call into question plaintiff's loss of statutory good-time credits.

denied on July 27, 2007. *Id.* at 4. On August 2, 2007, plaintiff filed second level grievance 2006-26-22347, which NDOC denied on September 11, 2007. Plaintiff received notice of the denial of his second level grievance on September 24, 2007. *Id.* at 7. Pursuant to Nevada's two-year statute of limitations, plaintiff was required to file his claim regarding count IV by September 24, 2009.

a. Defendant Thackwell

Plaintiff alleges that he was denied due process when defendant Thackwell filed fraudulent charges against him. However, plaintiff does not allege that he lost good-time credits as a result of the allegedly false charges. Plaintiff states in his complaint that the "fraudulent charges of [correctional officer] Thackwell . . . were dismissed as duplicate" (#16, p. 36).[8] Plaintiff's claim against defendant Thackwell does not imply the invalidity of the disciplinary hearing and affect plaintiff's length of confinement because even if defendant Thackwell brought false charges against plaintiff, the hearing officer dismissed the charges. Thus, the *Heck* bar would not have applied to bar this claim. Accordingly, plaintiff was required to file his claim against defendant Thackwell by September 24, 2009, two years from the exhaustion of his administrative remedies. Because plaintiff failed to file his civil rights claim by this date, it is barred by the statute of limitations and defendants' motion to dismiss this claim against defendant Thackwell should be granted. Count IV against defendant Thackwell should be dismissed with prejudice.

b. Defendant Berry

Plaintiff alleges that defendant Berry filed fraudulent charges against plaintiff, which were not dismissed, and resulted in a loss of three-hundred-and-sixty-five days of good-time credits (#16, pp. 22, 36). If plaintiff were successful in a due process claim based on fraudulent charges, he would call into question his disciplinary hearing and the forfeiture of his good-time credits, thereby affecting his length of confinement. *See Edwards*, 520 U.S. at 646; *see also Kemp v. Skolnik*, 2012 WL 366946, at *3 (D. Nev., February 3, 2012) (holding that a due process claim which resulted in a loss of good-time credits implied the invalidity of the deprivation of sentence credits, thereby

---

[8] Plaintiff also states in his opposition that "defendant Mustafaa dismissed all charges, except for the MJ-2 written by defendant Berry (#48, p. 2).

9

challenging the duration of plaintiff's confinement).

Pursuant to the *Heck* doctrine, the statute of limitations did not run until the Nevada District Court granted plaintiff's habeas petition on September 3, 2009 (#16-5, p. 7). According to Nevada's two-year statute of limitations, plaintiff was required to file his civil rights lawsuit based on an alleged violation of due process by September 3, 2011. Plaintiff filed his lawsuit on February 4, 2010, well within the two-year statute of limitations (#1-2). The court therefore concludes that this claim in count IV is not barred by the statute of limitations and defendants' motion to dismiss this claim should be denied.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court recommends that defendants' motion to dismiss (#39) be granted in part and denied in part. Defendants' motion to dismiss count III against defendant Berry and count IV against defendant Thackwell should be granted, and these claims should be dismissed with prejudice. Defendants' motion to dismiss count I and count IV against defendant Berry should be denied. The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss (#39) be granted in part and denied in part as follows:

(1) Defendants' motion to dismiss count III against defendant Berry[9] and count IV against

---

[9] Only plaintiff's claim against defendant Berry in count III should be dismissed. Defendants do not move to dismiss count III against defendants Landis and Schultz.

defendant Thackwell should be **GRANTED**, and these claims should be **DISMISSED** with prejudice.

(2) Defendants' motion to dismiss count I and count IV against defendant Berry should be **DENIED**.

**DATED:** February 27, 2012.

_____
**UNITED STATES MAGISTRATE JUDGE**