UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

CHRISTOPHER A JONES              )
                                 )
        Plaintiff,               )    3:10-cv-00162-LRH-VPC
                                 )
    v.                           )
                                 )    **REPORT AND RECOMMENDATION**
                                 )    **OF U.S. MAGISTRATE JUDGE**
                                 )
HOWARD SKOLNIK, *et al.,*         )
                                 )    February 27, 2012
        Defendants.              )
_____)

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion to dismiss (#44).[1] Plaintiff opposed (#49) and defendants replied (#53). Based on the court's thorough review of the motions and record, it recommends that defendants' motion to dismiss (#44) be granted as to defendant Mason.[2]

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Christopher A. Jones ("plaintiff"), a *pro se* inmate, is currently incarcerated at Southern Desert Correctional Center ("SDCC") in the custody of the Nevada Department of Corrections ("NDOC") (#56). The facts giving rise to this action occurred while plaintiff was housed at Ely State Prison ("ESP"). Plaintiff filed his original complaint in state court, and defendants removed to federal court (#1). Plaintiff brings his first amended complaint pursuant to 42 U.S.C. § 1983, alleging violations of his First, Fourteenth, and Eighth Amendment rights (#16). The court screened plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915A and allowed certain

---

[1]   Refers to the court's docket number.

[2]   In a Report and Recommendation, the court granted defendants' motion to dismiss defendant Traut (#72) and the District Judge adopted and accepted the recommendation (#98, p. 2).

claims to proceed (#15).[3]

Defendants Janet Traut and Melanie Mason ("defendants") bring the instant motion to dismiss count V, in which plaintiff alleges that defendants unjustifiably deducted money out of plaintiff's Trust 2 account without due process of law (#44). Defendant Traut is a Deputy Attorney General; therefore, she is not an agent, former officer, employee, or contractor of the NDOC. *Id*. at 9. Defendant Mason is an NDOC employee in Inmate Services (#15, p. 10).

On November 2, 2011, this court issued an order recommending that defendant Traut be dismissed from suit based on the state of limitations but finding that because defendants failed to submit authenticated evidence to prove that plaintiff's claim against defendant Mason is time-barred, defendants' motion to dismiss defendant Mason should be denied (#72). On November 18, 2011, defendants filed partial objections to the order (#79).[4] On January 12, 2012, District Judge Hicks sustained defendants' partial objections and referred the motion to this court for reconsideration (#98). In its order, the District Court determined that defendants may rely on exhibits attached to plaintiff's amended complaint because "a copy of a written instrument that is an exhibit to a pleading is a part of the pleadings for all purposes." *Id*.; Fed.R.Civ.P. 10(c). In light of the District Court's order, the court reconsiders whether the motion to dismiss should be granted as to defendant Mason based on the statute of limitations.[5]

The facts giving rise to this claim concern the disposition of money plaintiff obtained in *Jones v. Book,* 3:03-cv-00276-HDM-VPC. Plaintiff was awarded costs of $93.33 and nominal

---

[3] The court allowed the following claims to proceed: Count I Fourteenth Amendment due process claim against defendant Mustafaa; Count III First Amendment retaliation claim against defendant Schultz; Count III Eighth Amendment Excessive Force claim against defendants Berry, Schultz, and Landis; Count IV Fourteenth Amendment due process claim against Thackwell and Berry; and Count V Fourteenth Amendment due process claim against defendants Mason and Traut. The court dismissed the following defendants with prejudice: Brian Williams, James G. Cox, Howard Skolnik, E.K. McDaniel, and Shell Zappitini (#15). Plaintiff's amended complaint which was entered after screening is docket number 16 (#16).

[4] Plaintiff filed a response to defendants' objections (#80) and defendants replied (#84).

[5] A statute of limitation defense may be raised by a motion to dismiss where all facts necessary to decide the issue are in record. *See Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997).

damages of $1.00 which were deposited into plaintiff's Trust 2 account (#201 and #251 in 3:03-cv-00276-HDM-VPC). Administrative Regulation ("AR") 258.01 governs the "Prisoners' Personal Property Fund" (#44-1, Ex. A-1). Pursuant to the regulation, an inmate's personal property may be divided into any of three accounts: (1) a "Trust Account," (2) a "Trust 2 Account," or (3) a "Savings Account." *Id*. In *Jones v. McDaniel*, this court held that because the legislature did not expressly set forth the placement of monetary settlements and torts claims in a "Trust 2 account," the placement of such funds in a Trust 2 account is not mandatory. No. 3:08-cv-00537-LRH-VPC, WL 3789276, at *3 (D.Nev. September 22, 2010). However, once funds are deposited in a Trust 2 account, AR 258 provides that the funds are not subject to deductions (#44-1, p. 6; AR 258 §1.1.2).

