UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

CHRISTOPHER A. JONES,

    Plaintiff,

v.

HOWARD SKOLNIK, et al.,

    Defendants.

3:10-cv-00162-LRH-VPC

ORDER

Before the court are Defendants' objection (#133[1]) and Plaintiff's objection (#134) to the Magistrate Judge's Order (#130) of May 15, 2012. In response to Defendants' objection, Plaintiff filed an opposition (#135), and Defendants filed a reply (#139). Plaintiff then filed a Motion to Strike (#142) Defendants' reply brief as unauthorized under Fed. R. Civ. P. 72(a) and Local Rule IB 3-2. No response was filed to Plaintiff's objection.

**I.  Defendants' Objection (#133)**

Defendants specifically object to that portion of the Magistrate Judge's order granting Plaintiff's Motion to Amend Screening Order (#114) "to the extent that Count IV of the amended complaint (#16) shall include a retaliation claim against Defendant Schulz and an allegation that Defendant Schulz directed Defendant Berry to write a notice of false charges." The order further grants Defendant Schulz and Berry

---

[1] Refers to the court's docket entry number.

leave to "raise any defenses they feel necessary to address this revision," and notes that in light of the Court's ruling, Plaintiff would stipulate to the dismissal of Defendants Schulz in Count III, which has since occurred (*see* #131).

Local Rule IB 3-1 authorizes a district judge to reconsider any pretrial matter referred to a magistrate judge pursuant to LR IB 1-3 where it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law. Here, the court finds that Defendants have failed to establish any clear error or legal error in the Magistrate Judge's order granting, to a certain extent, Plaintiff's motion to amend the court's screening order. The Magistrate Judge's recognition of a claim inadvertently overlooked by the court at the screening stage is a remedial action that furthers the interests of justice and is within the court's inherent authority to reconsider its rulings before entry of final judgment. Defendants' objection shall therefore be denied, and Plaintiff's motion to strike Defendants' reply brief in support of the objection shall be denied as moot.

**II.     Plaintiff's Objection (#134)**

Plaintiff objects to that portion of the Magistrate Judge's order (#130) denying Plaintiff's "Motion for Order, and Motion to Stay Motion to Dismiss" (#112). Plaintiff makes no prayer, however, that the Magistrate Judge's ruling be reconsidered and reversed. Instead, Plaintiff represents that the objection is lodged "for the sole purpose of preserving the issues as related to the motion for order (#112)," and he "prays that these objections are duly noted." Objection (#134), pp. 1, 9. As Plaintiff requests no relief, and in any event Plaintiff has made no showing that the Magistrate Judge's denial of his motion (#112) is clearly erroneous or contrary to law, the objection shall be denied.

IT IS THEREFORE ORDERED that Defendants' Objection (#133) and Plaintiff's Objection (#134) are DENIED. The Magistrate Judge's Order (#130) is AFFIRMED.

///

///

///

1  IT IS FURTHER ORDERED that Plaintiff's Motion to Strike (#142) is DENIED as moot.

2  IT IS SO ORDERED.

3  DATED this 16th day of July, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE