**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHRISTOPHER JONES, | 3:10-cv-00162-LRH-VPC |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| | **OF U.S. MAGISTRATE JUDGE** |
| HOWARD SKOLNIK, *et al.*, | |
| Defendants. | August 23, 2013 |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's partial motion for summary judgment (#161).[1] Defendant Yaqub Mustafaa opposed (#182) and plaintiff replied (#185). The court has thoroughly reviewed the record and recommends that plaintiff's partial motion for summary judgment (#161) be denied.

**I. HISTORY & PROCEDURAL BACKGROUND**

Plaintiff Christopher A. Jones ("plaintiff"), a *pro se* inmate, is currently incarcerated at Northern Nevada Correctional Center ("NNCC") in the custody of the Nevada Department of Corrections ("NDOC") (#147). However, the allegations set forth in plaintiff's amended complaint pertain to events which occurred while plaintiff was an inmate at Ely State Prison ("ESP") (#16). On April 29, 2010, plaintiff filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983, alleging a Fourteenth Amendment due process claim, an Eighth Amendment excessive force claim, a

---

[1] Refers to the court's docket numbers.

-1-

First Amendment retaliation claim, and a Fourteenth Amendment due process claim based on false charges. *Id.* The court screened the amended complaint pursuant to 28 U.S.C. § 1915A, and permitted the following claims to proceed: (1) Fourteenth Amendment due process claim against defendant Mustafaa (count I); (2) First Amendment retaliation claim against defendant Schultz (count III); (3) Eighth Amendment excessive force claim against defendants Berry, Schultz and Landis (count III); (4) Fourteenth Amendment due process claim against defendants Thackwell and Berry (count IV); and (5) Fourteenth Amendment takings claim against defendants Mason and Traut (count V) (#15).

The only claim which is the subject of plaintiff's partial motion for summary judgment is his Fourteenth Amendment due process claim against defendant Mustafaa (count I). Plaintiff alleges that defendant Mustafaa violated his procedural due process rights when he refused plaintiff's request to call inmate Robert Walker to testify at plaintiff's July 30, 2007, disciplinary hearing (#16, p. 17). Plaintiff asserts that even if inmate Walker was prohibited from attending the disciplinary hearing due to custody concerns, his testimony should have been made available via telephone, as contemplated by Administrative Regulation ("AR") 707. *Id.* at 18-19. However, defendant Mustafaa denied plaintiff's request on the ground that inmate Walker was "not available" (#16-3, p. 5). Defendant Mustafaa found plaintiff guilty of MJ2: Assault, and sanctioned him to eighteen months of disciplinary segregation and a 365-day loss of good-time credits. *Id.* at 6.

Thereafter, plaintiff filed a habeas petition in the Seventh Judicial District Court of the State of Nevada. On September 3, 2009, the state court granted plaintiff's habeas petition, finding that plaintiff "was not afforded due process at his [July] 30, 2007 disciplinary hearing when his request for a witness was denied" (#16-5, p. 8). The court restored the statutory good-time credits that plaintiff had forfeited as a result of his disciplinary proceedings. *Id.* at 9.

Plaintiff now claims that under the doctrines of res judicata and/or collateral estoppel, he is entitled to judgment in his favor on the procedural due process claim against defendant Mustafaa (count I) (#161, p. 1).  Defendant Mustafaa opposes plaintiff's partial motion for summary judgment on the ground that the preclusion doctrines do not apply to this case (#182, p. 6).

## II.  DISCUSSION & ANALYSIS

### A.   Legal Standards

#### 1.  42 U.S.C. § 1983

Title 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert,* 526 U.S. 286, 290 (1999).  Section 1983 does not offer any substantive rights, but provides procedural protections for federal rights granted elsewhere.  *Albright v. Oliver,* 510 U.S. 266, 271 (1994).  To prove liability under § 1983, a plaintiff must: (1) show that a person acting under color of state law engaged in some type of conduct, which (2) deprived the plaintiff of some right, privilege or immunity secured by the Constitution or federal statutory law.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overturned on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).

