1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3

4

5

6

7

8

9

10

11

| | | |
|---|---|---|
| CHRISTOPHER A. JONES, | ) | |
| | ) | 3:10-cv-00162-LRH-VPC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| HOWARD SKOLNIK, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | December 10, 2013 |
| | ) | |

12

13

14

15

16

This is a *pro se* prisoner civil rights action, brought pursuant to 42 U.S.C. § 1983.  Before the court is plaintiff's motion for relief from order pursuant to Fed. R. Civ. P. 60(b)(5) (#202).[1] Defendants opposed (#206), and plaintiff replied (#212).  As discussed below, plaintiff's motion is granted.

17

**I.   Background and Procedural History**

18

19

20

21

22

23

24

25

26

27

Plaintiff Christopher A. Jones ("plaintiff"), a *pro se* inmate, is currently incarcerated at Northern Nevada Correctional Center in the custody of the Nevada Department of Corrections ("NDOC") (#147).  The court screened plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A, and permitted several claims to proceed (#15).  The court also dismissed plaintiff's claim that defendants Warden Williams and then-NDOC Assistant Director Cox and Director Skolnik violated his Fourteenth Amendment due process rights.  *Id*. at 7.  Specifically, in his amended complaint, plaintiff alleges the following:  he was improperly denied his witness at his disciplinary hearing, which led to a guilty finding and a sanction of eighteen months in disciplinary segregation

28

---

[1]  Refers to the court's docket number.

-1-

(#16, pp. 21-22).  He provided actual notice of the constitutional violation to Warden Williams when he appealed the disciplinary proceeding.  *Id*. at 22.  Williams denied the appeal.  *Id*.  Assistant NDOC Director James Cox upheld Williams' denial at the next level of review.  *Id*. at 23.  Plaintiff then sent a letter and a copy of all documents related to the disciplinary proceeding and appeal to NDOC Director Skolnik.  Skolnik replied to plaintiff, upholding the disciplinary sanctions and stating "you were answered appropriately in the second level response."  *Id*. at 24.

In dismissing this claim, the court relied on the following language in the amended complaint in count II:  "Participating in deliberate indifference to and ratifying constitutional violations and refusing to correct notwithstanding actual knowledge, duty and opportunity to act violating the 14[th] Amendment . . . . [Williams, Cox, and Skolnik] are high ranking NDOC officials that directly participate in or oversee disciplinary processes and actions of their subordinate officers . . . . " (#15, p. 7).  The court reasoned that the United States Supreme Court rejected the idea that "knowledge and acquiescence" of subordinates' conduct is enough to hold supervisory officials liable under § 1983.  *Id*., quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  The court continued:  "[a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."  *Id*.  The court then concluded that plaintiff failed to state a cognizable civil rights claim against Williams, Cox, and Skolnik and dismissed these defendants with prejudice.  *Id*.

Plaintiff filed a motion for reconsideration and clarification, asking the court to reconsider its dismissal of this and other claims (#20), which the court denied (#24).  Plaintiff then filed a "motion to challenge errors in order #24" (#31), which the court denied (#38).  The court also denied plaintiff's motion for leave to file a second amended complaint (#150).

Plaintiff now files this motion for relief from order pursuant to Fed. R. Civ. P. 60(b)(5).  He argues that he has just become aware of the Ninth Circuit's decision in *Starr v. Baca*, 652 F.3d 1202

(9th Cir. 2011).  He contends that *Starr* clarifies that *Iqbal* dealt with intentional discrimination, and

that "knowledge and acquiescence" of subordinates' conduct in the context he alleges does in fact

state a claim for which relief may be granted (#202, p. 7).  Defendants object on the basis that

plaintiff has previously asked the court to reconsider its dismissal of these claims (#206).

## II.   Legal Standards and Analysis

### a.   Motion for Reconsideration

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be

construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure

59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b).  *School Dist. No. 1J*

*Multnomah County v. AC&S, Inc*., 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236

(1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for

the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
> discovered evidence which by due diligence could not have been discovered in time
> to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated
> intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4)
> the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a
> prior judgment upon which it is based has been reversed or otherwise vacated, or it is
> no longer equitable that the judgment should have prospective application; or (6) any
> other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court.  *See Combs v. Nick*

*Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987).  In order to succeed on a motion to reconsider,

a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its

prior decision.  *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal.

1986), aff'd in part and rev'd in part on other grounds 828 F.2d 514 (9th Cir. 1987).  Rule 59(e) of

the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment."   Further, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."   *Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001), quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999).

