UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| CHRISTOPHER JONES, ) | 3:10-CV-0162-LRH (VPC) |
| Plaintiff, ) | **MINUTES OF THE COURT** |
| vs. ) | January 22, 2014 |
| HOWARD SKOLNIK, et al., ) | |
| Defendants. ) | |

PRESENT:   THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:          LISA MANN          REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before this court is plaintiff's motion for expedited order (#237) regarding whether plaintiff is proceeding in this case *in forma pauperis* ("IFP") (#237).

Plaintiff was granted IFP status and filed this case in the Seventh Judicial District Court in the State of Nevada in the County of White Pine (#237, Ex. A). On March 23, 2010, the defendants removed this action pursuant to 28 U.S.C. §§ 1441 and 1443. The defendants paid the initial filing fee for this case upon removal. Plaintiff did not apply for IFP status in this case.

Plaintiff now seeks to have the court recognize his IFP status granted in the state court action so that he may have subpoenas served by the Clark County Sheriff's Office rather than the U.S. Marshal Service. Plaintiff cites Local Special Rule 1-5 as his authority for the court to recognize his IFP status. Local Special Rule 1-5 states:

> The Court may, either on motion of a party or *sua sponte*, after affording an opportunity to be heard, revoke leave to proceed *in forma pauperis* if the party to whom leave was granted becomes capable of paying the complete filing fee of the applicant has willfully misstated information in the motion and affidavit for leave to proceed *in forma pauperis*.

Plaintiff did not apply for IFP status in this case in federal court. Therefore, LSR 1-5 does not apply in this instance. Even assuming *arguendo* that plaintiff were proceeding IFP, such status does not extend to the issuance and service of subpoenas at government expense. Local Special Rule 1-8. Witness fees are not costs the court will bear on behalf of an indigent

litigant. Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1992). Moreover, the U.S. Marshal does not serve subpoenas in civil cases, even if payment is made. Therefore, plaintiff is responsible for making all arrangements for service, the expense of service, the witness fee, and any other costs. See Fed.R.Civ.P. 45; Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) (per curiam) (28 U.S.C. § 1915 does not entitle a plaintiff proceeding in forma pauperis to a waiver of witness fees for subpoenas).

The court will not allow plaintiff to circumvent the rules of the court and require an outside state or county agency to serve plaintiff's subpoenas free of charge. Plaintiff's motion for an expedited order (#237) is **DENIED**.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By: /s/
Deputy Clerk