1

2

3

4                        UNITED STATES DISTRICT COURT

5                             DISTRICT OF NEVADA

6                                    * * *

7   CHRISTOPHER JONES,                        Case No. 3:10-CV-0162-LRH (VPC)

8                           Plaintiff,                    **ORDER**

9        v.

10  HOWARD SKOLNIK, et al.,

11                          Defendant.

12

13          This order concerns two discovery motions that plaintiff Christopher Jones ("plaintiff")

14  filed with the court: (1) plaintiff's motion to compel (#239); and (2) plaintiff's motion to

15  determine sufficiency of admissions (#253).  Each is addressed in turn.

16          **I.  Plaintiff's Motion to Compel (#239)**

17          On February 25, 2014, this court held a motions hearing during which the court

18  considered several discovery disputes, one of which is plaintiff Christopher Jones's ("plaintiff")

19  motion to compel discovery pursuant to FRCP 37(a) (#239).  Defendant Jeremiah Schultz

20  ("defendant") opposed (#246) and plaintiff replied (#250).  The court ruled on several of the

21  disputed discovery requests, but also ordered defendant's counsel to submit *in camera*

22  documents responsive to requests for production of document Nos. 1 and 2, and interrogatories

23  Nos. 21, 22, and 23 (#257).  Defendant's counsel submitted the forty-eight documents *in camera*,

24  and this order follows.

25          Request for production ("RFP") No. 1 requests "[a] copy of all documents relating to

26  your employment separation/termination from the NDOC" (#239, p.3).  RFP No. 2 requests "[a]

27  copy of all use of force and any other report generated or written as a result on the incident

28

1   involving this Plaintiff in the Unit 3A hallway at SDCC on 6-1-07." *Id.* at 5.   Interrogatory Nos.

2   21, 22, and 23 state as follows:

3
No. 21:  Please state with specific detail the reasons surrounding
4
your termination or seperation (sic).

5
No. 22:  Please identify all documents generated as a result of the
6
reason for your termination or seperation (sic) that outlines the
underlying cause in detail.

7
No. 23:   Please identify all documents including use of force
8
reports relating to the inmate that suffered injuries at your hands or
9
officers under your direct control or supervision that may or may
not have been related to your termination or separation.

10   *Id.* at 8.

11         The court reviewed the documents submitted in camera concerning defendant's Schultz's

12   separation from employment with NDOC, and those records reflect that defendant Schultz

13   resigned his employment with the Nevada Department of Corrections ("NDOC") to work in the

14   private sector and nothing more.  There is nothing in defendant Schultz's documents produced

15   related to use-of-force reports (Int. No. 23), or the incident involving plaintiff in the Unit 3A

16   hallway as SDCC on June 1, 2007 (RFP. No. 2). Cynthia Wilden, the NDOC records manager,

17   provided a declaration that the documents produced are the documents responsive to these

18   discovery requests.

19         The court is satisfied that defendant and the NDOC have produced the documents as

20   ordered, and that they shall not be produced to plaintiff because they are not likely to lead to the

21   discovery of admissible evidence in this case.  Plaintiff's motion to compel (#239) is denied in

22   part as it concerns these disputed discovery issues.  The court will shred the documents produced

23   *in camera*.

24   **II.  Motion to Determine Sufficiency of Admissions (#253)**

25         Plaintiff also filed a motion to determine sufficiency of admissions (#253), which drew

26   defendant's motion to strike for failing to meet and confer before filing the motion pursuant to

27   Fed.R.Civ.P. 37 (#258).  Plaintiff opposed the motion to strike (#259), and defendant replied

28

- 2 -

1   (#267).  Plaintiff also filed a motion for order shortening time, given the approaching discovery

2   cutoff date (#260).

3         Plaintiff's motion concerns requests for admissions propounded on or about December 2,

4   2013, to defendant Mustafaa, and by these requests, plaintiff is asking defendant Mustafaa to

5   authenticate certain documents (#253).  The record reveals that defendant Mustafaa responded to

6   the requests for admissions in late December, and plaintiff then sent a letter in which he outlined

7   his objections concerning the responses.  *Id*. at 253, pages 33-46.  In a letter dated February 4,

8   2014, defendant Mustafaa's counsel replied in a four-page, single-spaced letter with an

9   explanation about the disputed responses.  *Id*. at #253, pages 50-53.  By that letter, defendant

10   Mustafaa's counsel provided a detailed response to each discovery disputes, and also provided

11   first supplemental answers to fifty-eight of plaintiff's then sixty requests for admission.  *Id*.

12   Counsel also requested that if the letter response was unsatisfactory, that plaintiff meet and

13   confer before filing a motion to compel.  *Id*.  Plaintiff did not meet and confer and, instead, filed

14   the present motion.

15         As a preliminary matter, the court agrees with defendant Mustafaa that plaintiff failed to

16   meet and confer in the wake of his counsel's detailed letter, which attempted to resolve many of

17   the objections plaintiff raised.  This alone warrants granting defendant Mustafaa's motion to

18   strike.  However, in the interest of managing the court's already congested docket in this case,

19   the court will address plaintiff's motion (#253).

20         The court has reviewed defendant Mustafaa's supplemental responses, and they will

21   stand; therefore, plaintiff's motion to determine sufficiency of requests for admissions (#253) is

22   denied.  Defendant Mustafaaa's motion to strike (#258), although well taken, is denied in the

23   interests of concluding this latest round of discovery disputes in this case.

24        **III.  Conclusion**

25   IT IS ORDERED AS FOLLOWS:

26       1.    Plaintiff's motion to compel (#239), is **DENIED** to the extent outlined in this

27           order;

28       2.    Plaintiff's motion to determine sufficiency of admissions (#253) is **DENIED**;

3.      Defendant Mustafaa's motion to strike (#258) is **DENIED**.

4.      Plaintiff's motion for ordering shortening time (#260) is **DENIED**.

Dated this 10th day of April, 2014.

_____
UNITED STATES MAGISTRATE JUDGE