1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                                DISTRICT OF NEVADA

8                                    * * * * *

9   CHRISTOPHER A. JONES,                    )
                                             )    3:10-cv-00162-LRH-VPC
10                         Plaintiff,         )
                                             )
11  v.                                       )    ORDER
                                             )
12  HOWARD SKOLNIK, *et al.*,                )
                                             )
13                         Defendants.        )
    ─────────────────────────────────────   )

14

15         Before the Court is Plaintiff Christopher A. Jones' ("Jones") Objection to the Magistrate

16  Judge's Order (Doc. #257[1]) pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil

17  Procedure 72(a), and Local Rule IB 3-1(a).  Doc. #265.  Defendant Jeremiah Schultz ("Schultz")

18  filed a Response, to which Jones did not reply.  Doc. #272.  A magistrate judge's orders operate

19  as final determinations of pretrial matters under 28 U.S.C. § 636(b)(1)(A) and Local Rule IB 1-3.

20  Accordingly, a district judge may reconsider a magistrate judge's order only if it is "clearly

21  erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR IB 3-1(a).

22         The Court has reviewed the relevant documents and pleadings on file in this matter and

23  finds that the Magistrate Judge's Order, to which Jones objects, is not clearly erroneous or

24  contrary to law.  Therein, the Magistrate Judge declined to require Schultz to supplement his

25  answer to Jones' Request for Interrogatory No. 24.  *See* Doc. #257, p. 3.  Jones' Interrogatory

26  No. 24 requests "[t]he name (full name) of the inmate that may have suffered a broken wrist as a

27  direct or indirect result of your actions."  Schultz objected on the basis that "[t]his interrogatory

28
    ─────────────────────────────
           [1] Refers to the Court's docket entry number.

1   seeks irrelevant information and will not likely lead to the discovery of admissible evidence.

2   Additionally, this interrogatory seeks information on another inmate, which is in violation of

3   Administrative Regulation 569."

4          Federal Rule of Civil Procedure 26(b)(1) permits parties to obtain discovery on any

5   matter related to the party's claims or defenses that "appears reasonably calculated to lead to the

6   discovery of admissible evidence."  As Jones' only remaining claim is for retaliation, his

7   Interrogatory No. 24 does not appear to be reasonably calculated to lead to the discovery of

8   admissible evidence.  Additionally, even if the Court were to determine that the requested

9   information is relevant, Nevada Department of Corrections Administrative Regulation 569

10  prohibits disclosure of confidential inmate information.  Because the Magistrate Judge's ruling in

11  this regard was not clearly erroneous or contrary to law, Jones' Objection is overruled.

12

13         IT IS THEREFORE ORDERED that Jones' Objection (Doc. #265) is OVERRULED.

14

15         IT IS SO ORDERED.

16         DATED this 4th day of June, 2014.

17                                                          _____
18                                                          LARRY R. HICKS
                                                            UNITED STATES DISTRICT JUDGE
19

20

21

22

23

24

25

26

27

28

2