UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| CHRISTOPHER A. JONES, ) | |
| ) | |
| Plaintiff, ) | 3:10-cv-00162-LRH-VPC |
| ) | |
| v. ) | |
| ) | ORDER |
| HOWARD SKOLNIK, *et al.*, ) | |
| ) | |
| Defendants. ) | |

Before the Court is Defendants' Objection to the Magistrate Judge's Order (Doc. #225[1]) and Request to Stay Discovery on Former Defendants Williams, Cox, and Skolnik.  Doc. #229. Plaintiff filed a Response (Doc. #231), to which Defendants did not reply.

This action was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 1B 1-4 of the Rules of Practice of the United States District Court for the District of Nevada.  The Court has conducted a *de novo* review of this case, and has fully considered Defendants' Objection, the pleadings and memoranda of the parties, and other relevant matters of record pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule IB 3-2.  The Court determines that the Magistrate Judge's Order (Doc. #225) shall be sustained in full.  The Court further determines that Defendants' Objection shall be overruled and their Request to Stay Discovery shall be denied.

---

[1] Refers to the Court's docket number.

I.      **Facts and Procedural History**

This is a *pro se* prisoner civil rights action, brought pursuant to 42 U.S.C. § 1983.  Plaintiff is currently incarcerated at Northern Nevada Correctional Center in the custody of the Nevada Department of Corrections ("NDOC").  Doc. #147.  On December 28, 2010, the Court screened Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A, and permitted several claims to proceed.  Doc. #15.  The Court dismissed Plaintiff's claim against Defendants Warden Williams, then NDOC Assistant Director Cox, and then Director Skolnik for violations of his Fourteenth Amendment due process rights.  *Id.* at 7.  Specifically, in his Amended Complaint, Plaintiff alleges that he was improperly denied a witness at his disciplinary hearing, which lead to a finding of guilt and a sanction of eighteen months in disciplinary segregation.  Doc. #16, pp. 21-22.  Plaintiff further alleges that he provided actual notice of the constitutional violation to Warden Williams when he appealed the disciplinary proceeding.  *Id.* at 22.  Williams denied the appeal.  *Id.*  Assistant NDOC Director Cox upheld Williams' denial at the next level of review.  *Id.* at 23.  Plaintiff then sent a letter and a copy of all documents related to the disciplinary proceeding and appeal to NDOC Director Skolnik.  *Id.* at 24.  Skolnik replied to Plaintiff upholding the disciplinary sanctions and stating "you were answered appropriately in the second level response."  *Id.* at 24.  Plaintiff's claims against Williams, Cox, and Skolnik are founded on the notion that they "are high ranking NDOC officials that directly participate in or oversee disciplinary processes and actions of their subordinate officers" and that they "[p]articipat[ed] in deliberate indifference to and ratif[ied] constitutional violations and refus[ed] to correct [those violations] notwithstanding actual knowledge, duty and opportunity to act violating the 14th Amendment."  Doc. #16, p. 31.

In dismissing this claim, the Court reasoned that the United States Supreme Court had rejected the idea that "knowledge and acquiescence" of subordinates' conduct is enough to hold supervisory officials liable under § 1983.  Doc. #15, p. 7 (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)).  The Court further held that "[a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."  *Id.*  The Court then

concluded that Plaintiff failed to state a cognizable civil rights claim against Williams, Cox, and Skolnik and dismissed those Defendants with prejudice. *Id.* Plaintiff filed a Motion for Reconsideration and Clarification (Doc. #20), which the Court denied (Doc. #24). Plaintiff then filed a Motion to Challenge Errors in Order #24 (Doc. #31), which the Court denied (Doc. #38). The Court also denied Plaintiff's Motion for Leave to File a Second Amended Complaint. Doc. #150.

