# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER A. JONES, | 3:10-cv-00162-LRH-VPC |
| Plaintiff, | |
| v. | **ORDER** |
| HOWARD SKOLNIK, *et al.*, | |
| Defendants. | June 12, 2014 |

Before the court are several discovery motions: defendant Mustafaa's motion for protective order (#279/296);[1] plaintiff's motion to compel discovery from defendant Mustafaa (#281); defendant Schultz's motion for a protective order (#284); plaintiff's motion to compel defendant Berry to answer deposition questions (#293); and plaintiff's motion to compel Berry to produce documents and for sanctions (#302).

### I.      Legal Standards

Generally, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Information that may not be admissible at trial is nevertheless discoverable if it is "reasonably calculated to lead to the discovery of admissible evidence. *Id*.

The district court has broad discretion in controlling discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Rule 26(c) of the Federal Rules of Civil Procedure states that the court may, for good cause, issue an order forbidding or limiting certain discovery in order to protect a

---

[1] Refers to the court's docket number. A corrected image of the motion filed as #279 was filed as #296. Thus, the court will refer to defendant Mustafaa's motion as #296.

party or person from annoyance, embarrassment, oppression or undue burden or expense. Rule 26(b)(2)(C) provides that on motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by the rules if it determines that (i) the discovery sought is unreasonably cumulative or duplicative, or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Requests for admissions are "first, to facilitate proof with respect to issues that cannot be eliminated from the case, and second to narrow the issues by eliminating those that can be. The rule is not to be used in an effort to harass the other side . . . ." *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007). Requests for admission are designed to limit factual issues in the case. *Tracchia v. Tilton*, 2008 WL 5382253 *2 (E.D.Cal.2008); *citing Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73, 77 (N.D.N.Y.2003). "Although the rule permits a party to ask another party to admit the truth of 'the application of law to facts,' requests for admission should not be used to 'demand that the other party admit the truth of a legal conclusion,'" *Tracchia*, 2008 WL 5382253 *2, quoting *Disability Rights Council v. Wash. Metro. Area*, 234 F.R.D. 1, 3 (D.C.Cir.2006); Fed.R.Civ.P. 36(a)(1).

The party seeking the protective order bears the burden of persuasion under Rule 26(c). *Russo v. Lopez*, 2012 WL 1463591 *3 (D. Nev. 2012), citing *U.S. Equal Employment Opportunity Commission v. Caesars Entertainment, Inc.*, 237 F.R.D. 428, 432 (D.Nev.2006). In order to meet that burden, the movant must demonstrate a particular need for the protection sought. The rule requires more than "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Id*. The movant must point to specific facts that support the request, "as opposed to

conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one." *Id*.  A mere showing that the discovery may involve some inconvenience or expense is insufficient to establish good cause under Rule 26(c).  *Id*.; *see also*, *Turner Broadcasting System, Inc. v. Tracinda Corporation*, 175 F.R.D. 554, 556 (D.Nev.1997).

**II.     Defendant Mustafaa's Motion for Protective Order**

On April 10, 2014, defendant Mustafaa filed a motion for protective order, seeking relief from responding to plaintiff's Fourth and Fifth Sets of requests for admission in their entirety (#279).  Plaintiff opposed (#298), and defendant replied (#308).

Mustafaa attaches to his motion five sets of requests for admissions propounded on him by plaintiff:  set one – sixty requests; set two – nineteen requests; set three – twelve requests; set four – twelve requests; set five – eighteen requests, for a total of one hundred twenty-one requests (#296, Exhibits B-F).  He states that he has responded to the first three sets, providing ninety-one responses (#296, p. 3).  Plaintiff has also propounded two sets of requests for interrogatories on Mustafaa, for a total of twenty requests, four sets of requests for production, for a total of forty-four requests, as well as numerous discovery dispute letters and motions.  *Id*.

Mustafaa argues that plaintiff, a *pro se* inmate litigant, has monopolized the discovery process, leaving defendants little time to propound discovery on him.  *Id*.  While the court is not unsympathetic to defendant's position, courts do not readily grant protective orders against an entire set of discovery requests on the grounds that the number of requests is excessive.  *Russo*, 2012 WL 1463561 *3, citing *Lurensky v. Wellinghoff*, 258 F.R.D. 27 (D.D.C.2009).  Thus, the court has considered each of defendant's specific objections in turn and, good cause appearing, rules as set forth below.

The motion for protective order is granted as to the following Requests for Admissions ("RFA"): Fourth Set: #s 92, 93, 94, 95, 96, 97, 100, 101, 102; Fifth Set: #s 104, 105, 107-117, 121. The court shall not require Mustafaa to respond to the RFAs listed above.

The motion for protective order is denied as to the following RFAs: Fourth Set: #s 98, 99, 103; Fifth Set: #s 106, 118, 119, 120. Mustafaa shall respond to these RFAs within fifteen days of the date of this order.

### III.  Plaintiff's Motion to Compel Discovery from Defendant Mustafaa

On April 14, 2014, plaintiff filed a motion to compel discovery from Mustafaa and to determine sufficiency of answers (#281). Defendant opposed (#300), and plaintiff replied (#301). The court has reviewed Mustafaa's responses, and they shall stand. This includes defendant's response to request for production #36, in which he indicates that he will supplement if NDOC supplies further information (*see* #300, p. 4). Accordingly, plaintiff's motion (#281) is **DENIED**.

### IV.  Defendant Schultz's Motion for Protective Order

On April 15, 2014, defendant Jeremiah Schultz ("Schultz") moved for a protective order related to written discovery propounded on Schultz and defendant Taerik Berry ("Berry") (#284). On April 18, 2014, plaintiff filed a response to the motion (#288). In his response, plaintiff provided notice that he was withdrawing the discovery requests in light of this court's order dated April 11, 2014 (#280). Accordingly, Schultz's motion for protective order (#284) is **DENIED** as moot.

### V.  Motion to Compel Defendant Berry to Answer Deposition Questions

On April 22, 2014, plaintiff filed a motion to compel defendant Berry to answer deposition questions (#293). Berry opposed (#309), and plaintiff replied (#312). At Berry's February 28, 2014 deposition, plaintiff asked: "what can you tell me about the circumstances that you have heard about surrounding Sergeant Schultz leaving NDOC?" (#293, Ex. A). Deputy Attorney General Raelene K.

Palmer objected on behalf of NDOC and instructed the deponent not to answer the question. *Id*. Counsel may instruct a witness not to answer a deposition question under only three circumstances: (1) "when necessary to preserve a privilege;" (2) "to enforce a limitation on evidence directed by the court;" or (3) to protect a witness from an examination "being conducted in bad faith or in such a manner as unreasonably may annoy, embarrass, or oppress the deponent or party." Fed.R.Civ.P. 30(c)(2) & (d)(3)(A). Palmer apparently objected based on the potential disclosure of privileged or confidential information. While such an objection might have been well-taken with respect to defendant Schultz's objection to plaintiff reviewing his NDOC employment file (*see* #280), it was improper here. Counsel should have lodged her objection and then directed Berry to answer the question. Defendant expresses concern that confidential information, such as marital status or family information could have been disclosed. As plaintiff points out, the question did not seek this type of confidential information.

The court notes that the parties should have temporarily halted the deposition and called the court in order to settle the matter at that time; instead the court now must expend more judicial resources to revisit this issue. Plaintiff's motion (#293) is now granted as follows:

The following interrogatory is hereby propounded on defendant Berry on behalf of plaintiff: What have you heard about the circumstances surrounding Sergeant Schultz leaving NDOC?

Berry shall respond within fifteen days of the date of this order. If Berry did, in fact, hear anything at all about such circumstances, he shall set forth a verified, full and complete answer in a narrative form that adequately responds to the question.

**VI.    Motion to Compel Defendant Berry to Produce Documents and for Sanctions**

On May 7, 2014, Plaintiff filed a motion to compel defendant Berry to produce documents that plaintiff requested in his third set of requests for production and for sanctions (#302).

Defendant opposed (#311), and plaintiff replied (#313). The court has reviewed defendant's responses and finds that plaintiff's motion is not well-taken. Accordingly, defendant's responses shall stand, and plaintiff's motion is denied (#302).

**VII.  Conclusion**

**IT IS ORDERED** as follows:

1. Defendant Mustafaa's motion for protective order (#279) is **GRANTED** in part and **DENIED** in part as set forth in this order. Mustafaa **SHALL RESPOND** to RFA #s 98, 99, 103, 106, 118, 119, and 120 within **FIFTEEN (15) DAYS** of the date of this order.

2. Plaintiff's motion to compel discovery from defendant Mustafaa (#281) is **DENIED**.

3. Defendant Schultz's motion for protective order (#284) is **DENIED** as moot.

4. Plaintiff's motion to compel defendant Berry to answer deposition questions (#293) is **GRANTED**. Berry shall respond to the interrogatory set forth above in section V within **FIFTEEN (15) DAYS** of the date of this order.

5. Plaintiff's motion to compel defendant Berry to produce documents and for sanctions (#302) is **DENIED**.

**DATED:**  June 12, 2014.

_____
**UNITED STATES MAGISTRATE JUDGE**