UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CHRISTOPHER A. JONES, | ) | |
| | ) | 3:10-cv-00162-LRH-VPC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| HOWARD SKOLNIK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | August 25, 2014 |
| | ) | |

Before the court are several motions by plaintiff and defendants Mustafaa and Berry.

I. **Plaintiff's motion for order (#316)**[1]

First, the court considers plaintiff's motion for order, in which he essentially points out that now that the District Court has overruled defendants' objections (#315) to the court's order granting plaintiff's motion for relief from order and reinstating three defendants (#225), the Attorney General must indicate whether it accepts service on behalf of those defendants—Williams, Cox and Skolnik (*see* #225).

Good cause appearing, plaintiff's motion (#316) is **GRANTED**. It is **ORDERED** as follows:

1. Within **TEN (10) days** of the date of the entry of this order, the Attorney General's Office shall file a notice advising the court and plaintiff of: (a) the names of which of the defendants—Brian Williams, Greg Cox, and Howard Skolnik—for whom it accepts service; (b) the names of the defendants for whom it does not accept service; and (c) the names of the defendants for whom it is filing last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, the last known address(es) of those defendant(s) for whom it has such information.
2. If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a

---

[1] Refers to the court's docket number.

      summons, and specifying a full name and address for the defendant(s).  As to any of the defendants for whom the Attorney General has not provided last-known-address information, plaintiff shall provide the full name and address for the defendant(s).

3. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint **within FOURTEEN (14) days** from the date the Attorney General files the notice of acceptance of service.

4. Henceforth, plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein.  The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service.

## II.  Defendants' discovery motion

Next, defendants filed a motion "not to reopen discovery" (#320), which plaintiff opposed (#326).  Notwithstanding the District Court's order dated December5 10, 2013 (#225), or its order overruling defendants' objections (#315), in this motion, defendants largely attempt to re-litigate whether defendants Williams, Cox and Skolnik should have been reinstated in this case.  While the District Court noted in its order that discovery on the claim had already closed, current defendants present no proper or just basis to prevent plaintiff from conducting discovery with respect to these three defendants.  However, the court is mindful of the need to avoid further delay in the resolution of this case.

    Accordingly, defendants' motion (#320) is **DENIED**.  It is **ORDERED** as follows:

1. Discovery as to the defendants on behalf of whom the Attorney General accepts service shall be completed no later than **SIXTY (60) DAYS** from the date such defendants file an answer or responsive pleading to the complaint.

2. Dispositive motions shall be filed no later than **THIRTY (30) DAYS** from the date of the close of discovery.

3. The joint pretrial order shall be filed no later than **SIXTY (60) DAYS** from the date of close of discovery, or **THIRTY (30) DAYS** after the decision on any pending dispositive motions.

**NO further extensions of discovery or any other deadline set in this order will be granted to any party for any reason.**

### III.  Plaintiff's motion to compel

On June 10, 2014, plaintiff filed a motion to compel defendants Mustafaa and Berry to produce documents he requested in his fourth set of requests for production, RFP #s 39-43 (#317, p. 1).  Defendant Mustafaa opposed (#323), and plaintiff replied (#328).

Generally, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  Information that may not be admissible at trial is nevertheless discoverable if it is "reasonably calculated to lead to the discovery of admissible evidence. *Id*.  The district court has broad discretion in controlling discovery.  The court has reviewed the RFPs, the responses, and the parties' arguments, and rules as set forth below.

Plaintiff's motion to compel (#317) is **DENIED**.  Defendant's responses to RFP #s 40-43 shall stand.  Plaintiff's motion to compel is further denied as to **RFP #39**, with the court's understanding that defendant Mustafaa has already provided or will provide, **WITHIN TEN (10) DAYS** of the date of this order, the information he agrees in his opposition to provide (#323, p. 3; #337, p. 2).

### IV. Plaintiff's motion for reasonable expenses

Next, the court considers plaintiff's motion for reasonable expenses (#334) related to his motion to compel defendant Berry to answer deposition questions (#293).  On June 12, 2014, the court granted plaintiff's motion to compel and directed defendant Berry to answer a question now posed as an interrogatory that, at the direction of counsel, he refused to answer during his deposition

(#318). Plaintiff now moves for an award of reasonable expenses that he incurred in the deposition, motion to compel, and reply. Defendant Berry opposed (#341), and plaintiff replied (#345).

FRCP 37(a)(5)(A) provides that the court must, after the parties have an opportunity to be heard, require the party that necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. While plaintiff asks that the court determine what might be "reasonable" costs, he notes that it cost him $367 to depose defendant Berry and that he spent more than six hours drafting the motion to compel and his reply in support of the motion (#334, p. 4). He attaches the invoice from Lawyer Solutions Group, LLC, which reflects the following charges: $80 for court reporter's attendance; $272 for transcript and copy; and $15 for postage. *Id*. at 12.

Good cause appearing, plaintiff's motion is **GRANTED**. Defendant's counsel was unjustified in taking the drastic action of instructing the deponent not to answer, which has caused all parties and the court to expend additional resources. However, while plaintiff incurred some transcript costs in making this motion, the dispute centered on one deposition question; as such, he is not entitled to all costs. The court has determined that $100 is a reasonable award of costs incurred in bringing the motion to compel. Accordingly, counsel for defendant Berry has **THIRTY (30) DAYS** from the date of this order to deposit $100 in plaintiff's inmate trust two account.

V.  **Defendant's motion to strike**

Finally, defendants Berry and Mustafaa filed a motion to strike plaintiff's improper response (#347). On July 25, 2014, defendants filed a notice of compliance (#337), indicating their position that they had complied with the court's discovery order dated June 12, 2014 (*see* #318). As was inevitable, this led to plaintiff filing a "response" in which he disputes that defendants have complied with the discovery order at docket #318 (#343). Defendants now move to strike plaintiff's response

as improper (#347).  The court agrees with defendants that plaintiff's response was improper and that the parties must engage in the meet and confer process first to attempt to resolve any dispute regarding the discovery responses at issue.  Accordingly, plaintiff's response (#347) is **STRICKEN**. Moreover, defendants shall file no further self-serving notices of compliance, which only serve to multiply proceedings in the already overwhelming and congested docket in this case.

### VI. Conclusion

**IT IS ORDERED** as follows:

1. Plaintiff's motion for order (#316) is **GRANTED** as set forth in this order.

2. Plaintiff's motion to compel (#317) is **DENIED** as set forth in this order.

3. Defendant's motion not to reopen discovery (#320) is **DENIED** as set forth in this order.

4. Plaintiff's motion for clarification (#329) is **DENIED** as moot.

5. Defendants' motion to strike plaintiff's notice of supplemental authorities in support of motion for clarification (#349) is **GRANTED**.  Plaintiff's notice (#342) **SHALL BE STRICKEN**.

6. Plaintiff's motion to strike "new material" (#335) is **DENIED** as moot.

7. Plaintiff's motion for reasonable expenses (#334) is **GRANTED** as follows:  within **THIRTY (30) DAYS** of the date of this order, defendants **SHALL DEPOSIT** $100 in plaintiff's inmate trust two account.

8. Defendants' motion to strike (#347) is **GRANTED**.  Plaintiff's response (#343) **SHALL BE STRICKEN**.

**DATED:**  August 25, 2014.

_____
**UNITED STATES MAGISTRATE JUDGE**

-5-