UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| CHRISTOPHER A. JONES, | ) |
| | ) 3:10-cv-00162-LRH-VPC |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| HOWARD SKOLNIK, *et al.*, | ) |
| | ) |
| Defendants. | ) |

Before the Court is Defendants Yaqub Mustafaa and Taerik Berry's (collectively "Defendants") Objection to the Magistrate Judge's Order (Doc. #350[1]) pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Rule IB 3-1(a).  Doc. #355. Christopher A. Jones ("Jones") filed a Response (Doc. #357), to which Defendants replied (Doc. #364).

Also before the Court is Plaintiff Christopher Jones' Partial Objections to the Magistrate Judge's Order (Doc. #350) pursuant to Federal Rule of Civil Procedure 72(a).  Doc. #354. Defendants filed a timely Response.  Doc. #365.  Jones also filed a Motion to Strike Defendants' Reply (Doc. #364) to Jones' Response (Doc. #357) to Defendants' Objection to the Magistrate Judge's Order (Doc. #355).  Doc. #367. Jones also filed a Motion for Expedited Ruling. Doc. #358.

**I.   Legal Standard**

A magistrate judge's orders operate as final determinations of pretrial matters under 28 U.S.C. § 636(b)(1)(A) and Local Rule IB 1-3.  Accordingly, a district judge may reconsider a

---

[1] Refers to the Court's docket entry number.

magistrate judge's order only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR IB 3-1(a).

## II. Discussion

### A. Defendant's Objection

The Court has reviewed the relevant documents and pleadings on file in this matter and finds that the Magistrate Judge's Order, to which Defendants object, is not clearly erroneous or contrary to law. Therein, the Magistrate Judge denied Defendants' Motion Not to Reopen Discovery. *See* Doc. #350, pp. 2-3. Defendants argue that the Magistrate Judge's decision to reopen discovery will be prejudicial to both the reinstated defendants (Williams, Cox, and Skolnik), as well as the other defendants (Mustafaa, Berry, and Schultz). In this regard, Defendants appear to believe that this Court's ruling, allowing three new defendants to be re-introduced into the case years after being dismissed, was entirely predicated on the lack of prejudice to the parties because discovery was already closed. Defendants misunderstand the Court's Order in this regard. In determining whether Jones' Motion for Relief pursuant to Federal Rule of Civil Procedure 60(b) was made within a "reasonable time," the Court considered, among several other factors, prejudice to the opposing party caused by the delay (Williams, Cox, and Skolnik), as well as prejudice to other parties (Mustafaa, Berry, and Schultz). The Court determined that these defendants did not suffer prejudice for a number of reasons, only one of which had anything to do with discovery. Specifically, the Court concluded that "because discovery on the claim has already closed, . . . any further delay in the litigation will be minimal." Doc. #315, p. 10.

Here, the Magistrate Judge ordered that "[d]iscovery as to the defendants on behalf of whom the Attorney General accepts service shall be completed no later than SIXTY (60) DAYS from the date such defendants file an answer or responsive pleading to the complaint." Doc. #350, p. 2. The Magistrate Judge further ordered that "NO further extensions of discovery . . . will be granted to any party for any reason." *Id.* at 3. Given the short time frame in which the Magistrate Judge ordered discovery reopened, the Court maintains its earlier position that any further delay in the litigation caused by reopening discovery will be minimal. Accordingly,

1  Defendants' Objection is overruled in this regard.

2      The Court is not of the opinion that this Order or any other Order on the subject involves
3  a controlling question of law as to which there is substantial ground for difference of opinion.
4  Accordingly, an immediate appeal pursuant to 28 U.S.C. § 1292 is not warranted.  Finally, all
5  claims against Defendants, which are now at the dispositive motion phase, shall proceed
6  unhindered by the reopening of discovery.

7      The Magistrate Judge also granted Jones' Motion for Reasonable Expenses Related to
8  Motion to Compel.  *See* Doc. #350, pp. 3-4.  Specifically, the Magistrate Judge found that
9  Defendants' counsel "was unjustified in taking the drastic action of instructing the deponent not
10  to answer [the deposition question], which has caused all parties and the court to expend
11  additional resources."  Doc. #350, p. 4.  She further determined that "while plaintiff incurred
12  some transcript costs in making [his subsequent motion to compel], the dispute centered on one
13  deposition question; as such he is not entitled to all costs."  *Id.*

14      Defendants argue that Jones did not comport with the requirements in Federal Rule of
15  Civil Procedure 37(a)(5)(A), which states that a court must not order payment if:

16      (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

17
18      (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

19      (iii) other circumstances make an award of expenses unjust.

20  The Court disagrees.

21      As to subsection (i), the Court rejects Defendants' assertion that Jones did not attempt in
22  good faith to obtain the disclosure or discovery without court action.  Jones made a good faith
23  attempt at obtaining the information at issue at the deposition.  Defendants' suggestion that Jones
24  should have contacted the Magistrate Judge at the time of the deposition to rule on any discovery
25  disputes that arose is beside the point.  Moreover, Defendants' suggestion that Defendant Berry
26  would have answered the question differently in response to an interrogatory is mere conjecture.
27  By refusing to answer at his deposition, Defendant Berry, not Jones, created the necessity for
28  Jones' subsequent motion to compel.

1    As to subsection (ii), the Court also rejects Defendants' assertion that Defendant Berry's
2 nondisclosure was substantially justified.  While Defendants' counsel may have been concerned
3 about the confidentiality of certain personnel information, the Magistrate Judge found that he
4 was unjustified in instructing Defendant Berry not to answer the question.  Indeed, Defendants
5 appear to acknowledge that the breadth of the objection was unjustified as they admit that "a
6 better objection would have been to instruct Defendant Berry not to answer the question to the
7 extent his answer would have resulted in the disclosure of confidential personnel information."
8 *See* Doc. #355, p. 8.  Accordingly, regardless of whether Defendant Berry was justified in
9 withholding certain confidential personnel information, his complete refusal to answer the
10 question was not.  For this reason as well, the Court declines to conduct an in camera review of
11 the information Defendants sought to protect.

12    As to subsection (iii), the Court does not believe that any other circumstances make the
13 Magistrate Judge's award of $100 unjust.  While the Court is well aware that Defendants have
14 incurred substantial discovery costs as a result of Jones' zealous motion practice, the Court did
15 not find that any of his motions, referenced by Defendants, were frivolous.  Indeed, the mere fact
16 that those motions were unsuccessful does not render them frivolous.

17    Finally, the Magistrate Judge awarded Jones the $100 to cover a portion of the expenses
18 associated with obtaining a deposition transcript, which presumably was necessary in order to file
19 the motion to compel, not to cover any attorney's fees or compensate Jones for his time in
20 drafting the motion to compel.  It was within the Magistrate Judge's discretion to set the award at
21 $100 and the Court will not disturb her decision to do so.

22    **B.    Plaintiff's Objection and Motions**

23    Jones objects to the Magistrate Judge's Order on the grounds that the Magistrate "denied
24 the plaintiff's possession of his medical records that numerous other judges and magistrates have
25 saw fit to allow him to possess in the past." Doc. #354 at 2.  Defendants respond that the
26 Magistrate Judge's Order "is in fact a proper application of the Nevada Department of
27 Correction's promulgated rule adopted in accordance with *Turner v. Safley*, [482] U.S. 78
28 (1987), particularly given that Plaintiff is housed with three other inmates." Doc. #365 at 2.  The

Court finds that the Magistrate Judge's Order was neither clearly erroneous nor contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR IB 3-1(a).  Accordingly, Jones' objection on this ground is overruled.

Jones also moves to strike Defendants' Reply in support of their objections to the Magistrate Judge's Order.  Doc. #367.  Jones argues that the applicable statutes and rules "do not provide for a reply to response to an objection nor, in support of that initial objection." *Id.* at 2.  The Federal Rules of Civil Procedure and Local Rules permit an opposing party to submit objections within fourteen days of the Order.  Fed. R. Civ. P. 72(b)(2); LR IB 3-1(a).  The rules also permit a party to respond to these objections within fourteen days.  Fed. R. Civ. P. 72(b)(2); LR IB 3-1(a).  Jones is correct that these rules do not provide for the objecting party's right to reply to a response to an objection.  However, because this Order based its analysis on Defendants' original objection rather than Defendants' Reply to Plaintiff's Response, the Motion to Strike is denied as moot.

### III.    Conclusion

For the reasons set forth herein, the Court finds that the Magistrate Judge's rulings were not clearly erroneous or contrary to law.  Accordingly, Defendants' and Plaintiff's Objections are overruled.

IT IS THEREFORE ORDERED that Jones' Objection (Doc. #354) is OVERRULED.

IT IS FURTHER THEREFORE ORDERED that Defendants' Objection (Doc. #355) is OVERRULED.

IT IS FURTHER ORDERED that Jones' Motion for Expedited Ruling (Doc. #358) is DENIED as moot.

IT IS FURTHER ORDERED that Jones' Motion to Strike (Doc. #367) is DENIED as moot.

IT IS SO ORDERED.

DATED this 13th day of October, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE