UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER A. JONES,<br><br>        Plaintiff,<br><br>v.<br><br>HOWARD SKOLNIK, *et al.*,<br><br>        Defendants. | 3:10-cv-00162-LRH-VPC<br><br>**MINUTES OF THE COURT**<br><br><br>December 8, 2014 |

PRESENT:  THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  LISA MANN  REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

    Before the court is plaintiff's motion to purchase a copy of the July 30, 2007 disciplinary hearing tape (#356). Defendants oppose, but also state that they will facilitate, at plaintiff's cost, delivery of the tape to a third-party transcription service for the production of a hardcopy transcript (#368). Plaintiff finds that compromise insufficient, and maintains his request for the court's order on the basis that possessing an audio copy in his cell will facilitate his "thorough review" of the tape, with an eye toward a potential authenticity motion. (#371 at 2-3).

    This is not the first time the court has considered plaintiff's request for actual possession of the hearing tape. In a prior discovery dispute, plaintiff moved the court, *inter alia*, to order the Nevada Department of Corrections ("NDOC"), which is not a party to this case, to provide him a copy of the hearing tape so that he may review it in his cell at the Northern Nevada Correctional Center ("NNCC"). (#281 at 2-3). Plaintiff argued, without the supported of authority, that requiring access of the tape through kiting the warden at NNCC was a "direct violation of [his] discovery rights . . . ." (*Id.* at 3). Defendants opposed, suggesting that the NDOC had fulfilled its third-party discovery obligations by allowing his inspection of the tape. (#300 at 2-3). Defendants also argued that safety and security concerns justified the NNCC's limiting of plaintiff's review of the "confidential" tape in only secure areas, away from the ears of fellow NNCC inmates. (*Id.*) The court issued a comprehensive discovery motion on June 12, 2014, in which plaintiff's motion was denied in its entirety (#318 at 4).

The parties do not dispute that the tape is discoverable information under the Federal Rules. The parties do not dispute that the tape has been produced. Plaintiff has not contested defendants' indication that plaintiff may access, and has accessed, the tape in a secure area for his use in this litigation. (*Compare* #356 at 2-3 *with* #371). Plaintiff simply persists in litigating the issue because he desires physical possession of the tape in his cell, and he is apparently dissatisfied with the decision that the court has already rendered.

As such, it is plain that plaintiff's motion seeks reconsideration of the court's prior order. The parties, of course, may move for reconsideration. *See Henry v. Rizzolo*, No. 2:08-cv-00635-PMP-GWF, 2010 WL 3636278, at *1 (D. Nev. Sept. 10, 2010); *see also* Fed. R. Civ. P. 59(a). Yet a motion for reconsideration is proper only where the moving party sets forth "some valid reason why the court should revisit its prior order" and also "facts or law of a 'strongly convincing nature' in support of reversing the prior decision." *Henry*, 2010 WL 3636278, at *1 (quoting *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003)). Plaintiff's motion fails to satisfy this standard, as he offers no compelling reasons for reversing the prior decision.[1] Therefore, plaintiff's motion (#356) is **DENIED**.

Moreover, as an additional basis for denying the motion, the court rejects plaintiff's opinion that his discovery rights are violated simply because he must access the tape by kiting the NNCC warden. The court reminds plaintiff that he is a prisoner. Although incarceration does not entail his entire forfeiture of rights, it is axiomatic that legitimate penological interests curtail what he can do and how he may do it. *Cf. Turner v. Safley*, 482 U.S. 78, 85 (1987). Courts in the Ninth Circuit have recognized that the methods by which a prisoner may access and review discovery are properly limited by legitimate institutional security concerns. *See Garcia v. Clark*, No. 1:10-cv-00457-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Mar. 26, 2012). Absent binding authority to the contrary, this court declines to substitute its own judgment for that of NDOC and NNCC officials on whether reviewing the tape in his cell, audibly, presents a security risk that is absent when such review is conducted via hardcopy transcript. If plaintiff desires a copy in his cell, he may take up defendants' offer. At bottom, plaintiff has adequate access to the tape and can sufficiently review it for use at this time. Nothing more is required.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By: _____/s/_____
Deputy Clerk

---

[1] The court notes that plaintiff's repeated reliance on Judge McQuaid's order in a different case, which apparently allowed plaintiff to possess an excerpted copy of a disciplinary tape in his cell (*See* #371 at 3-4), is unpersuasive. Judge McQuaid's order concerned different circumstances. Among others, plaintiff was incarcerated at Ely State Prison in Ely, Nevada during that litigation. Accordingly, different security considerations may have applied, as to whether possession of a tape was permissible. It is not the court's place to sit in review of the NDOC's determinations on that question. *Cf. Turner*, 482 U.S. at 85 ("When a state penal system is involved, federal courts have . . . additional reason to accord deference to the appropriate prison authorities"). The court's decision to disallow access in this case pertains only to the present litigation and the present facts, and casts no opinion on the propriety of Judge McQuaid's order in that case.