UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| CHRISTOPHER A. JONES, | ) |
| Plaintiff, | ) 3:10-cv-00162-LRH-VPC ) |
| v. | ) ORDER |
| HOWARD SKOLNIK, *et al.*, | ) ) |
| Defendants. | ) ) |

Before the Court is Plaintiff Christopher A. Jones' ("Jones") Motion for Reconsideration of the Court's Order of September 25, 2014 (Doc. #363). Doc. #366. Defendant Yaqub Mustafaa ("Mustafaa") filed a Response (Doc. #373) and renewed his prior Motion to Strike Jones' Motion to Determine the Sufficiency of Admissions (Doc. #374), to which Jones Replied (Doc. #378).

## I.   Factual Background

Jones' Motion arises from a discovery dispute that began on December 2, 2013, when Jones propounded requests for admissions to Mustafaa. Doc. #280 at 3. Mustafaa responded to the requests for admissions in late December, at which point Jones replied, outlining his objections to the responses. *Id.* On February 4, 2014, Mustafaa's attorney sent a four-page single-spaced letter to Jones, explaining the disputed responses. Doc. #253 at 50-53. The letter concluded with a request that Jones respond in good faith pursuant to Federal Rule of Civil Procedure 37 before filing a motion to compel. *Id.* at 53. Jones did not meet and confer under Rule 37, and instead filed a motion to compel on January 27, 2014. Doc. #239. Jones also filed

a Motion to Determine Sufficiency of Admissions on February 20, 2014, but did not attach Mustafaa's supplementary responses. Doc. #253. Mustafaa then filed a Motion to Strike Plaintiff's Motion to Determine Sufficiency of Admissions on the ground that Jones failed to meet and confer pursuant to Rule 37. Doc. #258.

In an April 11, 2014 Order, the Magistrate Judge stated that Jones' refusal to meet and confer "alone warrants granting defendant Mustafaa's motion to strike." Doc. #280 at 3. The Magistrate Judge went further, and ruled on the merits of Jones' Motion "in the interest of managing the court's already congested docket in this case." *Id.* Ultimately, the Magistrate Judge denied Jones' Motion (Doc. #253) because after reviewing "defendant Mustafaa's supplemental responses," the Magistrate Judge determined that they were sufficient. *Id.* Jones filed an Objection to the Magistrate Judge's Order on April 18, 2014, arguing that the Order constituted clear error because the Magistrate Judge never reviewed Defendants' Supplemental Responses. Doc. #289. The Court overruled Jones' Objection, noting that "Jones himself provided a copy of the supplemental responses," and finding that the Magistrate Judge's Order "was not clearly erroneous or contrary to law." Doc. #363 at 2.

Jones filed a Motion for Reconsideration on October 1, 2014, arguing that the Court's Order, and the underlying Magistrate Judge's Order, constituted clear error because Jones never submitted Mustafaa's supplemental responses, so the Court could not have reviewed the supplemental responses in ruling on Jones' Motion. Doc. #366 at 2. Specifically, Jones states that the document to which the Court referred as the supplemental responses was instead merely Mustafaa's Rule 37(a) notice. *Id.* at 3. Mustafaa responds that the court never had the supplemental responses because Jones "admittedly did not provide them to the Court." Doc. #373 at 3. Mustafaa included in his response a Counter-Motion to Reconsider the Magistrate Judge's decision not to Strike Jones' Motion to Determine Sufficiency of Admissions. *Id.* at 4-5.

II.    **Legal Standard**

"A district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment." *Smith v. Massachusetts*, 543 U.S. 462, 476 (2005) (quoting *United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982)). However, "a motion for

2

1  reconsideration should not be granted, absent highly unusual circumstances, unless the district
2  court is presented with newly discovered evidence, committed clear error, or if there is an
3  intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656,
4  665 (9th Cir. 1999).
5      A magistrate judge's orders operate as final determinations of pretrial matters under 28
6  U.S.C. § 636(b)(1)(A) and Local Rule IB 1-3.  Accordingly, a district judge may reconsider a
7  magistrate judge's order only if it is "clearly erroneous or contrary to law."  28 U.S.C.
8  § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR IB 3-1(a).
9  **III.   Discussion**
10     As a preliminary matter, the court inadvertently based its merits review of Jones' Motion
11 on the belief that the court had reviewed defendants' supplemental responses because it appeared
12 in the context of Jones' Motion that he had in fact submitted the supplemental responses.
13 Accordingly, the Court grants Jones' Motion for Reconsideration (Doc. #366), vacates its prior
14 Order overruling Jones' Objection (Doc. #363), and enters this Order to resolve Jones' initial
15 objection (Doc. #289) and Mustafaa's renewed Motion to Strike (Doc. #374).
16     The Court's mistaken belief that it had reviewed the supplemental responses while ruling
17 on the merits of Jones' Motion warrants sustaining Jones' objection to the Magistrate Judge's
18 Order (Doc. #289).  However, the Magistrate Judge's determination that Jones' refusal to meet
19 and confer warranted granting Defendants' Motion to Strike was not "clearly erroneous or
20 contrary to law."  The record shows that Jones did not confer, or attempt to confer, with
21 Mustafaa under Federal Rule of Civil Procedure 37 before filing his Motion to Compel.  The
22 Court therefore grants Defendants' Renewed Motion to Strike Jones' Motion to Determine
23 Sufficiency of Admissions (Doc. #374).
24      Defendants argue further that "Plaintiff should be sanctioned in any manner that the
25 Court deems fit." Doc. #373 at 4.  The Court finds that sanctions are not appropriate in this case,
26 nor is a protective order.  Federal Rule of Civil Procedure 37 states that if a motion to compel is
27 granted, the court must require the losing party to pay reasonable expenses, including attorney
28 fees, unless the movant acted in good faith or was substantially justified.  Fed. R. Civ. P.

37(a)(5)(A). If a motion is denied, the court can issue a protective order under Federal Rule of Civil Procedure 26(c) or order the moving party to pay reasonable expenses including attorneys fees, unless the motion was substantially justified or ordering payment would otherwise be unjust. Fed. R. Civ. P. 37(a)(5)(B). Because granting Mustafaa's Motion to Strike is most similar to denying a motion to compel, the Court now considers a protective order under Rule 26. *See Wan v. Pulte Mortg.*, No. 2:13-cv-1362, 2013 WL 6692744, at *2 (D. Nev. Dec. 17, 2013) (declining to impose money damages under Rule 37(a)(5)(A) because plaintiff was *pro se*).

Rule 26 of the Federal Rules of Civil Procedure states that a party "from whom discovery is sought may move for a protective order" and seek a number of enumerated protections. Fed. R. Civ. P. 26(c). "The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." *Id.* In order to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense," the court can impose conditions including "(A) forbidding the disclosure of discovery" and "(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." *Id.* "[A] party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied." *Ministerio Roca Solida v. U.S. Dep't of Fish and Wildlife*, 288 F.R.D. 500, 503 (D. Nev. 2013). Additionally, "a party seeking a protective order must show a particular and specific need for the protective order, and broad or conclusory statements concerning the need for protection are insufficient." *Id.*

The Court is convinced that before seeking sanctions, Mustafaa made a good faith attempt to confer with Jones and resolve this dispute without court action. As the Court has previously held, however, the mere fact that many of Jones' prior motions have been unsuccessful "does not render them frivolous." Doc. #372 at 4. Additionally, the Court finds that Mustafaa has not met his heavy burden to show that a protective order is appropriate. Mustafaa alleged that with the Motion, Jones "has gone too far by making false accusations of fraud" and misleading the Court with his "deliberate failure to produce the relevant, supplemental responses in [Jones'] possession at the time he filed his premature[] motion to

compel." Doc. #373 at 5. The present Motion cannot be considered frivolous, however, because the Court's Orders regarding Jones' Motion to Determine Sufficiency of Admissions were based at least in part on the underlying belief that the Court had reviewed Mustafaa's supplemental responses.

Despite the Court's present decision not to impose a protective order or other sanctions, the Court notes that any additional attempt by Jones to challenge the sufficiency of Mustafaa's admissions must be accompanied by the supplemental responses that Jones has thus far withheld. If Jones files another motion challenging the sufficiency of Mustafaa's responses and fails to produce these supplemental responses, the Court will at that time consider imposing a protective order and/or sanctions. *See Wilson v. Republic Servs. of S. Nev.*, No. 2:10-cv-1156, 2012 WL 528226, at *3 (D. Nev. Feb. 17, 2012) (citing *Jacobsen v. Filler*, 790 F.2d 1362, 1364, 65 (9th Cir. 1986)) (declining to order *pro se* litigant to pay fees but noting that "further failures to follow the rules" and engage in good faith would "result in the imposition of sanctions").

**IV.    Conclusion**

IT IS THEREFORE ORDERED that Jones' Motion for Reconsideration (Doc. #366) is GRANTED.

IT IS FURTHER ORDERED that the Court's prior Order overruling Jones' objection to the Magistrate Judge's Order (Doc. #363) is VACATED.

IT IS FURTHER ORDERED that to the extent that this Order revives Jones' objection to the Magistrate Judge's Order (Doc. #289), the objection is SUSTAINED.

IT IS FURTHER ORDERED that Mustafaa's Renewed Motion to Strike Jones' Motion to Compel (Doc. #374) is GRANTED.

IT IS FURTHER ORDERED that Jones' Motion to Determine the Sufficiency of Admissions (Doc. #253) is STRICKEN.

IT IS SO ORDERED.

DATED this 12th day of December, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE