UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER A. JONES, | 3:10-cv-00162-LRH-VPC |
| Plaintiff, | **<u>ORDER</u>** |
| v. | |
| HOWARD SKOLNIK, *et al.*, | |
| Defendants. | |

Before the court are several motions (#391, #403, #412, #417) pertaining to the motion to dismiss by defendants Williams and Cox and defendants' reply to plaintiff's opposition thereto. Also before the court is a filing by plaintiff (#419) related to defendant Skolnik's motion to dismiss. Having reviewed the motions and other papers, these orders follow.

**I.     Plaintiff's Motion to Strike the Motion to Dismiss (#391)**

In short, the basis for plaintiff's motion to strike is that defendants' motion to dismiss is untimely. He so argues because defendants motion, filed through counsel, was due no later than November 6, 2014.

**A.     Background**

When the District Court overruled (#315) defendants' objection to an order by this court (#225), defendants Williams and Cox became parties to this action once again. Thereafter, the court issued an order on August 25, 2014 that provided instructions to the parties regarding the service of Williams and Cox (#350). The order directed the Attorney General's Office ("AG") to indicate within ten days whether it would accept service on behalf of the same. (*Id*. at 1.) In the occasion

that the AG declined service, the court instructed plaintiff to file a motion of unserved defendants, by which the court would order service via the United States Marshals Service ("USMS"). (*Id*. at 1-2.) In pertinent part, the order stated: "[i]f the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint **within FOURTEEN (14) days** from the date the Attorney General files the notice of acceptance of service." (*Id*. at 2) (emphasis original).

In compliance with the court's order, the AG filed notice (#351) on September 5, 2014, which stated that the AG was unable to accept service on behalf of Williams and Cox because it "ha[d] a duty to preserve their jurisdictional defenses and to avoid inadvertently waiving them." (*Id*. at 1.) The AG also provided an address for service of both defendants. (*Id*. at 1-2.) Accordingly, plaintiff filed a motion of unserved defendants (#353) on September 8, and the court issued summons on September 16 (#359, 360). The standard summons form used by the USMS to serve Williams and Cox stated, in pertinent part: "Within 21 days after service of this summons on you . . . you must serve an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure." (#360 at 1, #360-1 at 1.)

The USMS served Williams and Cox on October 16, 2014. (#376 at 1, #376-1 at 1.) Therefore, under the terms of the summonses, their responsive pleading deadline was November 6. One day before the deadline, the AG filed a limited notice of appearance (#381), in which counsel indicated that she would appear on behalf of Williams and Cox for the "sole purpose of filing a motion challenging jurisdiction." (*Id*. at 1.) Apparently construing the court's August 25 order as applicable because the AG was now appearing on defendants' behalf, she stated that "such motion will be filed on or before November 19, 2014," which was fourteen days past the date of her notice

of appearance. (*See id*. at 1 (citing #350 at 2).) Defendants Williams and Cox then filed their motion to dismiss on November 19 (#387).

**B.     Standard**

Two separate sources of authority empower federal courts to strike a pleading. First, pursuant to Federal Rules of Civil Procedure, the "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) motions are drastic remedies and, as such, are generally disfavored by federal courts. *Chan v. Pan W. Corp.*, No. 2:10-cv-1317-KJD-PAL, 2011 WL 830237, at *1 (D. Nev. Mar. 4, 2011). Under the Rule's plain language, the grant of such motions, even if meritorious, is left to the court's discretion. *See* Fed. R. Civ. P. 12(f) (stating that the court "may" strike a pleading).

The Rule identifies four particular bases for a motion to strike. "Redundant" matters are duplicative and repetitive. "Immaterial" matters are those that have "no bearing on the controversy before the court." *Chan*, 2011 WL 830237, at *1. "Impertinent" matters are those that "are not responsive to the issues that arise in the action . . . ." *Id*. A matter is "scandalous" when it casts a "cruelly derogatory light on a party or other person." *Id*.

Second, the court may strike an improper filing under its "inherent power over the administration of its business." *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (inherent powers are tools for "control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998). The court "has inherent authority to . . . promulgate and enforce rules for the management of litigation . . . ." *Spurlock*, 69 F.3d at 1016.

Motions to strike under the inherent power, as with Rule 12(f) motions, are wholly discretionary. *See Almy v. Davis*, No. 2:12-cv-00129-JCM-VCF, 2014 WL 773813, at *4-5 (D. Nev. Feb. 25, 2014). When weighing its discretionary authority, courts in this District have considered whether granting the motion would "further the overall resolution" of the action, and also the existence of "excessive and repetitive filings [that] have already slowed and complicated proceedings . . . ." *Id*. at *5.

**C.   Analysis**

The court hereby **DENIES** plaintiff's motion to strike (#391). As a factual matter, plaintiff is correct that defendants' motion is untimely. Under the terms of the August 25 order, defendants could respond within fourteen days of counsel's appearance only if the AG accepted service on their behalf. (*See* #350 at 2.) Because the AG did not do so, the provision to which counsel pointed in her notice (#381) did not apply. Accordingly, plaintiff asks the court to strike the motion as a fugitive document. His argument, however, lacks merit. The court is to strike "fugitive documents," which are those papers "not allowed" by the Local or Federal Rules. *See Reiger v. Nevens*, No. 3:12-cv-00218-MMD-VPC, 2014 WL 537613, at *3 (D. Nev. Feb. 14, 2014). Yet defendants' motion is not a fugitive one. It is, in fact, a required responsive pleading under Federal Rule 12, albeit an untimely one. That a required pleading or motion is late does not render it a fugitive document, for the applicable rules allow the filing, but simply by a different deadline. Accordingly, the court would err in striking the motion as fugitive.

The proper inquiry is whether the court has the power to strike the motion to dismiss, and, if so, whether the circumstances so merit under the court's discretionary authority. For the following reasons, the court declines to strike defendants' motion to dismiss. Because no basis exists under Rule 12(f) to strike a pleading as untimely, *see* Fed. R. Civ. P. 12(f) (identifying only "redundant,

immaterial, impertinent, or scandalous" matters), the court's power to strike in this instance arises in its discretionary inherent power. The court can envision various scenarios that might follow an order striking the motion. Nearly all of them lead back to defendants eventually refiling the motion, and the court's subsequent consideration thereof—with further motion practice, delay, and discord between the parties and counsel in the interim. As the parties well know, this case is entering its *fifth* year of litigation. Yet the parties are here engaged in a bitter dispute over the court's consideration of early-stage Rule 12 motions. As such, it is plain that granting plaintiff's motion would not "further the overall resolution of this action[,]" *Almy*, 2014 WL 773813, at *5; to the contrary, it would only facilitate further delay.

A second reason bolsters the court's conclusion. Although he is not alone in this regard, plaintiff has repeatedly slowed and complicated proceedings in this action through unproductive motion practice. *See id*. Accordingly, the court denies plaintiff's motion to strike. The court shall consider the motion, plaintiff's opposition, and defendants' reply in due course. Briefing on defendants' motion to dismiss (#387) has concluded.

**II.     Motion to Strike Defendants' Reply (#412), and Motion to Strike the Motion to Strike (#417)**

The court **DENIES** plaintiff's motion to strike defendants' reply (#412), and **DENIES** defendants' motion to strike plaintiff's motion to strike (#417). The court acknowledges the arguments and clarifications of the parties in these motions and papers, and also plaintiff's notice of withdrawal of the original motion (#420).

**III.    Motion for Extension of Time (#403)**

The court **GRANTS** defendants' motion (#403) for an extension of the reply brief deadline to January 9, 2015. The reply is, therefore, timely filed.

## IV. Docket No. 419

Finally, the court hereby notifies the parties that it construes docket no. 419 as plaintiff's opposition to defendant Skolnik's motion to dismiss (#414), even though it is not captioned as such. If plaintiff did not so intend, he shall file notice with the court to that effect, and the court will entertain any motions to strike that are filed in due course. Additionally, because the court anticipates the caption of the paper and characterization of the same in CM/ECF may have created confusion as to its purpose, defendants' period in which to reply to the opposition shall commence from the date of this order.

**IT IS SO ORDERED.**

**DATED:** February 18, 2105.

*/s/ Valerie P. Cooke*

_____
**UNITED STATES MAGISTRATE JUDGE**