UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | | |
|---|---|---|
| CHRISTOPHER A. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | 3:10-cv-00162-LRH-VPC |
| | ) | |
| v. | ) | |
| | ) | <u>ORDER</u> |
| HOWARD SKOLNIK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is Defendants' Objections to the Magistrate Judge's Report and Recommendation (Doc. #423[1]) regarding Defendants' Motion to Dismiss and Request to Stay Discovery. Doc. #425. Plaintiff filed a Response (Doc. #428), to which Defendants did not reply.

This action was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 1B 1-4 of the Rules of Practice of the United States District Court for the District of Nevada. The Court has conducted a *de novo* review of the Report and Recommendation, and has fully considered Defendants' Objection, the pleadings and memoranda of the parties, and other relevant matters of record pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule IB 3-2. The Court determines that the Magistrate Judge's Report and Recommendation (Doc. #423) shall be adopted in full. The Court further determines that Defendants' Objection shall be overruled and their Request to Stay Discovery shall be denied.

---

[1] Refers to the Court's docket number.

**I.   Procedural History**

This is a *pro se* prisoner civil rights action, brought pursuant to 42 U.S.C. § 1983. Plaintiff Christopher Jones ("Jones"), a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), filed suit alleging violations of his constitutional rights while in custody at Southern Desert Correctional Center ("SDCC") against several state officials, including SDCC Warden Brian Williams ("Williams"), NDOC Assistant Director Greg Cox ("Cox"), and NDOC Director Howard Skolnik ("Skolnik"). Doc. #16. Count II of Jones's Complaint names Williams, Cox, and Skolnik for "participating in, deliberate indifference to and ratifying constitutional violations and refusing to correct notwithstanding actual knowledge, duty, and opportunity to act." Doc. #16 at 28.

On December 28, 2010, the Court dismissed Jones's claims against Williams, Cox, and Skolnik with prejudice. Doc. #15 at 13. Following this dismissal, the Ninth Circuit clarified its standard for § 1983 liability for a supervisory defendant, noting that "[a] claim of unconstitutional conditions of confinement . . . may be based on a theory of deliberate indifference." *Starr v. Baca*, 652 F.3d 1202, 1206 (9th Cir. 2011). On June 4, 2014, the Court revived Jones' claims against Williams, Cox, and Skolnik, finding under *Starr* that Jones "sufficiently allege[d] a causal link between the supervisory Defendants and the claimed constitutional violation." Doc. #315 at 5.

Williams and Cox filed a Motion to Dismiss on November 19, 2014. Doc. #387. Skolnik filed a Motion to Dismiss and to Stay Further Discovery on January 28, 2015. Doc. ##414, 415. The Magistrate Judge entered her Report and Recommendation on April 8, 2015, recommending that the Court deny Defendants' Motions to Dismiss on all grounds. Doc. #423. Thereafter, Defendants filed an Objection (Doc. #425), and Jones filed a Response, urging the Court to adopt the Magistrate Judge's recommendation (Doc. #428).

**II.   Discussion**

Defendants present five grounds for dismissal: (1) Jones's failure to invoke the state's statutory sovereign immunity waiver in his Complaint; (2) Jones's failure to personally serve

2

Defendants; (3) Jones's voluntary dismissal of his claims in state court prior to removal; (4) failure to state a claim upon which relief can be granted; and (5) qualified immunity as applied to Skolnik. Doc. ##387, 414.  Defendants' Opposition bundles discussion of these arguments, noting that the "first and second bases for dismissal are closely related, as are the fourth and fifth bases for dismissal." Doc. #425 at 5.[2]

**A.  Service of Process**

The Magistrate Judge rejected Defendants' service of process arguments for three reasons: (1) Defendants' arguments regarding defective service under the Nevada Rules were entirely conclusory, and not supported by corroborating affidavits; (2) Nevada law is inapposite because federal law applies in this case; and (3) even if the Court had dismissed Jones's claims against Defendants in 2010, it would have done so without prejudice, allowing Jones to re-file his claims and serve Defendants properly.

Nevada Rule of Civil Procedure 4(I) provides that actions must be dismissed without prejudice if the plaintiff does not serve summons and complaint upon each defendant within 120 days of filing the complaint.  Federal Rule of Civil Procedure 4(m) provides that a court may order a plaintiff who has not served a defendant within 120 days of the complaint to serve process within a specified time.  In cases involving absent or defective service that have been removed from state court to federal court, "such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." 28 U.S.C. § 1448.

Federal procedural guidelines apply to a civil action after it is removed from state court. Fed. R. Civ. P. 81(c)(1).  However, "where the plaintiff has not served the defendant with process

---

[2] Because Defendants' Objection does not substantively discuss Jones's failure to invoke the State's statutory sovereign immunity waiver, the Court does not discuss this ground for dismissal in detail here. However, the Court notes that it has conducted a *de novo* review of the Magistrate Judge's recommendation, Doc. #423 at 4-7, and finds that Jones was not required to invoke the statutory sovereign immunity waiver because his § 1983 claims involve defendants in their individual capacities, rather than the state of Nevada as a sovereign.  *See Hernandez v. Palmer*, No. 58353, 2013 WL 5373516, at *2 (Nev. Sept. 19, 2013) (finding that the Nevada statutes involving sovereign immunity "necessarily do not apply to 42 U.S.C. § 1983 actions").  The Court finds *Hernandez*, an unpublished Nevada Supreme Court decision, to be persuasive.

3

prior to removal, the district court has no power to complete the service. Rather, the court must issue new process pursuant to" Federal Rule of Civil Procedure 4. *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly" under Federal Rule 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). This is a "flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Id.* (quoting *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984)). *Pro se* plaintiffs are held to a less stringent standard than those who are represented by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Defendants' central argument is that the Magistrate Judge erred in declining to grant their Motion to Dismiss based on service of process because the Magistrate Judge incorrectly found that Defendants failed to show that service of process prior to removal was defective. The Court agrees with the Magistrate Judge that Defendants' argument regarding service under the Nevada Rules is merely conclusory, and not supported by corroborating affidavits. Defendants' argument that the Court should disregard the more permissive Federal Rule 4 and § 1448, permitting completion of service following removal, similarly fails. Defendants cite a case from the Tenth Circuit, *Wallace v. Microsoft Corporation*, for the proposition that "§ 1418 cannot be utilized to breathe jurisprudential life in federal court in a case legally dead in state court." 596 F.3d 703, 707 (10th Cir. 2010) (quoting *Witherow v. Firestone Tire & Rubber Co.*, 530 F.2d 160, 168 (3d Cir. 1976)). Even if this language were to have precedential value in this circuit, it rests on the assumption that the case was legally dead in state court, which Defendants have failed to establish.

Assuming *arguendo* that service was defective, Defendants assuredly would have moved to dismiss for defective service prior to November 19, 2014, had they not been dismissed in 2010 based on the Court's pre-*Starr* interpretation of supervisory liability in § 1983 litigation. If the Court had reviewed such a motion, it would have followed the approach of other courts in this district and granted a second attempt at service prior to final dismissal. *See Johnson v. Cheryl*, No.

4

2:11-cv-0291, 2013 WL 129383, at *4 (D. Nev. Jan. 9, 2013) ("Even absent good cause, the Court may extend the time for service and may do so retroactive to the expiration of the service period."); *McCarty v. Roos*, No. 2:11-cv-1538, 2012 WL 2885174, at *2 (D. Nev. July 12, 2012) (allowing a *pro se* plaintiff a second chance to serve defendants); *see also Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) (finding that the district court had discretion "to extend the time to serve process even after the 120-day period had expired"). The Court therefore adopts the Magistrate Judge's recommendation of retroactive extension of the period of service, from its expiration date in 2010 until the dates upon which defendants were served following the District Court's Order (Doc. #315), and denies Defendants' Motion to Dismiss based on defective service.

### B. State Court Dismissal

Defendants filed a Notice of Removal to Federal Court on March 23, 2010. Doc. #1. On March 28, 2010, Jones handed a Notice of Voluntary Dismissal Pursuant to Nevada Rule of Civil Procedure 41(a) to prison officials. Doc. #7, Ex. A. This Notice was filed in state court on April 1, 2010. Doc. #387, Ex. A. Invoking the "prison mailbox rule," Defendants argue that the Notice of Voluntary Dismissal was effective when handed to the prison officials on March 28, 2010, and that Jones's claims were therefore terminated prior to removal. Doc. #425 at 14-15.

Nevada Rule of Civil Procedure 41(a)(1) provides that a plaintiff can voluntarily dismiss a claim "by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment." Voluntary dismissal under Nevada Rule 41(a)(1) is automatic when filed. *See Fed. Sav. & Loan Ins. Corp. v. Moss*, 495 P.2d 616, 618 (Nev. 1972) ("So long as plaintiff has not been served with his adversary's answer or motion for summary judgment he need do no more than file a notice of dismissal with the Clerk. That document itself closes the file."). The Ninth Circuit has found that under the prison mailbox rule, a *pro se* plaintiff's papers are filed as soon as they are delivered to prison officials. *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009). Although Nevada has adopted the prison mailbox rule, it is applied less liberally than in federal courts. For example, the Nevada Supreme Court applied the

5

prison mailbox rule to notices of appeal filed by *pro se* inmates, *Kellogg v. Journal Communications*, 835 P.2d 12, 13-14 (Nev. 1992), but has declined to extend the rule to deadlines for filing post-conviction habeas petitions, *Gonzales v. Nevada*, 53 P.3d 901, 904 (Nev. 2002).

        Defendants are correct that the Court cannot state with certainty whether the Nevada Supreme Court would apply the prison mailbox rule to Jones's Notice of Voluntary Dismissal because the Nevada Supreme Court has not considered the rule's application in this context. "In the absence of controlling precedent from the Nevada Supreme Court, this Court must use its own best judgement to predict how the state court would decide the relevant substantive issues." *Rio Props., Inc. v. Stewart Annoyances, Ltd.*, 420 F. Supp. 2d 1127, 1131 (D. Nev. 2006) (citing *Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1482 (9th Cir. 1986)). *Gonzales* distinguished *Kellogg* based on the "limited time period within which a notice of appeal must be filed, generally thirty days. In contrast, a prisoner has one year to file a post-conviction habeas petition." 53 P.3d at 903. The court declined to extend the prison mailbox rule to post-conviction habeas petitions because they did not present the same timeliness concerns as notices of appeal. *Id.* at 904. Similarly, Rule 41(a)(1) permits a plaintiff to file a voluntary dismissal "at any time" prior to the adverse party's answer or motion for summary judgment. Accordingly, analysis of Nevada Supreme Court case law leads the Court to conclude that the prison mailbox rule would not apply to a notice of voluntary dismissal.[3] The Court therefore adopts the Magistrate Judge's finding that Jones did not voluntarily dismiss his claims from state court until April 1, 2010, after removal to federal court, and denies Defendants' Motion to Dismiss based on state court dismissal.

**C. Pleading Sufficiency**

The Magistrate Judge found that the Complaint was sufficiently pleaded because, as the Court previously held, "Plaintiff detailed each Defendant's role as a direct participant in or a

---

[3] The Court notes that declining to extend the prison mailbox rule in a manner that would benefit prison officials would not comport with the rationale supporting the prison mailbox rule articulated by the Ninth Circuit. *See Douglas*, 567 F.3d at 1107 (listing rationales for the rule, such as prisoners being unable to control complaints once they are delivered to officials, lack of ability to monitor mail, and the incentive for officers to delay the filing of § 1983 suits).

supervisor of the disciplinary process and as a supervisor of their subordinate officers." Doc. #315 at 6; Doc. #423 at 14; *see* Doc. #16 at 28 ("Defendants Williams, Cox, and Skolnik are high ranking NDOC officials that directly participate in, or oversee disciplinary processes, and actions of their subordinate hearing officers.").

To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The 8(a)(2) pleading standard does not require detailed factual allegations, but a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]o be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr*, 652 F.3d at 1216. When opposing parties present competing but plausible explanations in dispositive motions, "plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6). Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im* plausible." *Id.*

Defendants argue that their alternative explanation of the events underlying Jones's claims against Defendants is so convincing that it renders Jones's version implausible. Specifically, Defendants' alternative explanation is that "Plaintiff's disciplinary hearing and subsequent adjudication of guilt had been fair, as opposed to Plaintiff's allegations that they had not been fair and that anything short of reversing or reducing the charges against Plaintiff or providing him with another disciplinary hearing is evidence that Defendants violated his rights." Doc. #425 at 17. The Court reviewed the full description of this alternative explanation, Doc. #421 at 2-8, and finds that it is not "so convincing that plaintiff's explanation is *im* plausible." *See Starr*, 652 F.3d at 1216.

Accordingly, the Court reaffirms its previous finding that Jones's claims against Defendants were adequately pleaded, and adopts the Magistrate Judge's recommendation to deny Defendants' Motion to Dismiss for failure to state a claim.

### D. Qualified Immunity

The Magistrate Judge declined to apply qualified immunity at this stage because Jones adequately alleged a violation of a constitutional right against Skolnik, and the constitutional right was clearly established. Doc. #423 at 15; *see C.B. City of Sonora*, 769 F.3d 1005, 1022 (9th Cir. 2014) ("To determine whether an individual officer is entitled to qualified immunity, we ask (1) whether the official violated a constitutional right and (2) whether the constitutional right was clearly established."). Like its argument regarding sufficiency of pleading, Defendants argue that qualified immunity is proper because "Defendants' knowledge of the facts were limited to Plaintiff's bare assertions contrasted with substantial contradictory evidence."

At the pleading stage, Jones's factual allegations must be taken as true. *Starr*, 652 F.3d at 1216. As discussed above, the Court finds that Defendants' description of the events underlying Jones's claim is not "so convincing that plaintiff's explanation is *im* plausible." *See id.* The Court therefore adopts the Magistrate Judge's recommendation to deny Skolnik's Motion to Dismiss based on qualified immunity.

### III. Conclusion

IT IS THEREFORE ORDERED that Defendants' Objections to the Magistrate Judge's Report and Recommendation (Doc. #425) are OVERRULED.

IT IS FURTHER ORDERED that the Magistrate Judge's Report and Recommendation (Doc. #423) is ADOPTED AND ACCEPTED.

IT IS FURTHER ORDERED that Cox and Williams's Motion to Dismiss and Request to Stay Discovery (Doc. #387) is DENIED.

///

///

IT IS FURTHER ORDERED that Skolnik's Motion to Dismiss (Doc. #414) is DENIED without prejudice.

IT IS FURTHER ORDERED that Skolnik's Motion to Stay Further Discovery (Doc. #415) is DENIED.

IT IS SO ORDERED.

DATED this 18th day of June, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE