UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| CHRISTOPHER A. JONES, ) | |
| ) | 3:10-cv-00162-LRH-VPC |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| HOWARD SKOLNIK, *et al.*, ) | |
| ) | |
| Defendants. ) | |

Before the Court is Defendants Brian Williams, James Cox, and Howard Skolnik's (collectively, "Defendants") Motion to Stay Order Pending Appeal. Doc. #434.[1] Plaintiff Christopher Jones ("Jones") filed an Opposition (Doc. #436), to which Defendants did not reply. Also before the Court is Jones' Motion for Order Directing an Answer. Doc. #432. Defendants filed a Response (Doc. #438), to which Jones replied (Doc. #442).

On June 18, 2015, the Court adopted the Magistrate Judge's recommendation to deny Defendants' Motion to Dismiss and Motion to Stay Further Discovery. Doc. #431. On July 2, 2015, Defendants filed a Motion to Stay Pending Appeal (Doc. #434), and on July 17, 2015, Defendants filed a Notice of Appeal with the Court (Doc. #439).

Application for an interlocutory appeal "shall not stay proceedings in the district court unless the district judge or the Court of Appeals" so orders. 28 U.S.C. § 1292(b). In determining

---

[1] Refers to the Court's docket number. Jones points out that this Motion was signed by deputy attorney general Mercedes Menendez ("Menendez") on behalf of deputy attorney general Raelene Palmer ("Palmer"). Menendez represents Defendant Schultz because the Attorney General's Office identified a conflict between Defendant Schultz and Defendant Berry. Doc. #178, Ex. A ¶4. The Court finds that Menendez's signature on behalf of Palmer is not fatal to Defendants' Motion, and notes that Defendants' Motion did not involve Defendant Schultz or Defendant Berry.

whether to grant a stay pending appeal, courts consider four factors: (1) whether the moving party has made a "strong showing" that it is likely to succeed on the merits; (2) whether the moving party will be irreparably injured absent a stay; (3) whether a stay would substantially injure the other parties interested in the proceeding; and (4) the public interest. *Golden Gate Rest. Ass'n v. City and County of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The first two of these factors are the most critical. *Nken v. Holder*, 556 U.S. 418, 434 (2009). "It is not enough that the chance of success on the merits be 'better than negligible,'" and "simply showing 'possibility of irreparable injury' fails to satisfy the second factor." *Id.* (internal citations omitted).

For the first factor, Defendants have not made a "strong showing" that they are likely to succeed on the merits on appeal. Defendants' Motion is based largely on the Court's finding that the Nevada Supreme Court likely would not extend the prison mailbox rule to voluntary dismissals. "In the absence of controlling precedent from the Nevada Supreme Court, this Court must use its own best judgement to predict how the state court would decide the relevant substantive issues." *Rio Props., Inc. v. Stewart Annoyances, Ltd.*, 420 F. Supp. 2d 1127, 1131 (D. Nev. 2006) (citing *Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1482 (9th Cir. 1986)). The Court analyzed Nevada precedent and determined that the Nevada Supreme Court would likely find that the prison mailbox rule does not apply to voluntary dismissal. The prison mailbox rule is applied less liberally in Nevada than in federal courts. The Nevada Supreme Court has applied the rule to notices of appeal filed by *pro se* inmates, *Kellogg v. Journal Communications*, 835 P.2d 12, 13-14 (Nev. 1992), but not to deadlines for filing post-conviction habeas petitions, *Gonzales v. Nevada*, 53 P.3d 901, 904 (Nev. 2002). *Gonzales* distinguished *Kellogg* based on the "limited time period within which a notice of appeal must be filed, generally thirty days. In contrast, a prisoner has one year to file a post-conviction habeas petition." 53 P.3d at 903. Similarly, Nevada Rule of Civil Procedure 41(a)(1) permits a plaintiff to file a voluntary dismissal "at any time" prior to the adverse party's answer or motion for summary judgment. The Court therefore determined that the Nevada Supreme Court would not likely extend the prison mailbox rule to voluntary dismissals under Rule 41(a). Besides referring to this as a

matter of "first impression," Defendants have not made a "strong showing" that the Ninth Circuit would be likely to reverse the Court's finding on appeal. *See Nken*, 556 U.S. at 434 ("It is not enough that the chance of success on the merits be 'better than negligible.'").

Defendants also have not made a strong showing that they are likely to succeed in challenging the Court's ruling regarding service of process. The Court applied the more permissive federal pleading standards articulated by Federal Rule of Civil Procedure 4 and 28 U.S.C. § 1448 largely because the case had been removed to federal court on March 23, 2010. Additionally, any defective service was the result of the Court's initial 2010 dismissal of Skolnik, Cox, and Williams. Jones' claim as to these Defendants was revived on June 4, 2014. Doc. #315. In its June 18, 2015, Order denying Defendants' Motion to Dismiss, the Court held that even if service had been defective, it would have used its discretion to grant a second attempt at service prior to dismissal for service of process, as is common in this District. *See Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) (finding that the district court had discretion "to extend the time to serve process even after the 120-day period had expired"); *Johnson v. Cheryl*, No. 2:11-cv-0291, 2013 WL 129383, at *4 (D. Nev. Jan. 9, 2013) ("Even absent good cause, the Court may extend the time for service and may do so retroactive to the expiration of the service period."); *McCarty v. Roos*, No. 2:11-cv-1538, 2012 WL 2885174, at *2 (D. Nev. July 12, 2012) (allowing a *pro se* plaintiff a second chance to serve defendants). Accordingly, Defendants have not established that they are likely to succeed on their argument regarding defective service on appeal.

The second factor requires Defendants to establish that they would be irreparably harmed absent a stay. Defendants argue that they would be irreparably harmed by having to engage in costly discovery and potentially trial, "all of which may be mooted by a contrary ruling from the Ninth Circuit." Doc. #434 at 3. However, this purported irreparable harm is not sufficient to convince the Court that a stay is appropriate. "[T]he required degree of irreparable harm increases as the probability of success decreases." *Golden Gate Rest. Ass'n*, 512 F.3d at 1116 (quoting *Nat. Res. Def. Council, Inc. v. Winter*, 502 F.3d 859, 862 (9th Cir. 2007)). Additionally, it is not enough to merely show the "possibility of irreparable injury." *Nken*, 556 U.S at 434. As

discussed above, Defendants have not established any likelihood of success on appeal. Thus, although Defendants would be harmed by conducting discovery and engaging in trial if the Ninth Circuit reverses the Court's Order denying their motion to dismiss, Defendants have not shown that this harm is so likely to justify a stay. *See id.* at 435 (finding that the possibility of harm standard was too lenient).

Based on the foregoing, Defendants have not established that the Court should stay its Order denying Defendants' Motion to Dismiss (Doc. #431) because Defendants have not made a strong showing that they are likely to succeed on appeal, and have not shown that they are likely to suffer irreparable harm absent a stay. Accordingly, the Court denies Defendants' Motion to Stay Pending Appeal.

### III. Conclusion

IT IS THEREFORE ORDERED that Defendants' Motion to Stay Pending Appeal (Doc. #434) is DENIED.

IT IS FURTHER THEREFORE ORDERED that Jones' Motion for Order Directing an Answer (Doc. #432) is GRANTED. Defendants Skolnik, Cox, and Williams shall file an Answer to Jones' First Amended Complaint (Doc. #16) within twenty-one (21) days of this Order.

IT IS SO ORDERED.

DATED this 22nd day of July, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE