UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| CHRISTOPHER A. JONES, ) | |
| ) | 3:10-cv-00162-LRH-VPC |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| HOWARD SKOLNIK, *et al.*, ) | |
| ) | |
| Defendants. ) | |

Before the Court is Defendants Brian Williams, James Cox, and Howard Skolnik's (collectively, "Defendants") Motion to Stay Order Pending Interlocutory Appeal. Doc. #446.[1] Plaintiff Christopher Jones ("Jones") filed an Opposition (Doc. #448), to which Defendants replied (Doc. #449).

On June 18, 2015, the Court adopted the Magistrate Judge's recommendation to deny Defendants' Motion to Dismiss and Motion to Stay Further Discovery. Doc. #431. On July 2, 2015, Defendants filed a Motion to Stay Pending Appeal (Doc. #434), and on July 17, 2015, Defendants filed a Notice of Appeal with the Court (Doc. #439). The Court denied Defendants' Motion to Stay pursuant to 28 U.S.C. § 1292(b) on July 22, 2015. Doc. #445. On August 11, 2015, Defendants filed a Motion for Stay of the Court's Order denying their Motion to Dismiss with the Ninth Circuit Court of Appeals. Doc. #446, Ex. A. This Motion was filed pursuant to the collateral order rule of 28 U.S.C. § 1291.

On August 13, 2015, Defendants filed their Motion to Hold Order Denying Motion to Stay in Abeyance while the Ninth Circuit considers Defendants' Motion to Stay pursuant to the

---

[1] Refers to the Court's docket number.

collateral order rule of 28 U.S.C. § 1291.  Defendants acknowledge that the Court's denial of the prior motion pursuant to 28 U.S.C. § 1292(b) was based on confusion created by their own legal arguments,[2] but nonetheless request abeyance of that Order.

Under the collateral order rule, the Ninth Circuit has jurisdiction to review an appeal of a district court's interlocutory order if the order "(1) conclusively determine[s] the disputed question; (2) resolve[s] an important issue completely separate from the merits of the action; and (3) is effectively unreviewable on appeal from a final judgment." *Confederated Salish v. Simonich*, 29 F.3d 1398, 1402 (9th Cir. 1994) (quotation marks omitted) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)).  Defendants' motion to stay before the Ninth Circuit argues that stay is appropriate under § 1291 because all three of these elements are met. Doc. #446, Ex. A at 6-7.

The Court finds it appropriate to hold its July 22, 2015, Order (Doc. #445) denying Defendants' Motion Stay in abeyance while the Ninth Circuit considers Defendants' motion to stay the Court's June 18, 2015, Order (Doc. #431) pursuant to 28 U.S.C. § 1291.  This action prevents any waste of resources and judicial efficiency that would arise if the case proceeded and the Ninth Circuit subsequently granted Defendants' Motion to Stay.  *See Lakeland Village Homeowners Ass'n v. Great Am. Ins. Grp.*, 727 F. Supp. 2d 887, 897 (E.D. Cal. 2010) (granting motion to stay pending interlocutory appeal due partially to the potential for waste of judicial resources).  The Court therefore grants Defendants' Motion to Hold Order [#445] Denying Stay in Abeyance (Doc. #446) pending the Ninth Circuit's decision regarding Defendants' motion to stay.

///
///
///
///
///

---

[2] Defendants' first Motion to Stay (Doc. #434) does not refer to § 1291 or § 1292(b) specifically but the arguments therein are clearly directed at a stay pursuant to § 1292(b) because the motion addresses "controlling" questions of law and "substantial ground for difference," both of which are elements of stay pursuant to § 1292(b), and not § 1291.

2

### III. Conclusion

IT IS THEREFORE ORDERED that Defendants' Motion to Hold Order [#445] Denying Stay in Abeyance (Doc. #446) pending the Ninth Circuit's decision regarding Defendants' motion to stay is GRANTED.

IT IS SO ORDERED.

DATED this 9th day of September, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE