UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISTOPHER JONES,<br><br>                       Plaintiff,<br><br>   v.<br><br>HOWARD SKOLNIK, et al.,<br><br>                       Defendants. | Case No. 3:10-cv-00162-LRH-VPC<br><br>ORDER |

Before the court is Plaintiff Christopher Jones' objections to the Magistrate Judge's Minute Order on December 12, 2016. ECF No. 552. In the at-issue order, the Magistrate Judge found that Defendants Jeremiah Schultz, Brian Williams, and Greg Cox (collectively, "Defendants") complied with the Magistrate Judge's two previous orders: ECF No. 507 and ECF No. 540. Minute Order, ECF No. 550. The Magistrate Judge also denied Jones' motion for reconsideration of the denial of Jones' earlier motion to compel. *Id.* The court now overrules Jones' objections and affirms the Magistrate Judge's order in its entirety for the reasons discussed below. The court also sets a thirty-day deadline to file dispositive motions from the date of entry of this order.

**I.     BACKGROUND**

Jones obtained the Magistrate Judge's permission to reissue a subpoena *duces tecum*. *See* ECF No. 487. Jones then caused the subpoena to be served on Sheriff Lombardo of Clark County, Nevada, at the Las Vegas Metropolitan Police Department. ECF No. 506, Ex. 1. The subpoena commanded the production of contact information from the ex-felon registry for four

1

potential witnesses to Jones' claims: (1) Kevin Smith; (2) Michael Washington; (3) Jose Alcocer; and (4) Isidro Lemus-Leon. *Id.* However, the Las Vegas Metropolitan Police Department objected to the subpoena and refused to produce the requested information, citing Nevada Revised Statute ("N.R.S") § 179C.170. *Id.* at Ex. 2.

N.R.S. Chapter 179C requires certain convicted persons to register with the sheriff or chief of police by filing a written statement. Nev. Rev. Stat. § 179C.100(4). The statement must contain particular information, including the convicted person's address. *Id.* The statute prohibits the sheriff or the chief of police from opening the written statements for inspection by the public. Nev. Rev. Stat. § 179C.170(1). However, the statute permits copies of the statements to be provided to "the head of any department of the State of Nevada engaged in the enforcement of any criminal law of [Nevada]." Nev. Rev. Stat. § 179C.170(2)(c). Despite N.R.S. § 179C.170(1) prohibiting public inspection of the written statements, Jones moved to compel Sheriff Lombardo's compliance with the subpoena. ECF No. 506. Sheriff Lombardo opposed Jones' motion. ECF No. 510.

A few days after Jones filed his motion to compel, the Magistrate Judge ordered the Nevada Attorney General's Office "to direct an investigator to review the ex-felon registry for the last known addresses for Kevin Smith and Michael Washington"—the first two witnesses named in the subpoena directed to Sheriff Lombardo. *See* Minutes of Proceedings, ECF No. 507. In a subsequent order, the Magistrate Judge also ordered the Nevada Attorney General's Office to "direct an investigator to review the ex-felon registry and provide [the last known addresses] for Jose Alcocer and Isidro Lemus-Leon"—the last two witnesses named in the subpoena directed to Sheriff Lombardo. Minute Order, ECF No. 540. Based on the Magistrate Judge's directives to the Nevada Attorney General's Office in both orders, the Magistrate Judge denied Jones' motion to compel Sheriff Lombardo's compliance with the subpoena as moot. *Id.*

Defendants filed a notice of compliance for both of the Magistrate Judge's orders. ECF Nos. 511, 542. To comply with the first and the second order, an employee of the Nevada Attorney General's Office accessed the requested information through the National Crime Information Center database and the Lexis Advance database, respectively. ECF No. 511, Ex. A;

2

ECF No. 542, Ex. A. From these searches, Defendants provided the last-known contact information for the four potential witnesses to Jones. ECF No. 511, Ex. B; ECF No. 542, Ex. B; ECF No. 543, Ex. 1; ECF No. 543, Ex. 3. Jones used the information provided by the Defendants to contact the witnesses via U.S. mail, but Jones' letters to Kevin Smith and to Isidro Lemus-Leon were returned. ECF No. 543, Ex. 2; ECF No. 543, Ex. 4.[1]

Jones then filed ECF No. 543, which included a notice of Defendants' non-compliance with the Magistrate Judge's two orders and a motion for reconsideration of the Magistrate Judge's denial of Jones' motion to compel Sheriff Lombardo's compliance with the subpoena. ECF No. 543. Defendants responded to Jones' filing, arguing that they complied with the Magistrate Judge's orders by providing the last-known contact information from a registry available to the Nevada Attorney General's Office. ECF No. 546. Defendants claimed that N.R.S. § 179C.170 prohibits access to the ex-felon registry—even access by the Nevada Attorney General for private needs in civil matters rather than for criminal purposes. *Id.* Jones, however, emphasized that the requested information had not been obtained from the ex-felon registry as required by the language in the Magistrate Judge's orders. *Id.* at 4–5. The Magistrate Judge issued a minute order on December 12, 2016, finding Defendants in compliance with both orders and denying Jones' motion for reconsideration. Minute Order, ECF No. 550.

Jones now objects to the Magistrate Judge's order. ECF No. 552. Defendants oppose Jones' objections. ECF No. 556.

Jones also moves for clarification regarding the scheduling order for dispositive motions. ECF No. 70. The Magistrate Judge stayed dispositive motions pending the resolution of Defendant Howard Skolnik's appeal. ECF No. 507, ¶ 5. The Ninth Circuit decided Skolnik's appeal on December 16, 2016, dismissing him from this case. *Jones v. Skolnik*, 671 F. App'x 560 (9th Cir. 2016), *cert denied*, No. 16-9134, 2017 WL 2080932 (U.S. June 19, 2017); ECF No. 551. This court entered a mandate adhering to the Ninth Circuit's decision on March 15, 2017. ECF No. 569. Discovery closed on May 5, 2016. *See* Minutes of Proceedings, ECF

---

[1] The letter to Kevin Smith was returned because the addressee was not known at the address and the letter could not be forwarded. ECF No. 543, Ex. 2. The letter to Isidro Lemus-Leon was returned for an insufficient address. ECF No. 543, Ex. 4. The address on the letter contains a four-digit zip code rather than a five-digit zip code. *Id.*

3

No. 465. Based on the foregoing, Defendants agree that a scheduling order addressing the dispositive motion deadline is needed. ECF No. 571.

## II. LEGAL STANDARD

A magistrate judge may decide non-dispositive pretrial matters. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The magistrate judge's order generally operates as a final determination. LR IB 1–3. But if a party timely objects to the magistrate judge's order, a district court judge must review the order and "set aside any part […] that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); LR IB 3–1(a). "Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 950 (9th Cir. 2013) (quoting *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. Cty. of Kern*, 767 F. Supp. 2d 1069, 1110-11 (E.D. Cal. 2011) (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)). However, in reviewing the order, the court applies the deferential abuse-of-discretion standard; the magistrate judge's order will be reversed only if the magistrate judge abused her broad discretion. *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007); *see also Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975) (holding a judge abuses her discretion only when her decision is contrary to law or clear error based on the evidence).

## III. DISCUSSION

Jones objects to the Magistrate Judge's order on two bases. ECF No. 552 at 2. First, Jones argues the Magistrate Judge clearly erred when finding Defendants in compliance with the two previous orders. ECF No. 552 at 2–3. Second, Jones argues the Magistrate Judge ruled contrary to law by denying the unopposed motion for reconsideration of Jones' motion to compel Sheriff Lombardo's compliance with the subpoena. ECF No. 552 at 4–6. The court discusses each argument in turn and then clarifies the deadline for dispositive motions.

///

///

**A. Clear Error**

Jones contends that the Magistrate Judge clearly erred by finding Defendants in compliance with the two previous orders because Defendants failed to use the ex-felon registry as directed by the orders. ECF No. 552 at 2–3. Defendants respond that the Nevada Attorney General's Office cannot access the ex-felon registry under the circumstances of this matter; Chapter 179C of the Nevada Revised Statutes limits the Nevada Attorney General's access to the ex-felon registry—if any access is indeed allowed—for criminal cases and criminal enforcement. ECF No. 556 at 2–3.

The Magistrate Judge did not commit clear error by finding Defendants complied with the previous orders because Defendants provided the requested information by using databases readily available to the Nevada Attorney General's Office. Both orders required the Nevada Attorney General's Office "to direct an investigator to review the ex-felon registry for the last known addresses" of witnesses that Jones seeks for support of his underlying claims. The Nevada Attorney General's Office instead accessed the requested information via the National Crime Information Center database or the Lexis Advance database. These searches revealed the last-known addresses of the four witnesses that Jones identified in the subpoena, which is the information the Magistrate Judge ordered the Nevada Attorney General's to provide.[2] Accordingly, the Magistrate Judge found Defendants in compliance with the two previous orders despite the use of databases different from that identified in the orders. Because Defendants provided the last-known addresses to Jones as required by the two previous orders, the Magistrate Judge did not commit clear error—and therefore did not abuse her discretion—by finding that Defendants' actions complied with the orders despite the use of different databases.[3]

---

[2] Jones cites to *United States v. Anglin*, 215 F.3d 1064, 1067 (9th Cir. 2000) for the proposition that he "should be able to rely on the court's specific language." ECF No. 552 at 2. Jones quotes from *Anglin*: "In this circuit we place a premium on a defendant's ability to trust a district court's statements." *Id.* However, the quote references the premium placed on a defendant's ability to trust a district court's statements about the defendant's *right to appeal. See Anglin*, 215 F.3d at 1067. Here, the Magistrate Judge's statements regarded discovery. Further, the requested discovery was provided to Jones, albeit from a different database than specified in the court order. *Anglin*, therefore, is not on point.

[3] Because the Magistrate Judge did not abuse her discretion in finding that Defendants' search methods complied with the two previous orders, the court does not address whether the Nevada Attorney General's Office can access the ex-felon registry in civil matters.

5

**B. Contrary to Law**

Jones next contends that the Magistrate Judge decided the motion for reconsideration contrary to law. ECF No. 552 at 4–6. Specifically, Jones argues that Local Rule 7–2(d) required the Magistrate Judge to grant the motion for reconsideration because Sheriff Lombardo failed to oppose the motion. ECF No. 522 at 4. Local Rule 7–2(d) states: "The failure of an opposing party to file points and authorities in response to any motion […] constitutes a consent to the granting of the motion."

Jones' argument fails because Jones did not satisfy the standard required for a motion for reconsideration. In bringing a motion for reconsideration, the moving party must (1) present newly discovered evidence, (2) demonstrate clear error or manifest injustice, or (3) show an intervening change in controlling law. *Nunes v. Ashcroft*, 375 F.3d 805, 807–08 (9th Cir. 2004).

Jones did not present newly discovered evidence; Jones did not demonstrate clear error in the Magistrate Judge's order denying the motion to compel; and Jones did not show an intervening change in controlling law. Jones instead relied on the premise that the requested contact information had not been provided to him since the information was derived from different databases than that specified in the two previous orders. For the reasons discussed in Section A above, this premise fails. Because Jones did not satisfy the standard required for a motion for reconsideration, the Magistrate Judge did not deny Jones' motion for reconsideration contrary to law despite the motion being unopposed. The Magistrate Judge, therefore, did not abuse her discretion.

**C. Clarification of Dispositive Motion Deadline**

In light of Jones' objections to the Magistrate Judge's order and the Ninth Circuit's decision resulting in the dismissal of Defendant Skolnik, Jones and Defendants agree that the matter requires an updated deadline for the filing of dispositive motions. ECF Nos. 570, 571.

Given the timing of this decision and the Ninth Circuit's dismissal of Skolnik, the court now sets a thirty-day deadline for the filing of dispositive motions from the date of entry of this order.

///

**IV. CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff Christopher Jones' objections (ECF No. 552) to the Magistrate Judge's order is **OVERRULED.**

IT IS FURTHER ORDERED that the Magistrate Judge's order (ECF No. 550) is **AFFIRMED.**

IT IS FURTHER ORDERED that the deadline for the parties to file dispositive motions is thirty days from the date of entry of this order.

IT IS FURTHER ORDERED that the Plaintiff Christopher Jones' Motion for Status Check (ECF No. 595) is **DISMISSED AS MOOT.**

IT IS SO ORDERED.

DATED this 25th day of August 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE