**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CHRISTOPHER A. JONES,

    Plaintiff,

  v.

HOWARD SKOLNIK, et al.,

    Defendants.

3:10-cv-00162-LRH-VPC

**ORDER**

Before the court is the plaintiff's motion for reconsideration (ECF No. 592) of this court's July 13, 2017 order denying plaintiff's motion for substitution (ECF No. 591). Defendants opposed (ECF No. 593), and plaintiff replied (ECF No. 594). For the reasons articulated below, the court denies plaintiff's motion for reconsideration.

**I.**    **Background and Procedural History**

Christopher Jones ("plaintiff"), is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), and is currently housed at the Northern Nevada Correctional Center in Carson City, Nevada. Pursuant to 42 U.S.C. § 1983, plaintiff brings this action alleging violations of due process and excessive force. (*See* ECF No. 16.) On December 16, 2016, defendant Howard Skolnik, was dismissed from this action by the Ninth Circuit on the basis of qualified immunity. (ECF No. 551.) On February 17, 2017, plaintiff filed a motion for request to take notice of automatic substitution of current NDOC Director, James Dzurenda, for Former NDOC Director, Howard Skolnik, pursuant to Federal Rule of Civil Procedure 25(d) (ECF No. 566). On March 15, 2017, the District Court issued an order on the Ninth Circuit mandate stating that Skolnik was dismissed as a defendant in this action. (ECF No. 569.) Based on the dismissal of Skolnik from this action, this

court denied plaintiff's motion for substitution. (ECF No. 591.)

On July 25, 2017, plaintiff filed his motion for reconsideration arguing that the court "overlooked the binding and controlling authority that clearly demonstrates that qualified immunity does not extinguish prospective injunctive relief directed at the 'office.' Thus, Skolnik's dismissal is irrelevant to have any impact upon FRCP 25(d)…." (ECF No. 592 at 3.) On August 9, 2017, defendants filed their opposition to the motion (ECF No. 593), and plaintiff replied (ECF No. 594).

## II.  Legal Standard

The Federal Rules of Civil Procedure do not contemplate reconsideration of interlocutory orders. *See, e.g.,* Fed. R. Civ. P. 60(b) (specifying that this rule only applies to "a final judgment, order, or proceeding"). However, a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient" so long as it has jurisdiction. *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001).

Therefore, a motion to reconsider must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration may be appropriate if (1) the court is presented with newly discovered evidence, (2) has committed clear error, or (3) there has been an intervening change in controlling law. *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS*, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration is properly denied where it presents no new arguments. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). However, it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc.*, 229 F.3d at 890. As the case law indicates, motions to reconsider are granted rarely. *See, e.g., School Dist. No. 1J*, 5 F.3d at 1263.

## III.  Discussion

Local Rule 59-1 addresses motions for reconsideration and states:

**(a)** Motions seeking reconsideration of case-dispositive orders are governed by Fed. R. Civ. P. 59 or 60, as applicable. A party seeking reconsideration under this rule must state with particularity the points of law or fact that the court has overlooked or misunderstood. Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity. The court possesses the inherent power to reconsider an interlocutory order for cause, so long as the court retains jurisdiction. Reconsideration also may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.

**(b)** Motions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions.

Defendants contend that plaintiff's motion should be denied because plaintiff has offered no newly discovered evidence, the court did not commit clear error, nor was the decision manifestly unjust, and there is no intervening change in controlling law. The court agrees.

Plaintiff contends that this court committed clear error by denying the motion for substitution because he claims that Skolnik's dismissal based on qualified immunity applied only to claims for monetary damages and not to claims for injunctive relief. (ECF No. 592.) While the court agrees that ordinarily, qualified immunity does not extinguish claims for injunctive relief, here it appears that the Ninth Circuit's order effectively dismissed all claims against Skolnik. Therefore, because no claims for relief against Skolnik—monetary, injunctive, or otherwise—exist in this case, no substitution can be made.

**IV. Conclusion**

For the reasons articulated above, the court denies plaintiff's motion for reconsideration (ECF No. 592).

**IT IS SO ORDERED.**

**DATED:** August 30, 2017.

_____
**UNITED STATES MAGISTRATE JUDGE**