Defendant Traut sent a check in the amount of $94.33 to NDOC, in satisfaction of the costs and nominal damages awarded to plaintiff, and ordered defendant Mason to "post the costs against whatever costs have been advanced to the plaintiff for his litigations." (#16, pp. 37-39). Defendant Mason withdrew money from plaintiff's Trust 2 account and posted the funds against costs advanced to plaintiff by the NDOC. *Id*. at 40. Plaintiff objected and asserts AR 258 specifically refers to "[a]ll monies from judgments and tort settlements, including costs" as examples of funds belonging in the Trust 2 account and that funds in the Trust 2 account are exempt from deductions. *Id*. at 38.

Plaintiff alleges in his complaint that he first had notice of the alleged taking of his funds when defendant Traut wrote a letter to defendant Mason dated January 11, 2008, directing her to withdraw money from plaintiff's Trust 2 account. *Id*. at pp. 37, 42. Plaintiff wrote letters to defendants Traut and Mason "informing them of the error" on January 15, 2008. *Id*. at 39. Plaintiff concedes that defendant Mason is an NDOC employee and alleges that he had notice that he exhausted his administrative remedies with respect to his claim against her in grievance 2006-26-79532 on April 11, 2008 (#49, p. 2). On April 11, 2008, NDOC informed plaintiff that his second level grievance was denied (#16-1, p. 23).[6] Plaintiff added count V to his civil rights complaint on

---

[6] Plaintiff filed informal grievance 2006-26-79532 on February 5, 2008 and grieved the misappropriation of funds from his Trust 2 account (#16-1, pp. 18-20). NDOC denied ths grievance on

April 26, 2010 (#16).[7]

Defendants move to dismiss count V against defendant Mason and argue that: (1) plaintiff's claims do not implicate plaintiff's Fourteenth Amendment rights because there were adequate state post-deprivation remedies available to him; (2) plaintiff's claims are time-barred by the statute of limitations; and (3) plaintiff can not succeed on the merits of his claim because the alleged deprivation of property was authorized pursuant to statute (#44, p. 2). Defendants also argue that defendant Mason should be dismissed from the instant action and count V should be severed or dismissed due to misjoinder. *Id*. Lastly, defendants argue defendant Mason is entitled to qualified immunity. *Id*. at 8.

Plaintiff opposes defendants' motion to dismiss and asserts that he was not required to avail himself of state tort claims (#49, p. 4). Plaintiff further claims the statute of limitations for his section 1983 due process claim is tolled pursuant to the "continuing violations doctrine." *Id*. at 8. Plaintiff argues that in addition to exhausting grievance 2006-26-79532, he also exhausted grievance 2006-27-16868. *Id*. at 2. He asserts that the statute of limitations began to run when he exhausted 2006-27-16868. *Id*. at 3. Plaintiff states that the court has discretion to allow count V to remain and that misjoinder is not grounds for a mandatory dismissal. *Id.* at 4. Plaintiff asserts that any "post-deprivation remedy does not satisfy due process" because the deduction from his Trust 2 account was pursuant to prison policy. *Id*. at 7.

Defendants reply that the continuing violations doctrine does not apply to plaintiff's claim because the deduction from his Trust 2 account was one act, and not a series of continuing violations

---

February 12, 2008.  *Id*.  Plaintiff submitted first level grievance 2006-26-79532 on February 15, 2008, and NDOC denied this grievance on February 27, 2008.  *Id*. at 21.  Plaintiff submitted second level grievance 2006-26-79532 on February 29, 2008, which NDOC denied on April 8, 2008.  *Id.* at 23.  Plaintiff received notice of the denial of his second level grievance on April 11, 2008.  *Id*.

[7]   Pursuant to the "prison mailbox rule," federal courts deem the filing date of a document as the date that it was given to prison officials for mailing.  *Houston v. Lack*, 487 U.S. 266, 270 (1988). Plaintiff signed his complaint on April 26, 2010, which is the first date he could have mailed or handed his complaint to a correctional officer for mailing to this court (#16).

4

(#53, p. 5).[8] Defendants assert that the statute of limitations began to run when plaintiff exhausted grievance 2006-26-79532, and that other grievances he filed after exhausting grievance 2006-26-79532 do not affect the statute of limitations because plaintiff had already satisfied the administrative exhaustion requirements. *Id*. at 5-6. The court agrees.

## II. DISCUSSION & ANALYSIS

**A.   Discussion**

**1. Motion to Dismiss**

"A dismissal under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law." *North Star Int'l v. Ariz. Corp. Comm*., 720 F.2d 578, 580 (9th Cir. 1983) (citation omitted). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain detailed factual allegations, but it must contain more than a "formulaic recitation of the elements of a cause of action." *Id*. at 555. The Rule 8(a) notice pleading standard requires the plaintiff to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Id*. (internal quotations and citation omitted). The "plausibility standard" does not impose a "probability requirement," rather, it requires a complaint to contain "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*.

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court employs a two-pronged approach. *Iqbal*, 129 S.Ct. at 1955. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id*. at 1949. Second, only a complaint that states a plausible claim for relief survives

---

[8]   Defendants argue in their reply that defendant Traut is also entitled to qualified immunity. New arguments in the reply are not considered by the court. *See Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010).

5

a motion to dismiss. *Id*. at 1950. In other words, for the nonmovant to succeed, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Thus, a complaint may be dismissed as a matter of law for "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Smilecare Dental Grp. v. Delta Dental Plan*, 88 F.3d 780, 783 (9th Cir. 1996) (quoting *Robertson v. Dean Witter Reynolds, Inc*., 749 F.2d 530, 534 (9th Cir. 1984)).

Under section 1983, a plaintiff must allege that (1) defendants subjected him to the deprivation of a right, privilege, or immunity guaranteed by the U.S. Constitution or federal law, and (2) that the defendants acted under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

A *pro se* plaintiff's complaint must be construed liberally and can only be dismissed with prejudice where it appears certain that the plaintiff would not be entitled to relief. *Ortez v. Washington Cnty., State of Or.*, 88 F.3d 804, 807 (9th Cir. 1996). Although allegations of a *pro se* complaint are held to a less stringent standard than formal pleadings drafted by a lawyer, *Haines v. Kerner*, 404 U.S. 519, 596 (1972), sweeping conclusory allegations will not suffice. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

**2. Statute of Limitations**

Section 1983 does not provide a statute of limitations. Federal courts apply the forum state's statute of limitations for personal injury claims. *The Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 701 n. 4 (9th Cir. 2009). In Nevada, the statute of limitations for personal injury claims is two years. Nev. Rev. Stat. § 11.190(4)(e). On the other hand, federal law determines when a cause of action accrues and the statute of limitations begins to run for a section 1983 claim. *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991). Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). Pursuant to the Prison Litigation Reform Act ("PLRA"), inmates must exhaust available administrative remedies

before filing section 1983 actions in federal court. *See* 42 U.S.C. § 1997e. While an inmate is completing the mandatory exhaustion process, the applicable statute of limitations is tolled. *See Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005); *see also Wisenbaker v. Farwell*, 341 F.Supp.2d 1160, 1165 (D.Nev. 2004).

**B. Analysis**

Defendants move to dismiss count V against defendant Mason, alleging it is barred by the statute of limitations (#44, pp. 8-9). Defendants maintain that since plaintiff had notice that he exhausted his administrative remedies on April 11, 2008, the statute of limitations began to run on that date. *Id*. at 10. Accordingly, plaintiff was required to file a complaint under section 1983 by April 11, 2010. Plaintiff added count V to his action on April 26, 2010 (#16).

Plaintiff argues in his opposition that the statute of limitations is tolled pursuant to the continuing violations doctrine (#49, p. 8). Defendants reply that the continuing violations doctrine does not apply because the deduction from plaintiff's Trust 2 account was one act, and not a series of continuing violations (#53, p. 5). The court agrees. "A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation." *Ward v. Caulk,* 650 F.2d 1144, 1147 (9th Cir. 1981) (citing *Collins v. United Airlines, Inc*., 514 F.2d 594, 596 (9th Cir. 1975).

Plaintiff further claims that he filed grievance 2006-27-16868 "complaining about abusive or excessive deductions" and that the statute of limitations began to run on August 8, 2008 when he exhausted this grievance (#49, pp. 2, 3). Tolling of the statute of limitations is appropriate while an inmate completes mandatary exhaustion. *See Brown*, 422 F.3d at 943. However, once an inmate exhausts his administrative remedies, he is permitted to file a section 1983 civil rights claim, and no further tolling is necessary. Plaintiff exhausted his administrative remedies regarding count V when he filed second level grievance 2006-26-79532, and stated that inmate services and Janet Traut misappropriated funds from his Trust 2 account (#16-1, pp. 18-23). This provided defendants with sufficient notice of plaintiff's claim.

Under federal law, a cause of action accrues when the plaintiff knows or has reason to know

7

of the injury which is the basis of the action. *Kimes*, 84 F.3d at 1128. Under Nevada's two-year statute of limitations, plaintiff was required to file a claim based on defendant Mason's acts by April 11, 2010. However, plaintiff did not add count V against defendant Mason to his lawsuit until April 26, 2010. Defendants' motion to dismiss count V against defendant Mason (#44) based on the statute of limitations should be granted and count V should be dismissed with prejudice.[9]

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that defendants' motion to dismiss (#44) based on the statute of limitations should be **GRANTED**. Plaintiff's claim in count V should be **DISMISSED with prejudice**. The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss (#44) be **GRANTED** and that plaintiff's claim in count V be **DISMISSED with prejudice**.

**DATED**: February 27, 2012.

_____
**UNITED STATES MAGISTRATE JUDGE**

---

[9] Because the court recommends defendants' motion to dismiss be granted based on plaintiff's failure to file his complaint within the statute of limitations, the court need not consider defendants' alternative arguments.