#### 2.  Summary Judgment Standard

Summary judgment allows courts to avoid unnecessary trials where there are no factual disputes.  *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).  The court will grant summary judgment if no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  The court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party.  *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996).  However, the Supreme Court has noted:

> [W]e must distinguish between evidence of disputed facts and disputed matters of professional judgment.  In respect to the latter, our inferences must accord deference to the views of prison authorities.  Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citations omitted).  Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

       The moving party bears the burden of informing the court of the basis for its motion, and submitting authenticated evidence to demonstrate the absence of any genuine issue of material fact for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see Orr v. Bank of America*, 285 F.3d 764, 773-74 (9th Cir. 2002).  Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing the existence of a genuine issue for trial.  *Anderson*, 477 U.S. at 248.  Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and upon which that party will bear the burden of proof at trial.  *Celotex*, 477 U.S. at 322-23.

       On summary judgment the court is not to weigh the evidence or determine the truth of the matters asserted, but must only determine whether there is a genuine issue of material fact that must be resolved by trial.  *See Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir. 1997).  Nonetheless, in order for any factual dispute to be genuine, there must be enough doubt for a reasonable trier of fact to find for the plaintiff in order to defeat a defendant's summary judgment motion.  *See Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

**3. Claim Preclusion (res judicata) & Issue Preclusion (collateral estoppel)**

28 U.S.C. § 1738 requires a federal court to give the same preclusive effect to a state court judgment as the state courts of that state would themselves give to the judgment. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) (citing *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 (1982)); *see also Silverton v. U.S. Dep't of Treasury*, 644 F.2d 1341, 1346-47 (9th Cir. 1981) (holding that prior habeas proceedings in state court may have a preclusive effect in subsequent section 1983 suits in federal court). "[Section] 1738 is a critical part of the architecture of federalism. '[It] not only reduce[s] unnecessary litigation and foster[s] reliance on adjudication, but also promote[s] the comity between state and federal courts that has been recognized as a bulwark of the federal system.'" *Noel v. Hall*, 341 F.3d 1148, 1160 (9th Cir. 2003). A federal court must apply the res judicata rules of the state court that rendered the underlying judgment. *See Migra*, 465 U.S. at 81. Here, plaintiff's prior judgment was rendered in a Nevada state court. Accordingly, Nevada preclusion principles apply.

Res judicata was once used as an umbrella term to refer to the concept that a party cannot re-litigate a cause of action or an issue that has already been determined by a court. *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1051-52 (2008). Nevada now clearly separates "claim preclusion," i.e., res judicata, and "issue preclusion," i.e., collateral estoppel, as two distinct doctrines. *Id.* at 1054.

There are three basic requirements for claim preclusion:

(1)   the parties or their privies are the same;
(2)   the final judgment is valid; and
(3)   the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case.

*Id.*

There are four basic requirements for issue preclusion:

(1) the issue decided in the prior litigation must be identical to the issue presented in the current action;
(2) the initial ruling must have been on the merits and have become final;
(3) the party against whom the judgment is asserted must have been a party or in privity with a party to the prior litigation; and
(4) the issue was actually and necessarily litigated.

*Id.* at 1055 (relying on *Univ. of Nev. v. Tarkanian*, 110 Nev. 581, 598-99 (1994); *Executive Mgmt. v. Ticor Title Ins. Co.*, 114 Nev. 823, 835 (1998)).

Claim preclusion applies to all claims that were or could have been raised in the initial case, whereas issue preclusion only applies to issues that were actually and necessarily litigated and upon which there was a final determination on the merits. *Id.* at 1055. The court in *Five Star* explained this distinction as follows:

[C]laim preclusion applies to preclude an entire second suit that is based on the same set of facts and circumstances as the first suit, while issue preclusion . . . applies to prevent relitigation of only a specific issue that was decided in a previous suit between the parties, even if the second suit is based on different causes of action and different circumstances.

*Id.* The court recognized that in some cases, both claim and issue preclusion could apply. *Id.*

**B.    Analysis**

In this case, it is irrelevant whether the court analyzes plaintiff's claim under the rubric of claim preclusion or issue preclusion, as it is clear that plaintiff's procedural due process claim in count I of his amended complaint is not barred by either doctrine.

"The requirements of due process of law forbid the assertion of a plea of res judicata against a party unless he was bound by the earlier litigation in which the matter was decided. He is bound by that litigation only if he has been a party thereto or in privity with a party thereto." *Paradise Palms Community Ass'n v. Paradise Homes*, 89 Nev. 27, 31 (1973). In Nevada, "[a] privy is one who, after rendition of the judgment, has acquired an interest in the subject matter affected by the

judgment through or under one of the parties, as by inheritance, succession, or purchase." *Id.* at 31 (quoting *Bernhard v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 19 Cal.2d 807, 810 (1942)); *accord Brennan v. EMDE Med. Research, Inc.*, 652 F.Supp. 255, 261 (D.Nev. 1986). "The rule is based upon the sound public policy of limiting litigation by preventing a party who has had one fair trial on an issue from again drawing it into controversy." *Paradise Palms*, 89 Nev. at 30.

It is undisputed that defendant Mustafaa was not a party to the state court habeas action—in either his individual or official capacities. The court also finds that defendant Mustafaa was not in privity with any party to the state court habeas action. There is nothing in the record to suggest that defendant Mustafaa acquired an interest in the subject matter of plaintiff's state court habeas proceedings through "inheritance, succession, or purchase." *Paradise Palms*, 89 Nev. at 31. There is also nothing in the record to suggest that defendant Mustafaa had the right to defend himself in the habeas proceedings, control the proceedings, or appeal from the judgment. *See id.* at 30-31.

Plaintiff contends that defendant Mustafaa did not have to be named as a party in the prior habeas action in order to be considered "in privity" with a party to that action (#185, pp. 12-13). Plaintiff cites *Jones v. Drain*, No. 3:05-cv-0278-PMP-RAM, 2006 WL 1966741, at * 8 (D.Nev. July 11, 2006), for this contention. *Id.* However, in *Jones*, the defendants were named parties to the habeas action—in their official capacities. *Id.* The court found that when the plaintiff succeeded on his habeas claim, the defendants' personal interests in the matter solidified. *Id.* ("Defendants, in their individual capacities, acquired an interest in this matter after Plaintiff's disciplinary conviction was found to be illegal."). Unlike the *Jones* defendants, defendant Mustafaa was not named in plaintiff's prior habeas action in any capacity. Thus, *Jones* is inapposite to the current case.

Plaintiff also contends that it would be fair for defendant Mustafaa to be subject to the habeas action's preclusive effect because defendant Mustafaa "participated" in the prior habeas action

(#185, p. 13). On May 15, 2009, the state court ordered respondents to file an affidavit from a person with knowledge as to the reasons why plaintiff's requested inmate witness was not called at his July 30, 2007, disciplinary hearing (#185, p. 37). To comport with this order, respondents submitted an affidavit from defendant Mustafaa (#182-1, pp. 5-6).[2] The court finds this "participation" insufficient to establish privity.

The court finds that Nevada's preclusion doctrines are inapplicable to this case. Defendant Mustafaa was not a party to plaintiff's prior habeas suit, and was not in privity with any of the parties to that suit. Accordingly, the court recommends that plaintiff's partial motion for summary judgment (#161) be denied.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff has not established that Nevada's preclusion doctrines apply to his Fourteenth Amendment procedural due process claim against defendant Mustafaa. Therefore, the court recommends that plaintiff's partial motion for summary judgment (#161) be **DENIED**. The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

---

[2] In the affidavit, defendant Mustafaa stated that he was the disciplinary hearing officer at plaintiff's July 30, 2007, disciplinary hearing. At the hearing, plaintiff requested inmate Walker as a witness. However, inmate Walker was assigned to a general population unit, and plaintiff's disciplinary hearing took place in a segregation unit which was off-limits to the general prison population. However, defendant Mustafaa considered inmate Walker's expected testimony when making his disciplinary decision (#182-1, pp. 5-6).

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's partial motion for summary judgment (#161) be **DENIED**.

**DATED:** August 23, 2013.

_____
**UNITED STATES MAGISTRATE JUDGE**