### b.   Supervisory Liability and § 1983

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979);  *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  The Ninth Circuit clarified in *Starr v. Baca* that a plaintiff can establish the necessary causal connection for supervisory liability by alleging that the defendant "set[] in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury."  652 F.3d at 1207-08 (internal quotations, original alterations, and citations omitted).  Thus, "[a] supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others."  *Id*. at 1208  (quoting *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998)); *see also Larez v. City of Los Angeles*, 946 F.2d 630, 645 (9th Cir. 1991).

Thus, although in *Ashcroft v. Iqbal* the United States Supreme Court rejected the idea that "knowledge and acquiescence" of subordinates' conduct is enough to hold supervisory officials liable under § 1983 where the a claim is one of purposeful and unlawful discrimination, 129 S.Ct. at 1949-53, the Ninth Circuit Court of Appeals concluded that where the applicable constitutional standard is deliberate indifference, "a plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Starr*, 652 F.3d.at 1205.  Neither the Ninth Circuit nor the United States Supreme Court has squarely addressed whether knowledge of and acquiescence in a subordinates' conduct is sufficient to impose supervisory liability where the underlying constitutional violation does not involve either purposeful discrimination or deliberate indifference.  However, other courts have concluded that such a theory may remain viable. *Delgado v. Bezio*, 2011 WL 1842294, at *8-9 (S.D.N.Y. May 9, 2011) (unpublished) (holding that *Iqbal* does not preclude liability where supervisory personnel affirmed a decision that they knew was imposed in violation of plaintiff's due process rights); *Thomas v. Calero*, 824 F.Supp.2d 488, 509 (S.D.N.Y. 2011) (holding that a defendant's knowledge of an alleged due process violation and failure to remedy the wrong is sufficient to impose supervisory liability); *Sash v. United States*, 674 F. Supp. 2d 531, 544 (S.D.N.Y. 2009) (concluding that "[w]here the constitutional claim does not require a showing of discriminatory intent, but instead relies on the unreasonable conduct or deliberate indifference standards of the Fourth and Eighth Amendments, the personal involvement analysis . . ., [including situations where the supervisor knew of and acquiesced in a constitutional violation committed by a subordinate,] may still apply").

1

### c.   Analysis

Plaintiff argues that he just recently discovered the *Starr* case (#202, p. 3).  He claims that under *Starr*, he stated a § 1983 claim against Williams, Cox and Skolnik for the violation of his Fourteenth Amendment due process rights when they denied his appeal and/or grievances related to his disciplinary proceedings.  *Id*. at 7.  Defendants are correct that the court previously declined to reconsider these claims (#206, pp. 2-3).  However, plaintiff, who is incarcerated and proceeding *pro se*, has based his current motion on *Starr v. Baca*, a Ninth Circuit case of which he has only recently become aware.  When a supervisory liability claim does not involve purposeful discrimination, a plaintiff may state a claim based on a defendant's knowledge of and acquiescence in a subordinates' conduct.  Therefore, the court concludes that plaintiff is correct that his allegations that Williams, Cox, and Skolnik knew of and acquiesced in unconstitutional conduct by their subordinates related to his disciplinary proceedings sufficiently state Fourteenth Amendment due process claims against these defendants.

Defendants, who, of course, have been aware of *Starr v. Baca*, cannot show that they will suffer prejudice if this claim is allowed to proceed.  Further, discovery in this matter does not close until April 30, 2014.  Accordingly, plaintiff's motion for relief from order (#202) is granted.  As set forth below, if the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint **within thirty (30) days** from the date of this order.

**IT IS THEREFORE ORDERED** that plaintiff's motion for relief from order (#202) is **GRANTED**;

**IT IS FURTHER ORDERED** as follows:

1.      The Clerk shall electronically serve a copy of this order, along with a copy of the amended complaint (#16), on the Office of the Attorney General of the State of Nevada, to the attention of Kat Howe.

2.      Subject to the findings of this order, within twenty-one (21) days of the date of the entry of this order, the Attorney General's Office shall file a notice advising the court and plaintiff of: (a) the names of which of the defendants—Brian Williams, Greg Cox, and Howard Skolnik—for whom it accepts service; (b)  the names of the defendants for whom it does not accept service; and (c) the names of the defendants for whom it is filing last-known-address information under seal.  As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, the last known address(es) of those defendant(s) for whom it has such information.

3.      If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s).  As to any of the defendants for whom the Attorney General has not provided last-known-address information, plaintiff shall provide the full name and address for the defendant(s).

4.      If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint **within thirty (30) days** from the date of this order.

5.      Henceforth, plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for

filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein.  The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service.

**DATED:**  December 10, 2013.

_____

**UNITED STATES MAGISTRATE JUDGE**