Finally, Plaintiff filed a Motion for Relief from the Court's Screening Order (Doc. #15) Pursuant to Federal Rule of Civil Procedure 60(b)(5). Doc. #202. Therein, Plaintiff argued that he just recently became aware of the Ninth Circuit's decision in *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011). He contends that *Starr* clarifies that *Iqbal* dealt only with intentional discrimination, and that "knowledge and acquiescence" of subordinates' conduct in the context of a procedural due process violation does in fact state a claim for which relief may be granted. Doc. #202, p. 7. Defendants opposed Plaintiff's Motion on the grounds that (1) the time for seeking such relief had long expired, (2) attempts to revive the claims against supervisory Defendants had been rejected on numerous occasions, and (3) the claims were lacking a sufficient causal link between the supervisory Defendants and the claimed constitutional violation. *See* Doc. #229, p. 4 (clarifying Defendants' opposition).

On December 10, 2013, the Magistrate Judge issued the Order that is the subject of Defendants' present Objection. Doc. #225. Therein, the Magistrate Judge agreed with Plaintiff and concluded that "[w]hen a supervisory liability claim does not involve purposeful discrimination, a plaintiff may state a claim based on a defendant's knowledge of and acquiescence in a subordinates' conduct." *Id.* at 6. Because Defendants had not shown that they would suffer prejudice if Plaintiff's claim were allowed to proceed, the Magistrate Judge granted Plaintiff's Motion for Relief and permitted Plaintiff's claim against Williams, Cox, and Skolnik to proceed on a theory of supervisory liability. *Id.*

///

On December 24, 2013, Defendants filed the present Objection to the Magistrate Judge's Order before the Court. Doc. #229. Defendants reassert their previous arguments and further oppose reinstatement of Plaintiff's claim on the basis of prejudice to Williams, Cox, and Skolnik. Thereafter, Plaintiff filed a Response refuting Defendants' Objection. Doc. #231.

**II.    Discussion**

Rule 60(b)(5) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" if "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or *applying it prospectively is no longer equitable . . . .*" Fed. R. Civ. P. 60(b)(5) (emphasis added).  In his Motion, Plaintiff seeks relief solely on the ground that enforcement of the Court's Screening Order (Doc. #15) is no longer equitable. Doc. #202, p. 3.  A party seeking modification of a judgment or order on the ground that applying it prospectively is no longer equitable "bears the burden of establishing that a significant change in circumstances warrants revision of the [Order]." *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383 (1992); *Horne v. Flores*, 129 S.Ct. 2579, 2593 (2009). A party seeking relief "may meet its initial burden by showing . . . a *significant change in either factual conditions or in law*." *Rufo*, 502 U.S. at 384 (emphasis added); *Horne*, 129 S.Ct. at 2593.

The Court finds that Plaintiff has met his burden of establishing that a significant change in the law warrants revision of the Court's Screening Order.[2]  In *Starr*, the Ninth Circuit clarified that "[a] claim of unconstitutional conditions of confinement, unlike a claim of unconstitutional

---

[2] The Court notes that if Plaintiff's second claim were not reinstated at this stage, the case would, in all likelihood, be reversed and remanded by the Ninth Circuit for further proceedings. *See Williams v. Turner*, No. 13-15426, 2014 WL 1466607, at *1 (9th Cir. April 16, 2014) (reversing and remanding *Williams v. Hanke*, No. 2:09-CV-01979-KJD-GWF, 2013 WL 592006 (D. Nev. Feb. 13, 2013), for further proceedings as to plaintiff's supervisory deliberate indifference claim on the basis of *Starr*). Moreover, at this stage in the proceedings, Plaintiff need only state a cognizable claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1)-(2) (in its preliminary screening review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief).

discrimination, may be based on a theory of deliberate indifference." 652 F.3d at 1206.  Thus, when a supervisory claim for deliberate indifference does not involve purposeful discrimination, a plaintiff may state a claim based on a defendant's knowledge of and acquiescence in a subordinates' unconstitutional conduct. *Id.* at 1207.  However, "[e]ven under a deliberate indifference theory of individual liability, the [p]laintiff[] must still allege sufficient facts to plausibly establish the defendant's 'knowledge of' and 'acquiescence in' the unconstitutional conduct of his subordinates." *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012) (citing *Starr*, 652 F.3d at 1206-07).  Moreover, whereas here, a plaintiff's supervisory liability claim is predicated on a due process violation, it is not enough to merely allege that a supervisor is liable on the basis of his or her role as a supervisor of the officers who allegedly perpetrated the due process violation or on the basis of his or her role in reviewing the disciplinary proceeding via an appeal process.  Rather, to prevail on a theory of supervisory liability, a plaintiff must establish that the defendant either: "personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal quotations omitted); *see also Jones v. Williams*, 297 F.3d 930, 937 (9th Cir. 2002) (supervisory liability attaches to a defendant only if supervisor is personally involved in the alleged constitutional violation or deprivation, or if a sufficient causal connection exists between the supervisor's wrongful conduct and the violation or deprivation) (quoting *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991)).

       Contrary to Defendants' averments, the Court finds that Plaintiff's claim sufficiently alleges a causal link between the supervisory Defendants and the claimed constitutional violation.  Plaintiff alleges that he spent 18 months in disciplinary segregation as a direct result of an improper denial of a witness at his disciplinary hearing.  Plaintiff further alleges that he provided actual notice of the procedural due process violation to Williams, Cox, and Skolnik when he appealed the

disciplinary proceeding and later notified Skolnik of the violation. Plaintiff detailed each Defendant's role as a direct participant in or a supervisor of the disciplinary process and as a supervisor of their subordinate officers. Finally, he alleged that Williams, Cox, and Skolnik had the opportunity and authority to correct their subordinate officers' violations, but refused to do so, thereby depriving him of his constitutional right to be free from disciplinary segregation without due process of law. Assuming *arguendo* that Plaintiff's allegations are correct, Defendants Williams, Cox, and Skolnik would have had the opportunity and authority to discern and remedy the ongoing effects of a known due process violation. In other words, they could have vacated the penalty that they knew had been imposed in violation of Plaintiff's due process rights. The Court finds that these allegations are sufficient to support a claim of supervisory liability.

Defendants cite *Bradberry v. Nevada Department of Corrections* for the proposition that "post-event knowledge," which does not amount to a "failure to act to prevent a constitutional violation," is insufficient to state a claim for supervisory liability. No. 3:11-CV-00668-RJC-VPC, 2013 WL 4702953, at *15 (D. Nev. Aug. 30, 2013) (internal quotation marks omitted). However, *Bradberry* is clearly distinguishable from the present case. There, the plaintiff sought supervisory liability on the basis of defendants' alleged awareness of his after-the-fact complaints of excessive force. *Id.* The court granted defendants' motion for summary judgment as to the plaintiff's supervisory liability claims, finding that the supervisory defendants could not have protected the plaintiff from an act that occurred prior to his grievances, of which they had no knowledge would occur. *Id.* at 15-17, 19. Ultimately, there was nothing defendants could have done to remedy the alleged use of excessive force because the violation was already complete. Here, however, Plaintiff alleges that Defendants were aware of the alleged constitutional violation—i.e., the denial of a material witness at his disciplinary hearing—at a time when they could have remedied its consequences—i.e., the ongoing deprivation of liberty without due process of law.

In this regard, the Court rejects Defendants' argument that the alleged due process violation concluded before it was appealed. In support thereof, Defendants rely on the reasoning set forth by

the district court in *Jamison v. Fischer*, No. 11 Civ. 4697 RJS, 2012 WL 4767173, at *4 (S.D.N.Y. Sept. 27, 2012). Therein, the court concluded that the alleged constitutional violation—the denial of the plaintiff's right to call a witness at his disciplinary hearing—was isolated to the hearing itself and was not ongoing at the time of plaintiff's appeal. *Id.* The court acknowledged the fact that the plaintiff's continued incarceration in the segregated housing unit was arguably a consequence of the deprivation complained of and the fact that the defendant had the ability to modify the sentence imposed following the disciplinary hearing, but stated that "unlike a condition of confinement case, in which the alleged constitutional violation continues unabated, the deprivation alleged here—a procedural error isolated to a particular time and place—was not ongoing simply because Plaintiff's punishment had not yet run its course." *Id.* at *5. The Court disagrees, as do other courts in the Southern District of New York. *See, e.g.*, *Delgado v. Bezio*, No. 09 Civ. 6899 (LTS), 2011 WL 1842294, at *8 (S.D.N.Y. May 9, 2011) (denying motion to dismiss claims against officers who affirmed a decision that they knew had been imposed in violation of the plaintiff's due process rights, thus continuing a deprivation of liberty without due process of law); *Thomas v. Calero*, 824 F. Supp. 2d 488, 509 (S.D.N.Y. 2011) (denying motion to dismiss because "Bezio's actions, by affirming [the hearing officer's] determination with only a modification of the penalty, are sufficient to demonstrate personal involvement and could lead a trier of fact to impose liability under the second *Colon* factor"); *Johnson v. Coombe*, 156 F. Supp. 2d 273, 278 (S.D.N.Y. 2001) (denying appeal officer's motion to dismiss because "the prisoner allege[d] a formal appeals process through which both defendants were on notice" that plaintiff had been denied the opportunity to call witnesses at his disciplinary hearing); *see also Bennett v. Fischer*, No. 9:09-CV1236, 2010 WL 5525368, at *12 (N.D.N.Y. Aug. 17, 2010) (those cases finding personal involvement in such situations "appear to be both better reasoned and more consistent with the Second Circuit's position regarding personal involvement").[3]

---

[3] The parties do not cite, nor is the Court aware of, any authority in this circuit which speaks directly to the issue before the Court.

Indeed, a prisoner's constitutional entitlement to procedural due process in a disciplinary hearing stems from an entitlement to a protected liberty interest in avoiding disciplinary segregation. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (where a protected liberty interest exists, the Supreme Court has set out the following procedural due process requirements for disciplinary detention of a prisoner: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex); *see also Sandin v. Connor*, 515 U.S. 472, 484 (1995) (a prisoner has a protected liberty interest when confinement imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life"). Thus, it is axiomatic that a prisoner would not have a right to procedural due process in the first place were it not for his or her protected liberty interest in avoiding disciplinary segregation. Contrary to the district court's assertion in *Jamison*, the due process violation at issue can be closely analogized to a condition of confinement case, in which the alleged constitutional violation continues unabated. When a prisoner is placed in disciplinary segregation on the basis of a procedural due process violation at the disciplinary hearing, that violation (i.e., the deprivation of liberty without due process of law) continues for the duration of his disciplinary segregation. Accordingly, a supervising official who has knowledge of and acquiesces in a procedural due process violation, such as the one at issue, may be held liable under a theory of deliberate indifference.

Moreover, Defendants' repeated assertions that Plaintiff's Motion is untimely pursuant to Federal Rule of Civil Procedure 59(e), which requires that motions to alter or amend judgments be filed within twenty-eight (28) days of the entry of judgment, are misplaced. Plaintiff brought his Motion for Relief pursuant to Federal Rule of Civil Procedure 60(b)(5), which contains no specific

time limitation for filings.  Instead, Rule 60(b) requires that a motion for modification be made within "a reasonable time."  Fed. R. Civ. P. 60(b)(5).  "[W]hat constitutes 'reasonable time' for a filing under Rule 60(b) depends on the facts of each case."  *Ingram v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 371 F.3d 950, 952 (7th Cir. 2004); *see also McCorvey v. Hill*, 385 F.3d 846, 849 n. 4 (5th Cir. 2004); *Fed. Land Bank of St. Louis v. Cupples Bros.*, 889 F.2d 764, 767 (8th Cir. 1989).  Factors to consider include "the length of the delay, the explanations for the delay, the prejudice to the opposing party caused by the delay and the circumstances warranting relief."  *Assoc. Builders & Contractors v. Mich. Dep't of Labor*, 543 F.3d 275 (6th Cir. 2008); *Doe v. Briley*, 562 F.3d 777, 781 (6th Cir. 2009); *see also Shakman v. City of Chicago*, 426 F.3d 925 (7th Cir. 2005) (relevant factors include "the litigants' knowledge of the grounds for relief," "the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and [the consideration of] prejudice [if any] to other parties" (quotation marks omitted)).

Here, the Ninth Circuit issued its opinion in *Starr* approximately seven months *after* the Court issued its Screening Order (Doc. #15), which dismissed Defendants Williams, Cox, and Skolnik.  *See Starr v. Baca*, 652 F.3d 1202 (9th Cir. July 25, 2011).  However, Plaintiff did not file the present Motion for Relief until August 28, 2013, over two years after the Ninth Circuit issued its opinion in *Starr*.  Doc. #202.  Nevertheless, the Court finds that Plaintiff's explanation for the delay and the circumstances warranting relief outweigh any prejudice to Defendants caused by the delay.  While the Court is cognizant of the fact that Defendants Williams, Cox, and Skolnik were dismissed from this lawsuit over three years ago, the length of the delay at issue is only slightly over two years.  Plaintiff could not have successfully argued that he should be granted relief from the Court's Screening Order until the Ninth Circuit issued its decision in *Starr* on July 25, 2011.  Moreover, Plaintiff is incarcerated and, thus, faces a number of practical impediments to conducting legal research and submitting motions that do not burden unincarcerated litigants.  Specifically, he claims that he has "no direct access to a law library to conduct personal legal

9

research," such that he could have discovered *Starr* on his own.  *See* Doc. #212, p. 7.  Instead, he did not become aware of *Starr* until June 7, 2013 when the district court issued its screening order in *Jones v. Zimmer*, Case No. 2:12-CV-01578-JAD-NJK, Doc. #16.  Moreover, because this particular issue appears to not have been litigated to any great degree in this circuit, Plaintiff's failure to raise it until now is understandable.  Finally, the liberty interest at stake, and the derivative right to procedural due process, fundamentally implicate the very core of our constitution.  Accordingly, the Court finds that resolution of Plaintiff's claim on the merits is particularly important.

      Defendants' argument that allowing Plaintiff's supervisory claims against Williams, Cox, and Skolnik to proceed would be inherently unfair is unavailing.  Defendants and the Attorney General were on notice of the nature of this claim when Plaintiff initially filed suit on February 4, 2010.  *See* Doc. #1, Ex. A.  Moreover, Plaintiff has other claims related to his supervisory claim against Williams, Cox, and Skolnik still pending before the Court.  Defendants have had ample opportunity to conduct discovery on this claim and have not alleged, with any particularity, that they have been unable to obtain the necessary evidence, documentary or otherwise, in order to defend against the claim.  Additionally, because discovery on the claim has already closed, the Court finds that any further delay in the litigation will be minimal.  Finally, the fact that Skolnik is no longer employed by the NDOC is not an adequate ground on which to deny Plaintiff's Motion for Relief.  The Attorney General is entirely capable of representing him in his former capacity as the Director of the NDOC.  Particularly because this action, in which the challenged claims were originally contained, remains pending before the Court,  the Court concludes that Plaintiff's Motion for Relief was made within a "reasonable time" under the circumstances.

///
///
///
///

Good cause appearing,

IT IS THEREFORE ORDERED that Defendants' Objection (Doc. #229) is OVERRULED.

IT IS FURTHER ORDERED that Defendants' Request to Stay Discovery (Doc. #229) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's second claim for supervisory liability against Williams, Cox, and Skolnik may proceed.

IT IS SO ORDERED.

DATED this 4th day of June, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE